**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| REJI SAMUEL, ATHA MOHAMMAD ABDUL, KESAVARAO BUNDANKAYALA, RAJU DIVAKARAN, BIJU PERUMPILLY GEORGE, KRISHNA GONTHINA, NAYAPPULLI JAYACHANDRAN, GALLA VENKATA RAMA KRISHNA, SAMUEL JOSE KUMRUMTHODATHIL, LOHITHAKSHAN MADAMPET, JOHNY MANDY MATHAI, BELTHAZAR PETER, MOHANAN BALAKRISHNA PILLAI, SANTHOSH KUMAR RAJENDRAN PILLAI, ABY KARICKATHARA RAJU, SUMESH PORAMBATHUPARAMBIL SUBRAMANIAN, and CHANDRAN SHAJU THANISSERY,<br><br>    Plaintiffs,<br><br>v.<br><br>SIGNAL INTERNATIONAL L.L.C., SIGNAL INTERNATIONAL, INC., SIGNAL INTERNATIONAL TEXAS, G.P., SIGNAL INTERNATIONAL TEXAS, L.P., MALVERN C. BURNETT, GULF COAST IMMIGRATION LAW CENTER, L.L.C., LAW OFFICES OF MALVERN C. BURNETT, A.P.C., GLOBAL RESOURCES, INC., MICHAEL POL, SACHIN DEWAN, and DEWAN CONSULTANTS PVT. LTD. (a/k/a MEDTECH CONSULTANTS),<br><br>    Defendants. | CIV. NO. 1:13-cv-00323 |

**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO MOTION OF SIGNAL
DEFENDANTS PURSUANT TO FIRST-FILED RULE TO TRANSFER ACTION**

| | |
|---|---|
| KILPATRICK TOWNSEND &<br>  STOCKTON, LLP<br>1100 Peachtree Street, Suite 2800<br>Atlanta, GA 30309-4528<br>Telephone: (404) 815-6500<br>Facsimile: (404)-815-6555<br>bboice@kilpatricktownsend.com<br>bcorgan@kilpatricktownsend.com<br>spangborn@kilpatrickstockton.com<br>hheindel@kilpatricktownsend.com | William H. Boice<br>Georgia Bar No. 065725<br>Brian G. Corgan (*Admitted Pro Hac Vice*)<br>Georgia Bar No. 187700<br>Susan Pangborn (*Admitted Pro Hac Vice*)<br>Georgia Bar No. 735027<br>California Bar No. 282533<br>Heather L. Heindel (*Admitted Pro Hac Vice*)<br>Georgia Bar No. 285204<br>Attorneys for Plaintiffs |

The Signal Defendants raise for the first time in their Reply, a new argument that 28 U.S.C. § 1404(a) factors should not be considered by this Court, arguing that the § 1404(a) factors only apply to the first-filed court in deciding whether to transfer an action. There are two problems with the Signal Defendants' argument: (1) This action is the first-filed and (2) The Signal Defendants filed no motion in the Eastern District of Louisiana, where they seek transfer to, raising the issues they have raised here. The § 1404 factors are clearly relevant to the question of where this case is heard and this is the only Court considering those issues.

The Eastern District of Texas is the first-filed court and there is no second-filed action. Plaintiffs have filed this action, as individuals, after the Signal Defendants and others successfully fought class certification of certain of Plaintiffs' claims raised here in the Eastern District of Louisiana. The Signal Defendants have not filed litigation against these individual Plaintiffs in another court. These individual Plaintiffs have filed opt-ins to protect their FLSA claims in *David*, as discussed at length in Plaintiff's Opposition. Pl's. Resp. in Opp'n. to Mot. of Signal Defs. Pursuant to First-Filed Rule to Transf. Action 9-10, ECF No. 21. But otherwise, Plaintiffs have no claims pending against the Signal Defendants outside of this action. Furthermore, if the Signal Defendants truly believed that a first-filed case existed, they could have filed a motion in the Eastern District of Louisiana to enjoin the prosecution of the Plaintiffs' action. The fact that they have not done so speaks volumes as to the Signal Defendants' belief that the Eastern District of Louisiana would not consider this action to significantly overlap with the action in the Eastern District of Louisiana. To hold otherwise would upset the natural result of the denial of class certification – that individuals wishing to pursue their claims must assert and prove individual claims – which is exactly how Plaintiffs ended up here in the Eastern District of Texas.

