Exhibit 1

STATE OF LOUISIANA

PARISH OF ORLEANS

### AFFIDAVIT OF MALVERN BURNETT

Before Me, Notary Public, personally came and appeared MALVERN BURNETT, a person of the full age of majority and a resident of and domiciled in the Parish of Orleans, state of Louisiana, who after being sworn did depose and say that:

1. He is a citizen of the state of Louisiana, being domiciled and residing in the Parish of Orleans.

2. He is licensed to practice law and practices immigration law in the state of Louisiana and the state of Mississippi, with an office in the Parish of Orleans and the county of Jackson, state of Mississippi.

3. He maintains no office or presence of any kind in the state of Texas, and other than occasional telephonic participation in hearings conduced by immigration courts in Texas, he does not and has not ever practiced law in the state of Texas.

4. Except for those occasional telephonic participation in hearings conduced by immigration courts in Texas, he does not and has not ever conducted any business in the state of Texas.

5. He does not and has not ever represented any clients who were domiciled in or with a principal business establishment in Texas.

6. The only client he has ever represented that had a presence in Texas was Signal International, LLC, but whose principal business office, to the best of his information and belief, was located in the state of Mississippi.

7. He does not own any property or any interest in any property in the state of Texas.

8. He does not have any interest in any business, enterprise, venture, or other entity in the state of Texas.

9. He does not have any contact with the state of Texas, except for the occasional trip that takes him through different airports within the state of Texas.

10. The legal work that he performed on behalf of Signal International, LLC, involving the immigration status of non-immigrant workers from India, was performed primarily, if not exclusively, out of his office in Louisiana, and to some extent while physically present in India and the United Arab Emirates.

11. To the best of his knowledge, recollection, and belief, he only visited the Texas facility of Signal International, LLC, once, which was sometime in early 2007, prior to the time when Signal closed its Texas facility and transferred all Indian, non-immigrant workers, to its facility in Mississippi. Although there is a remote possibility that there was a second trip, similar to the first, to the best of his recollection and belief, he only traveled once to the Signal facility in Texas.

12. To the best of his knowledge, recollection, and belief, the visit (or visits, if there were two such visits) was a casual one, being more of a courtesy call in response to a request by Signal to generally discuss with the Texas plant manager the overall status and employment of the non-immigrant workers who had been initially deployed to Signal's facility in Texas.

13. The visit, (or visits, if there were two such visits), lasted less than an hour.

14. No agreements were signed or discussed, no records were reviewed or discussed, and no business was conducted at this visit (or visits, if there were two such visits).

15. No further work or assignments resulted from this visit (or visits, if there were two such visits).

16. He received no compensation or remuneration of any kind for this visit (or visits, if there were two such visits), and paid for all of his own travel expenses.

17. To the best of his recollections he did not make any presentations to either Signal

-2-

personnel or any of the Indian, non-immigrant workers.

18. His private law corporation, The Law Office of Malvern Burnett, APC, a corporation organized under the laws of the state of Louisiana, has been inactive since 2008, and has had no clients and conducted no business whatsoever since then.

19. His private law corporation, The Law Office of Malvern Burnett, APC, has never had any clients or conducted any legal work for any clients in the State of Texas.

20. His private law corporation, The Law Office of Malvern Burnett, APC, is not and has not been authorized to conduct any business in the state of Texas.

21. His private law corporation, The Law Office of Malvern Burnett, APC does not own any property or any interest in any property in the state of Texas.

22. His private law corporation, The Law Office of Malvern Burnett, APC does not have any interest in any business, enterprise, venture, or other entity in the state of Texas.

23. His private law corporation, The Law Office of Malvern Burnett, APC does not have any contact with the state of Texas.

24 Gulf Coast Immigration Law Center, LLC, a limited liability company organized under the laws of the state of Louisiana, has been inactive since 2008, and has had no clients and conducted no business whatsoever since then.

19. Gulf Coast Immigration Law Center, LLC, has never had any clients or conducted any legal work for any clients in the State of Texas.

20. Gulf Coast Immigration Law Center, LLC is not authorized to and has not conducted any business in the state of Texas.

21. Gulf Coast Immigration Law Center, LLC does not own any property or any interest in any property in the state of Texas.

22. Gulf Coast Immigration Law Center, LLC does not have any interest in any

business, enterprise, venture, or other entity in the state of Texas.

23.     Gulf Coast Immigration Law Center, LLC does not have any contact with the state of Texas.

24.     At no time did he ever purposefully avail himself, or his private law corporation, or limited liability company of any privileges or advantages of the laws of the state of Texas in anything to do with his practice of immigration law, the work he performed for Signal, and/or his representation of the Indian, non-immigrant workers who immigrated from India.

25.     All of the above is true and correct to the best of his knowledge, information and belief.

Malvern Burnett

SWORN TO AND SUBSCRIBED
BEFORE ME, NOTARY PUBLIC,
THIS 2/ DAY OF AUGUST, 2013.

Timothy W. Cernigha (La.Bar # 03964)
Texas Bar # 00789930

-4-