# EXHIBIT A

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.**<br>    Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1220** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    Defendants | **SECTION "E"** |

**Related Case:**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **No. 12-557** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    Defendants | **SECTION "E"** |

**Applies To:** *David et al. v. Signal International et al.* **(08-1220)**

## ORDER AND REASONS

Before the Court is a motion to toll the statutes of limitations of putative class members for various claims filed by Plaintiffs.[1] Defendant Signal opposes the motion.[2]

For the following reasons, the motion is **GRANTED.**

## BACKGROUND

Plaintiffs have filed a motion requesting that the Court order the tolling of the statutes of limitations with respect to those individuals who would have been represented

---

[1] R. Doc. 1197.

[2] R. Doc. 1202.

1

by the class representatives identified in the caption to these proceedings if a class had been certified ("the putative class members").[3]  This motion seeks tolling with respect to the federal statutory claims to be tried in this case, namely claims pursuant to the Trafficking Victims Protection Act of 2003 ("TVPRA"), the Racketeer Influenced and Corrupt Organization Act ("RICO"), the Ku Klux Klan Act of 1871, and discrimination claims pursuant to the Civil Rights Act of 1866 (Section 1981), as well as their state law tort and contract claims.[4]

The statutes of limitations were tolled from the filing of the class action complaint on March 7, 2008 until at least February 3, 2012, the deadline for Plaintiffs to file an appeal from Judge Zainey's Order and Reasons denying class certification.[5] *See American Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974); *Taylor v. UPS, Inc.*, 554 F.3d 510, 520 (5th Cir. 2008) (determining that *American Pipe* tolling continues until the judgment in the case becomes final or until 'a final adverse determination' is made... [I]f no appeal is taken, the judgment becomes final when the time of appeal ends."); *Cf. Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 350 (1983) ("the filing of a class action ... permits all members of the putative class to file individual actions in the event that class certification is denied, provided, of course, that those actions are instituted within the time that remains on the limitations period."). Plaintiffs now seek additional tolling.

---

[3]R. Doc. 1197.

[4]The state law claims for fraud, negligent misrepresentation, and breach of contract were tolled an additional 120 days to May 3, 2012 by Order of Judge Zainey dated January 20, 2011 (R.Doc. 982). 1, pp. 5-6.

[5]R. Doc. 1117.

## ANALYSIS

District courts have the discretion to exercise their equitable powers to suspend the running of a limitations period. *See Braun v. Sauerwein*, 77 U.S. 218 (1870); *Burnett v. New York Central R. Co.*, 380 U.S. 424 (1965). Courts may exercise their discretion to use equitable tolling to conform with the "policy underlying [the] statute of limitations." *Am. Trucking Ass'ns v. Smith*, 496 U.S. 167, 188 (1990) (quoting *Burnett v. New York Central R. R. Co.*, 380 U.S. at 434). Equitable tolling is "read into every federal statute of limitation." *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946). "The mere fact that a federal statute providing for substantive liability also sets a time limitation upon the institution of suit does not restrict the power of the federal courts to hold that the statute of limitations is tolled under certain circumstances not inconsistent with the legislative purpose." *American Pipe & Const. Co. v. Utah*, 414 U.S. at 559.

Statutes of limitations "promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Order of Railroad Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 348-349 (1994). In this case, Plaintiffs seek tolling to assure that the rights of the putative class members to prosecute their individual claims will not be prejudiced.[6] The Court finds that the putative class member's potential claims have not been allowed to "slumber" in a way that would mandate denial of their request for tolling. Considering the size of the putative class, the language barriers that exist, and the fact that the members reside throughout the United States and abroad, equitable tolling is appropriate. The tolling granted herein will not result in substantial hardship or prejudice

---

[6]R. Doc. 1197.

3

to the Defendants under the circumstances of this case.

## CONCLUSION

Accordingly, **IT IS ORDERED** that the Motion to Toll Statutes of Limitations is granted. The statutes of limitations are tolled through the date of this Order.

**New Orleans, Louisiana, this 28th day of August, 2013.**

                                                _____
                                                         **SUSIE MORGAN**
                                      **UNITED STATES DISTRICT JUDGE**