**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| REJI SAMUEL, ATHA MOHAMMAD ABDUL, KESAVARAO BUNDANKAYALA, RAJU DIVAKARAN, BIJU PERUMPILLY GEORGE, KRISHNA GONTHINA, NAYAPPULLI JAYACHANDRAN, GALLA VENKATA RAMA KRISHNA, SAMUEL JOSE KUMRUMTHODATHIL, LOHITHAKSHAN MADAMPET, JOHNY MANDY MATHAI, BELTHAZAR PETER, MOHANAN BALAKRISHNA PILLAI, SANTHOSH KUMAR RAJENDRAN PILLAI, ABY KARICKATHARA RAJU, SUMESH PORAMBATHUPARAMBIL SUBRAMANIAN, and CHANDRAN SHAJU THANISSERY,<br><br>        Plaintiffs,<br><br>v.<br><br>SIGNAL INTERNATIONAL L.L.C., SIGNAL INTERNATIONAL, INC., SIGNAL INTERNATIONAL TEXAS, G.P., SIGNAL INTERNATIONAL TEXAS, L.P., MALVERN C. BURNETT, GULF COAST IMMIGRATION LAW CENTER, L.L.C., LAW OFFICES OF MALVERN C. BURNETT, A.P.C., GLOBAL RESOURCES, INC., MICHAEL POL, SACHIN DEWAN, and DEWAN CONSULTANTS PVT. LTD. (a/k/a MEDTECH CONSULTANTS),<br><br>        Defendants. | CIV. NO. 1:13-cv-00323 |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION OF MALVERN C. BURNETT, LAW OFFICES OF MALVERN C. BURNETT, A.P.C., AND THE GULF COAST IMMIGRATION LAW CENTER TO TRANSFER VENUE**

KILPATRICK TOWNSEND &
   STOCKTON, LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528
Telephone: (404) 815-6500
Facsimile: (404)-815-6555
bboice@kilpatricktownsend.com
bcorgan@kilpatricktownsend.com
spangborn@kilpatrickstockton.com
hheindel@kilpatricktownsend.com

William H. Boice
Georgia Bar No. 065725
Brian G. Corgan (*Admitted Pro Hac Vice*)
Georgia Bar No. 187700
Susan Pangborn (*Admitted Pro Hac Vice*)
Georgia Bar No. 735027
California Bar No. 282533
Heather L. Heindel (*Admitted Pro Hac Vice*)
Georgia Bar No. 285204
Attorneys for Plaintiffs

## **TABLE OF CONTENTS**

I. Introduction ................................................................................................................. 1

II. Brief Statement of Facts ............................................................................................. 2

    A. Burnett Trafficked Plaintiffs into Texas in Violation of Federal and Texas Law. ................................................................................................................. 2

    B. Plaintiffs Filed Individual Actions in the Eastern District of Texas, the District Into Which They Were Trafficked, After Signal Defeated Class Certification in the Eastern District of Louisiana. ............................................. 3

III. Legal Argument ......................................................................................................... 4

        (i) Jurisdiction is Proper in the Eastern District of Texas ............................... 4

        (ii) There is No Substantial Overlap of Parties. ............................................... 5

        (iii) There is No Substantial Overlap of the Claims. ........................................ 6

    B. The Eastern District of Texas is the More Advantageous and Appropriate Venue and Has an Interest in Resolving the Dispute ............................................. 7

IV. Conclusion ............................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Cases**

*Amalgamated Gadget, L.P. v. Healthsouth Corp.*
   No. 4:04-CV-198-A 2004 WL 1283949 (N.D. Tex. June 9, 2004) ............................................ 9

*Angotti v. Rexam*, *Inc.*,
   No. C 05-5264, 2006 WL 335284 (N.D. Cal. Feb. 14, 2006) ..................................................... 6

*Buckalew v. Celanese Ltd.*,
   No. G-05-315, 2005 WL 2266619 (S.D. Tex. Sept. 16, 2005) ................................................ 5, 6

*Cadle Co. v. Whataburger of Alice, Inc.*,
   174 F.3d 599 (5th Cir. 1999) ..................................................................................................... 4

*David v. Signal Int'l*,
   Case No. 08-cv-1220, 2012 U.S. Dist. Lexis 114247 (Jan. 3, 2012) ............ 1, 3, 4, 5, 6, 7, 9, 10