In its Reply, the Signal Defendants for the first time argue that the Court should disregard the first-filed balance of convenience factors, the so-called § 1404(a) factors. Reply Mem. of Signal Defs. Concerning Signal's Mot. for Transf. Pursuant to First-Filed Rule 4, ECF No. 23. In essence, Signal is requesting the Court blindly transfer this case without even considering why it was filed here in the first place. It is important to note that the Signal Defendants first submitted the consideration of equitable factors for transfer to this Court. Mot. of Signal Defs. Pursuant to First-Filed Rule to Transfer Action 3-5, ECF No. 12. The balance of convenience factors are further equitable factors to be considered in determining whether transfer should occur in the interests of justice, and demonstrate that the interests of justice are best served by this Court retaining jurisdiction of this action because it is not only the most convenient forum for the parties and witnesses, but also because it is the *only* forum where the action is pending.

The Court should deny Signal's Motion to Transfer and retain jurisdiction of this case. Signal, "oppos[ed] certification…as to any claim in any form" in *David*, but now – faced with the prospect of defending the resulting individual cases – requests that the Court transfer venue the very court it fought to keep Plaintiffs out of. The first-to-file rule does not apply to the facts of this case – the Signal Defendants' Reply does not alter these truths. None of the requisites of the rule has been established. Moreover, the parties, issues, equities and traditional § 1404 factors weigh in favor of this district retaining jurisdiction. The majority of the harm occurred within the district, involved residents and witnesses present in the district, and human trafficking is an issue of paramount importance to this district. The result Signal requests is not warranted by the facts or the law and its Motion to Transfer should be denied.

-3-

DATED:  September 3, 2013.

| | |
|---|---|
| KILPATRICK TOWNSEND &<br>    STOCKTON, LLP<br>1100 Peachtree Street, Suite 2800<br>Atlanta, GA 30309-4528<br>Telephone:  (404) 815-6500<br>Facsimile:  (404)-815-6555<br>bboice@kilpatricktownsend.com<br>bcorgan@kilpatricktownsend.com<br>spangborn@kilpatrickstockton.com<br>hheindel@kilpatricktownsend.com | By:    s/ William H. Boice<br>William H. Boice<br>Georgia Bar No. 065725<br>Brian G. Corgan (*Admitted Pro Hac Vice*)<br>Georgia Bar No. 187700<br>Susan Pangborn (*Admitted Pro Hac Vice*)<br>Georgia Bar No. 735027<br>California Bar No. 282533<br>Heather L. Heindel (*Admitted Pro Hac Vice*)<br>Georgia Bar No. 285204<br><br>Attorneys for Plaintiffs |

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2013, **I electronically filed the foregoing PLAINTIFFS' SUR-REPLY IN OPPOSITION TO MOTION OF SIGNAL DEFENDANTS PURSUANT TO FIRST-FILED RULE TO TRANSFER ACTION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participant:

>Jonathan Marc Herman
>jherman@midrid.com
>*Counsel for Signal International L.L.C., Signal International, Inc., Signal International Texas, G.P., Signal International Texas, L.P.*

I further certify that on September 3, 2013, I served a true and correct copy of the foregoing document upon the below-named Defendants by depositing a copy of same in the U.S. Mail, with sufficient postage thereon to insure delivery, and properly addressed as follows:

>Gulf Coast Immigration Law Center, L.L.C.
>c/o Malvern C. Burnett
>1523 Polymnia
>New Orleans, LA 70130

>Law Offices of Malvern C. Burnett, A.P.C.
>c/o Malvern C. Burnett
>1523 Polymnia
>New Orleans, LA 70130

>Michael Pol
>10085 Doris Deno Avenue
>D'Iberville, MS 39532

>Global Resources, Inc.
>c/o Michael Pol
>10085 Doris Deno Avenue
>D'Iberville, MS 39532

>Malvern C. Burnett
>1523 Polymnia
>New Orleans, LA 70130

-2-

I further certify that on September 3, 2013, I served a true and correct copy of the foregoing document upon the below named Defendants by forwarding a copy to them via International Mail, with sufficient postage thereon to insure delivery, and properly addressed as follows:

    Sachin Dewan
    Dewan Consultants Pvt. Ltd.
    708, Sagar Tech Plaza
    Andheri Kurla Road
    Sakinaka Junction, Andheri (E)
    Mumbai 400 072, India

    Dewan Consultants
    Dewan Consultants Pvt. Ltd.
    708, Sagar Tech Plaza
    Andheri Kurla Road
    Sakinaka Junction, Andheri (E)
    Mumbai 400 072, India

By:   s/ William H. Boice

KILPATRICK TOWNSEND &
   STOCKTON, LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528
Telephone: (404) 815-6500
Facsimile: (404)-815-6555
bboice@kilpatricktownsend.com

William H. Boice
Georgia Bar No. 065725

Attorney for Plaintiffs