*Dubee v. P.F. Chang's China Bistro*,
   No. 10-cv-01937, 2010 WL 3323808 (N.D. Cal. Aug. 23, 2010) .............................................. 5

*Garmin LTD. v. TomTom, Inc.*,
   No. 2:06CV338, 2007 WL 708587 (E.D. Tex. Mar. 5, 2007) .................................................... 5

*Homoki v. Conversion Services, Inc.*,
   488 Fed. Appx. 848, 2012 WL 4040228 (5th Cir. Sept. 13, 2012) ............................................ 7

*In re Volkswagen of Am.*,
   545 F.3d 304 (5th Cir. 2008) ................................................................................................. 8, 9

*International Fidelity Ins. Co. v. Sweet Little Mexico Corp.*,
   665 F.3d 671 (5th Cir. 2011) ..................................................................................................... 7

*Jones v. Xerox Commercial Solutions, LLC*,
   No. H-13-0650, 2013 WL 3245957 (S.D. Tex. June 26, 2013) ............................................. 4, 5

*Koehring Co. v. Hyde Constr. Co.*,
   324 F.2d 295 (5th Cir. 1964) ................................................................................................... 11

*Morris v. Ernst & Young, LLP*,
   No. 12 CV 0838, 2012 WL 3964744 (S.D.N.Y. Sept. 11, 2012) ............................................... 8

*Multi-Shot, LLC v. B & T Rentals, Inc.*,
   No. H-09-3282, 2010 WL 376373 (S.D. Tex. Jan. 26, 2010) ........................................... 4, 6, 8

*Murrell v. Casterline*,
   No. 1:10cv794, 2011 WL 2600600 (E.D. Tex. June 29, 2011) .............................................. 5, 7

*Ross v. U.S. Bank Nat. Ass'n*,
   542 F. Supp. 2d, 1014 (N.D. Cal. 2008) .................................................................................... 5

*Sanofi-Aventis Deutschland v. Novo Nordisk, Inc.*,
   614 F. Supp. 2d 772 (E.D. Tex. 2009) .................................................................................. 8

*Smith v. Bayer Corp.*,
   131 S. Ct. 2368 (2011) ........................................................................................................ 6

*Walker v. Honghua America, LLC*,
   870 F.Supp.2d 462 (S.D. Tex. 2012) ................................................................................... 3

*West Gulf Maritime Assn. v. ILA Deep Sea Local 24, South Atlantic and
   Gulf Coast District of the ILA: AFL-CIO*,
   751 F.2d 721 (5th Cir. 1985) ............................................................................................... 6

**Rules**

Fed. R. Civ. P. 26(f) ...................................................................................................................... 9

Fed. R. Civ. P. 45(c)(3) ................................................................................................................. 9

Local Rule CV-7(h) ....................................................................................................................... 2

Local Rule CV-7(i) ........................................................................................................................ 2

**Other Authorities**

Human Trafficking in Texas, A Report of the Texas Advisory Committee to the United States
   Commission on Civil Rights (August 2011),  http://www.usccr.gov/pubs/TX_HT_Report--
   ver%2050--FINAL.pdf ...................................................................................................... 10

Texas Human Trafficking Prevention Task Force Report 2011,
   https://www.oag.state.tx.us/AG_Publications/pdfs/human_trafficking.pdf ............................ 10

I.     **Introduction**

In concert with their codefendant and joint-tortfeasor Signal[1], Burnett[2] now seeks to remove this action back to New Orleans, complaining of the inconvenience to which they would be subject defending their illicit trafficking of Indian nationals to the United States under false pretenses to be forced into involuntary servitude. The first-to-file rule does not apply to this case because the *David* case and this action do not completely overlap, and this is the more advantageous and appropriate forum to hear this case. Plaintiffs, former putative class members in *David v. Signal Int'l, LLC*, No. 08-CV-1220 (E.D. La.), were required to obtain individual counsel and file individual claims after Signal LLC[3] successfully fought class certification in *David*. Signal LLC argued that the class for which certification was sought required individual proof. The court agreed and denied the motion for class certification. In direct response, Plaintiffs have now filed their individual actions in the Eastern District of Texas where the harm occurred.

Burnett argues that this case should be transferred to the Eastern District of Louisiana because (1) the first-to-file rule applies; and (2) they will be inconvenienced by having to participate in more than one lawsuit. *See generally* Burnett Mot. Transf., ECF 39. Transfer is not warranted because:

- The first-to-file doctrine does not apply in cases like this, where class certification was denied and individual suits follow;

- There is no substantial overlap of the parties – both the plaintiffs and defendants vary widely between *David* and this action; and,

- There is no substantial overlap of the issues.

---

[1] "Signal" refers collectively to Signal International, LLC, Signal International, Inc., Signal International Texas, G.P., and Signal International Texas, L.P.
[2] "Burnett" refers collectively to Malvern C. Burnett, Gulf Coast Immigration Law Center, L.L.C., and Law Offices of Malvern C. Burnett.
[3] "Signal LLC" refers to Signal International, LLC, the sole Signal entity named in the *David* lawsuit.

Burnett's Motion to Transfer[4] also fails when examining the balance of conveniences, which favors strongly the Eastern District of Texas. Burnett brought Plaintiffs to Texas to work under false pretenses, subjected them to horrific living conditions in Texas, and discriminated against them in Texas. The Court should deny Burnett's Motion to Transfer because Burnett has not, and cannot, meet its burden.

## II.     Brief Statement of Facts

### A.     Burnett Trafficked Plaintiffs into Texas in Violation of Federal and Texas Law.

Burnett is an attorney operating in Louisiana and Missisippi and residing in New Orleans, Louisiana and his alter egos, Law Offices of Malvern C. Burnett, a professional law practice, and Gulf Coast Immigration Law Center, L.L.C., a limited liability company registered under the laws of Louisiana. Compl. at ¶¶ 59-62, ECF No. 1. In 2006, Burnett, acting as an agent for Defendant Signal, assisted in the recruitment of Indian welders and pipefitters who were then resident in India to Orange, Texas to work at a facility operated by Signal. *Id.* at ¶ 72.

Burnett and their co-defendants developed an elaborate recruitment scheme, promising employment with Signal and permanent, employment-based immigration to the United States for Plaintiffs and their families. *Id.* at ¶¶ 74, 79, 82, 87. In reliance on these false promises and in order to have the opportunity to immigrate to the United States permanently, Plaintiffs each paid Burnett and their codefendants up to $20,000 in recruiting fees. *Id.* at ¶ 85. Plaintiffs incurred crippling debts to pay such fees. *Id.* at ¶ 93.

Contrary to their promises, Burnett neither obtained nor attempted to obtain permanent residency for Plaintiffs in the United States. Burnett was aware that the H-2B visa status with

---

[4] Burnett's Motion to Transfer violates Local Rules CV-7(h) and CV-7(i). Burnett's counsel left two voicemails within approximately 18 hours with Plaintiffs' counsel, and filed the Motion to Transfer twenty minutes after leaving the second voicemail. Due to travel, Plaintiffs' counsel did not have an opportunity to respond to Burnett prior to the present motion being filed.

2

which Plaintiffs entered the United States precluded them from consideration for legal permanent residency.  Despite this knowledge, Burnett entered into contracts promising to obtain permanent residency for Plaintiffs.

> B. <u>Plaintiffs Filed Individual Actions in the Eastern District of Texas, the District Into Which They Were Trafficked, After Signal Defeated Class Certification in the Eastern District of Louisiana.</u>

In 2008, certain non-Plaintiff H-2B workers recruited by Burnett to work for Signal filed a putative class action against Burnett, Signal LLC and other Signal LLC recruiters in the Eastern District of Louisiana.  This action was filed on behalf of all former Indian employees and asserted violations of the Trafficking Victims Protection Reauthorization Act, Racketeer Influenced Corrupt Organizations Act, Civil Rights Act of 1866, the Klu Klux Klan Act of 1871, and the Fair Labor Standards Act ("FLSA").  *David v. Signal Int'l*, Case No. 08-cv-1220, 2012 U.S. Dist. Lexis 114247, at *3 (Jan. 3, 2012).  Signal LLC opposed class certification on the basis that individual issues predominated the claims, and that the facts relevant to each plaintiff should be considered individually.  *See* Orig. Mem. of Signal Int'l in Opp'n to Pls.' Mot. for Class Certif. 1, *David*, (E.D. La. Feb. 1, 2011), ECF No. 997.  Agreeing that individual issues predominate the claims, the court denied class certification.  *David,* 2012 U.S. Dist. Lexis 114247, at *77.  Plaintiffs remain opt-ins in the collective FLSA action in *David*.[5]  The named plaintiffs in *David* maintain individual actions against Burnett and the other *David* defendants.  Plaintiffs filed this action as individuals because they could no longer bring their claims as a class.  For the following reasons, the Motion to Transfer must be denied.

---

[5] FLSA collaborative actions are different than class actions and remain 'conditionally certified' until defendant moves for decertification of the class.  *See Walker v. Honghua America, LLC*, 870 F.Supp.2d 462, 466 (S.D. Tex. 2012). Signal LLC's choice to oppose only the class certification for the non-FLSA claims resulted in the FLSA claims for the opt-ins remaining in *David*, but essentially operating as a separate lawsuit.

3

**III.     Legal Argument**

Just like their codefendant Signal, Burnett seeks to transfer venue of this action to the Eastern District of Louisiana, improperly invoking the "first-to-file" rule. Burnett misapplies the rule, because the case it claims was "first-filed" does not meet minimum requirements for similarity to this action. Generally, the first-to-file rule applies when parties "race to the courthouse," jockeying for position to be the plaintiff in the venue of their choice. The first-to-file rule is then applied to sort out the most appropriate forum when the *same parties* file the *same claims against one another* in separate venues. *See Multi-Shot, LLC v. B & T Rentals, Inc.*, No. H-09-3282, 2010 WL 376373 at *4 (S.D. Tex. Jan. 26, 2010).

When applying the rule, "[t]he concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (quotations omitted). In particular, when the related cases do not completely overlap, "the court considering transfer should consider whether the cases should be consolidated, the extent of the overlap, the likelihood of conflict, and the comparative advantage and interest of each forum in resolving the dispute." *Jones v. Xerox Commercial Solutions, LLC*, No. H-13-0650, 2013 WL 3245957, at *2 (S.D. Tex. June 26, 2013). The burden of proof is carried by the party seeking transfer. *Id.*

(i)     Jurisdiction is Proper in the Eastern District of Texas

As a preliminary matter, there was no "race to the courthouse" – here Plaintiffs filed individual claims after class certification was successfully opposed in *David*. Neither the parties nor the claims are substantially similar, precluding the application of the first-to-file rule. When considering whether the first-to-file rule should apply, courts generally look to the identity of the parties, the claims and issues raised in the two cases, and the prevailing equities to determine

4

whether there is sufficient overlap. *Id.* at *4 (parties must be substantially similar); *Buckalew v. Celanese Ltd.*, No. G-05-315, 2005 WL 2266619, at *2 (S.D. Tex. Sept. 16, 2005) (claims must be substantially similar); *see also Garmin LTD. v. TomTom, Inc.*, No. 2:06CV338, 2007 WL 708587, at *1 (E.D. Tex. Mar. 5, 2007) ("justice or expediency" relevant).

     (ii)  There is No Substantial Overlap of Parties.

Under the first-to-file rule, Burnett must demonstrate that the parties in *David* and the instant action overlap substantially. *Jones*, 2013 WL 3245957, at *4 ("The first-to-file rule does not require identical parties, but the fact the parties are different cuts against an argument for substantial overlap."). "[T]he first-to-file rule does not apply when there is merely some relation between the first and subsequently filed actions – the crucial inquiry is one of substantial overlap." *Murrell v. Casterline*, No. 1:10cv794, 2011 WL 2600600, at *1 (E.D. Tex. June 29, 2011). When examining whether the parties are substantially similar, the key issue is whether the parties in the two cases are similar enough that a judgment in the first case will resolve plaintiffs' issues in the current case. *Ross v. U.S. Bank Nat. Ass'n*, 542 F. Supp. 2d, 1014, 1020 (N.D. Cal. 2008).

Unfortunately for Burnett, and as stated in a recent case concerning the first-to-file rule in the class action context, "substantial similarity between parties (in the context of the first-to-file rule) should be based upon the *current* parties rather than those initially set forth in the complaint." *Dubee v. P.F. Chang's China Bistro*, No. 10-cv-01937, 2010 WL 3323808, at *2 (N.D. Cal. Aug. 23, 2010). Under federal law,

> [a] 'party' to litigation is '[o]ne by or against whom a lawsuit is brought,' or one who become[s] a party by intervention, substitution, or third-party practice. And we have further held that an unnamed member of a <u>certified</u> class may be considered a 'party' for the [particular] purpose[s] of appealing an adverse judgment. But as the dissent in *Devlin* noted, no one in that case was willing to advance the novel and surely erroneous argument

5

> that a nonnamed class member is a party to the class-action litigation <u>before the class is certified</u>. Still less does that argument make sense <u>once certification is denied</u>.

*Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2379 (2011) (emphasis in original, internal citations and quotation marks omitted). Plaintiffs at one time were potential parties for some of the claims in the *David* case, but never became parties and cannot become parties to that case now. As the Supreme Court discussed above, Plaintiffs clearly *have never been* parties to the *David* case for the claims asserted against Burnett, and Burnett cannot establish substantial similarity between the parties for purposes of the first-to-file rule.

        (iii)    There is No Substantial Overlap of the Claims.

First-to-file transfer is inappropriate because the claims in this action and the claims in *David* do not substantially overlap. The first-to-file rule applies when the first-filed case and the second-filed case concern substantially similar claims, not when the cases are "merely related." *Buckalew*, 2005 WL 2266619, at *2 ("[T]he cases should be more than merely related to support a motion for transfer when venue is otherwise appropriate. To hold otherwise would frustrate the well-established rule that the plaintiff's choice of forum is generally entitled to great deference."); *see also Angotti v. Rexam, Inc.*, No. C 05-5264, 2006 WL 335284, at *5 (N.D. Cal. Feb. 14, 2006) (finding that when different outcomes for different groups of plaintiffs are possible, consideration of the two groups' claims in different venues would not pose a high risk of inefficiency and inconsistency requiring transfer).

Application of the first-to-file rule is appropriate only when the issues in the second-filed case could be resolved through resolution of the issues in the first-filed case. *West Gulf Maritime Assn. v. ILA Deep Sea Local 24, South Atlantic and Gulf Coast District of the ILA: AFL-CIO*, 751 F.2d 721, 729 (5th Cir. 1985); *Multi-Shot*, 2010 WL 376373, at *5. Stated differently, two related cases do not allege substantially similar claims as required for the first-

to-file rule when there is no risk of either conflicting rulings or the ruling of one court interfering with the authority of the second court. *Murrell*, 2011 WL 2600600, at *3.

Plaintiffs acknowledge in their Complaint that *David* is a related case. While the claims may be similar, judgment or relief in *David* will not resolve the issues here. The *David* court's denial of class certification assured the parties of that. While the claims are somewhat similar, each must nevertheless be proven by each Plaintiff in an individual action because Signal successfully opposed class certification in *David*. There may very well be different outcomes for different Plaintiffs – but not because of venue. Instead, such a result may ensue because each individual Plaintiff has a different story to tell.

And now, because class certification was denied, each individual Plaintiff is entitled to present his case in the Eastern District of Texas. The experiences of and injuries suffered by the *David* plaintiffs are not necessarily the same as Plaintiffs in this action, and each plaintiff has his own individual facts and damages that will require individual determinations. Thus, there is no risk of conflicting rulings because the specific facts of each Plaintiff will dictate their individual and perhaps unique outcome. Consolidation would therefore not result in greater judicial efficiency.

      B.      <u>The Eastern District of Texas is the More Advantageous and Appropriate Venue and Has an Interest in Resolving the Dispute</u>

Because the overlap between *David* and this action are less than complete, the Court must consider not only the extent of the overlap and likelihood of conflict, but also the comparative advantage of each venue and the interest of each forum in resolving the dispute. *Homoki v. Conversion Services, Inc.*, 488 Fed. Appx. 848, 2012 WL 4040228, at *2 (5th Cir. Sept. 13, 2012); *see also International Fidelity Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011). This Court is clearly the more advantageous venue because it is more

7

convenient for the parties and their witnesses, and Texas courts have a special interest in resolving disputes regarding human trafficking within Texas.

Even if this Court finds that Signal has met the required showing for a first-filed presumption – and none has or can be made – this presumption can be overcome by a showing that the balance of conveniences favors venue in this Court. *Multi-Shot*, 2010 WL 376373, at *6; *see also Morris v. Ernst & Young, LLP*, No. 12 CV 0838, 2012 WL 3964744, at *2 n.1 (S.D.N.Y. Sept. 11, 2012); *Sanofi-Aventis Deutschland v. Novo Nordisk, Inc.*, 614 F. Supp. 2d 772, 775 (E.D. Tex. 2009). The balance of conveniences clearly favors this Court as the appropriate venue for this action. As a result, even in the unlikely event that the Court were to find the "first-to-file" rule applicable, the balance of conveniences compels the conclusion that venue is proper in this Court.

Courts within the Fifth Circuit generally consider five factors in determining whether a particular venue is appropriate: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses; (3) the cost of obtaining attendance of willing witnesses; (4) the possibility of viewing the premises at issue, if necessary; and (5) any other factors making the case easy, expeditious, and inexpensive; (5) court congestion; and (6) the local interest in having localized interests decided and home and (7) the law to be applied. *Multi-Shot,* 2010 WL 376373 at *6; *In re Volkswagen of Am.*, 545 F.3d 304, 315 (5th Cir. 2008). Each of these factors favors this action being heard in this Court.

First, the close geographical proximity of this Court (30 miles) to the former Texas Labor Camp favors this case being heard in Texas. Close proximity of this Court eases the burden on potential witnesses and improves accessibility of proof. Further, eleven Plaintiffs are residents of Texas. Many witnesses for both Plaintiffs and Signal have worked or resided in Orange,

Texas and likely still reside in Texas. Attending trial held in New Orleans, Louisiana will place a substantially greater burden on these witnesses than would attending trial in this Court.[6] In addition, a court in the Eastern District of Louisiana will be unable to secure the attendance of an unwilling witness residing in Orange, Texas. *See* Fed. R. Civ. P. 45(c)(3). It may also be appropriate for the Court or the jury to view the Texas Labor Camp where Plaintiffs were detained while working for Signal. Such a visit would be infeasible if this case were being heard in New Orleans.

In addition, as discussed above, transfer of this action to the Eastern District of Louisiana would place a greater administrative and temporal strain on all entities involved. Plaintiffs assert claims against Burnett and their co-defendants under Texas law. While Plaintiffs recognize the ability of the federal court in Louisiana to apply relevant Texas law if necessary, this Court is far more familiar with the laws of Texas and will not bear the burden of seeking to apply laws of a non-forum state.

*David* is also progressing slowly, favoring this Court as the appropriate venue for the present action. *See Amalgamated Gadget, L.P. v. Healthsouth Corp.* No. 4:04-CV-198-A 2004 WL 1283949, at *2 (N.D. Tex. June 9, 2004) (noting that when the first-filed action is proceeding slowly, the venue of the second-filed action has a comparative advantage under the transfer analysis). The original complaint in *David* was filed on March 7, 2008, and class certification was denied on January 4, 2012. Yet the parties in *David* are still mired in discovery disputes. By contrast, Plaintiffs have already conducted a Rule 26(f) conference with the Signal

---

[6] "[I]t is an 'obvious conclusion' that it is more convenient for witnesses to testify at home and that '[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.' . . . Witnesses not only suffer monetary costs, but also the personal costs associated with being away from work, family, and community." *In re Volkswagen of Am., Inc.*, 545 F.3d at 317, quoting *In re Volkswagen AG*, 371 F.3d at 205.

9

Defendants. Furthermore, Burnett's complaints that they have already engaged in discovery for *David* are irrelevant to the issue at hand. As Burnett admits, discovery was only conducted for class certification issues. No discovery was conducted for the purposes of determining the facts relevant to the individual Plaintiffs. Transfer of this action to the Eastern District of Louisiana will only delay Plaintiffs' day in court, which is, unsurprisingly, the ultimate goal of Burnett.

Finally, addressing the issue of human trafficking is of utmost importance to this district. Each of the Plaintiffs was trafficked to Orange through Houston – one of the "most intense trafficking jurisdictions in the country" according to the Department of Justice's report on activities to combat trafficking.[7] The Texas Office of Attorney General, in its annual report to the Texas Legislature, reported that "Texas is poised to become a national leader in the battle against human trafficking."[8] The residents of this district have an interest in this case and combating human trafficking in Texas. The court should consider local interests in analyzing this Motion to Transfer:

> Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is a reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. *There is a local interest in having localized controversies decided at home*. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

---

[7] Human Trafficking in Texas, A Report of the Texas Advisory Committee to the United States Commission on Civil Rights at 4 (August 2011), *available at* http://www.usccr.gov/pubs/TX_HT_Report--ver%2050--FINAL.pdf.

[8] The Texas Human Trafficking Prevention Task Force Report 2011 at 62, *available at* https://www.oag.state.tx.us/AG_Publications/pdfs/human_trafficking.pdf.

*Koehring Co. v. Hyde Constr. Co.*, 324 F.2d 295, 296 (5th Cir. 1964) (emphasis added). This district has a particular interest in addressing the wrongs of human trafficking through its cities and corridors, and the people of Texas should be given the opportunity to address this issue head on. As this Court is clearly the more advantageous venue and has a direct interest in resolving the dispute in this action, Burnett's Motion to Transfer Venue should be denied.

**IV.     Conclusion**

The Court should deny Burnett's Motion to Transfer and retain jurisdiction of this case. Having violated the rights of numerous Indian nationals by bringing them to the United States under false pretenses, Burnett is now facing the result of their actions- separate lawsuits by each victim. The first-to-file rule does not apply to the facts of this case. None of the requisites of the rule has been established. Moreover, the Eastern District of Texas is the more advantageous venue. The majority of the harm occurred within this district, involved residents and witnesses present in this district, and human trafficking is an issue of paramount importance to this district. The result Burnett requests is not warranted by the facts or the law and their Motion to Transfer should be denied.

DATED:  September 30, 2013.

KILPATRICK TOWNSEND &
   STOCKTON, LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528
Telephone:  (404) 815-6500
Facsimile:  (404)-815-6555
bboice@kilpatricktownsend.com
bcorgan@kilpatricktownsend.com
spangborn@kilpatrickstockton.com
hheindel@kilpatricktownsend.com

By: s/ William H. Boice
William H. Boice
Georgia Bar No. 065725
Brian G. Corgan (*Admitted Pro Hac Vice*)
Georgia Bar No. 187700
Susan Pangborn (*Admitted Pro Hac Vice*)
Georgia Bar No. 735027
California Bar No. 282533
Heather L. Heindel (*Admitted Pro Hac Vice*)
Georgia Bar No. 285204

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2013, I electronically filed the foregoing PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION OF MALVERN C. BURNETT, LAW OFFICES OF MALVERN C. BURNETT, A.P.C., AND THE GULF COAST IMMIGRATION CENTER, L.L.C. TO TRANSFER VENUE with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants.

I further certify that on September 30, 2013, I served a true and correct copy of the foregoing document upon the below-named Defendants by depositing a copy of same in the U.S. Mail, with sufficient postage thereon to insure delivery, and properly addressed as follows:

> Michael Pol
> 1566 Redwood Court
> Biloxi, MS  39532
>
> Global Resources, Inc.
> c/o Michael Pol
> 13 Herring Road
> Beaumont, MS 39423-2055

I further certify that on September 30, 2013, I served a true and correct copy of the foregoing document upon the below named Defendants by forwarding a copy to them via International Mail, with sufficient postage thereon to insure delivery, and properly addressed as follows:

> Sachin Dewan
> Dewan Consultants
> Dewan Consultants Pvt. Ltd.
> 708, Sagar Tech Plaza
> Andheri Kurla Road
> Sakinaka Junction, Andheri (E)
> Mumbai 400 072, India

|  |  |
|---|---|
| | By:   s/ William H. Boice |
| KILPATRICK TOWNSEND &    STOCKTON, LLP<br>1100 Peachtree Street, Suite 2800<br>Atlanta, GA 30309-4528<br>Telephone: (404) 815-6500<br>Facsimile: (404)-815-6555<br>bboice@kilpatricktownsend.com | William H. Boice<br>Georgia Bar No. 065725<br><br><br><br><br>Attorney for Plaintiffs |

2