# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | |
|---|---|
| REJI SAMUEL, ATHA MOHAMMAD ABDUL, KESAVARAO BUNDANKAYALA, RAJU DIVAKARAN, BIJU PERUMPILLY GEORGE, KRISHNA GONTHINA, NAYAPPULLI JAYACHANDRAN, GALLA VENKATA RAMA KRISHNA, SAMUEL JOSE KUMRUMTHODATHIL, LOHITHAKSHAN MADAMPET, JOHNY MANDY MATHAI, BELTHAZAR PETER, MOHANAN BALAKRISHNA PILLAI, SANTHOSH KUMAR RAJENDRAN PILLAI, ABY KARICKATHARA RAJU, SUMESH PORAMBATHUPARAMBIL SUBRAMANIAN, and CHANDRAN SHAJU THANISSERY,<br><br>        Plaintiffs,<br><br>v.<br><br>SIGNAL INTERNATIONAL L.L.C., SIGNAL INTERNATIONAL, INC., SIGNAL INTERNATIONAL TEXAS, G.P., SIGNAL INTERNATIONAL TEXAS, L.P., MALVERN C. BURNETT, GULF COAST IMMIGRATION LAW CENTER, L.L.C., LAW OFFICES OF MALVERN C. BURNETT, A.P.C., GLOBAL RESOURCES, INC., MICHAEL POL, SACHIN DEWAN, and DEWAN CONSULTANTS PVT. LTD. (a/k/a MEDTECH CONSULTANTS),<br><br>        Defendants. | CIV. NO. 1:13-cv-00323 |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION PURSUANT TO FEDERAL RULE 72 AND LR 72(b) FOR REVIEW OF MAGISTRATE'S DECISION [ORDER DENYING SIGNAL DEFENDANTS' MOTION TO TRANSFER, ECF NO. 56]**

KILPATRICK TOWNSEND & STOCKTON, LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528
Telephone: (404) 815-6500
Facsimile: (404)-815-6555
bboice@kilpatricktownsend.com
bcorgan@kilpatricktownsend.com
spangborn@kilpatrickstockton.com
hheindel@kilpatricktownsend.com

William H. Boice
Georgia Bar No. 065725
Brian G. Corgan (*Admitted Pro Hac Vice*)
Georgia Bar No. 187700
Susan Pangborn (*Admitted Pro Hac Vice*)
Georgia Bar No. 735027
California Bar No. 282533
Heather L. Heindel (*Admitted Pro Hac Vice*)
Georgia Bar No. 285204
Attorneys for Plaintiffs

**TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................1

II.    LEGAL ARGUMENT............................................................................................1

    A.    Signal Fails to Articulate, Let Alone Satisfy, The Standard of Review for A Magistrate's Decision. ............................................................................ 1

    B.    Jurisdiction is Proper in the Eastern District of Texas........................................... 4

III.    CONCLUSION......................................................................................................6

**TABLE OF AUTHORITIES**

**Cases**

*Agincourt Gaming LLC v. Zynga Inc.*, No. 11-720-RGA, 2013 WL 3936508 (D. Del. July 29, 2013) ................................................................................................................. 3

*Beavers v. Express Jet Holdings, Inc.*, 421 F. Supp. 2d 994 (E.D. Tex. 2005) .............................. 3

*Black v. SettlePou, P.C.*, 732 F.3d 492 (5th Cir. 2013) .................................................................. 2

*Buckalew v. Celanese, Ltd.*, No. G-05-315, 2005 WL 2266619 (S.D. Tex. Sept. 16, 2005) ......... 5

*Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599 (5th Cir. 1999) ......................................... 5

*Castillo v. Frank*, 70 F.3d 382 (5th Cir. 1995) ............................................................................... 2

*David, et al. v. Signal International, LLC, et al.*, 2:08-cv-01220-SM-DEK, 2012 U.S. Deist. LEXIS 114247 (E.D. La. Jan. 4, 2012) ....................................................................... 6

*Dymatize Enterprises, Inc. v. Maximum Human Performance, Inc.*, No. 3:09-CV-1840-O-BH, 2010 WL 980996 (N.D. Tex. March 16, 2010) ............................................................. 3

*Epicrealm Licensing, LLC v. Autoflex Leasing, Inc.*, Cases No. 2:05-CV-163-DF-CMC, 2:05-CV-356-DF-CMC, 2007 WL 2580969 (E.D. Tex. Aug. 27, 2007) .......................... 1

*Evol, Inc. v. Supplement Services, LLC*, No. 3:09-CV-1839-O-BH, 2010 WL 982564 (N.D. Tex. March 16, 2010) ........................................................................................... 3

*Gardner v. GC Servs., LP*, No. 10-CV-997-IEG, 2010 WL 2721271 (S.D. Cal. July 6, 2010) .................................................................................................................................. 6

*Ichl, LLC v. NEC Corp. of America*, No. 5:08-CV-65, 2009 WL 1748573 (E.D. Tex. June 19, 2009) ............................................................................................................................ 3

*In re Volkswagen of Am.*, 545 F.3d 304 (5th Cir. 2008) .................................................................. 6

*Jones v. Xerox Commercial Solutions, LLC,* No. H-13-0650, 2013 WL 3245957 (S.D. Tex. June 26, 2013) ............................................................................................................. 5

*Murrell v. Casterline*, No. 1:10-CV-974, 2011 WL 2600600 (E.D. Tex. June 29, 2011) .............. 6

*Parrott v. Commissioner S.S.A.*, 914 F. Supp. 147 (E.D. Tex. 1996) ............................................. 4

*Reddy v. Superior Global Solutions, Inc.*, No. 4:11-CV-845, 2013 WL 1949948 (E.D. Tex. May 9, 2013) ............................................................................................................. 2

*Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d, 1014 (N.D. Cal. 2008) ........................................ 5

*U.S. v. Pena*, 582 F. Supp. 2d 851 (5th Cir. 2008) ......................................................................... 4

*U.S. v. U.S. Gypsum Co.*, 333 U.S. 364 (1948) ............................................................................. 2

*York v. Union Pacific Railroad Co.*, No. 9:07-CV-169, 2008 WL 5060032 (E.D. Tex. Oct. 21, 2008) ................................................................................................................... 3

**Statutes**

28 U.S.C. § 636(b)(1)(A) ............................................................................................................ 1, 2

**Rules**

Fed. R. Civ. P. 72(a) ....................................................................................................................... 1

## I.   INTRODUCTION

Plaintiffs file this Opposition to Defendants Signal International, LLC, Signal International, Inc., Signal International Texas, G.P., and Signal International Texas, L.P.'s (collectively, "Signal") Motion Pursuant to Federal Rule 72 and LR 72(b) for Review of Magistrate's Decision ("Motion").  Signal, without a factual or legal basis, asks this Court to reconsider Magistrate Judge Hawthorn's Order Denying Signal Defendants' Motion To Transfer ("Order").  (ECF, No. 56.)  Signal fails to meet its burden because the Order is not clearly erroneous.  Because Signal did not meet its burden and the Order was proper, this Motion should be denied.

## II.   LEGAL ARGUMENT

**A.   SIGNAL FAILS TO ARTICULATE, LET ALONE SATISFY, THE STANDARD OF REVIEW FOR A MAGISTRATE'S DECISION.**

Plaintiffs disagree with Signal's characterization of the applicable standard of review for its Motion.  Signal is not entitled to *de novo* review of a non-dispositive motion. Rather, Federal Rule of Civil Procedure 72(a), Eastern District of Texas Local Rule CV-72(b), and Eastern District and Fifth Circuit precedent provide that District Courts shall only modify or set aside a part of a Magistrate Judge's order on a nondispostive matter that is found to be "clearly erroneous or contrary to law."  *See Epicrealm Licensing, LLC v. Autoflex Leasing, Inc.*, Cases No. 2:05-CV-163-DF-CMC, 2:05-CV-356-DF-CMC, 2007 WL 2580969, at *2 (E.D. Tex. Aug. 27, 2007) (citing 28 U.S.C. § 636(b)(1)(A)).  Signal's Motion is devoid of either requisite.

Magistrate Judges have broad discretion in the resolution of non-dispositive pretrial matters.  *Reddy v. Superior Global Solutions, Inc.*, No. 4:11-CV-845, 2013 WL 1949948, at *1 (E.D. Tex. May 9, 2013) (citing Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A)).  The Court may modify or set aside a Magistrate Judge's order only if it

is clearly erroneous or contrary to law. *Id.* (citing *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Black v. SettlePou, P.C.*, 732 F.3d 492, 496 (5th Cir. 2013).

A motion to transfer venue is a pretrial matter, and it is not a specifically listed exception in 28 U.S.C. § 636(b)(1)(A). Therefore, the standard of review specified in 28 U.S.C. § 636(b)(1)(A), which is that a District Court may reconsider a pretrial matter where a Magistrate Judge's order is "clearly erroneous or contrary to law," applies to the instant review of the Magistrate Judge's Order.

The denial of a motion to transfer is nondispositive: "[b]oth in common usage among lawyers, and in practical effect, the granting of a motion to transfer is not dispositive—the case would proceed, in federal court, much the same as it would had it stayed in the first jurisdiction. The resolution of a motion to transfer is not the 'functional equivalent of an order of dismissal.'" *Agincourt Gaming LLC v. Zynga Inc.*, No. 11-720-RGA, 2013 WL 3936508, at *2 (D. Del. July 29, 2013). While two Magistrate Judges in this district have previously chosen to file recommendations, rather than orders, regarding motions to transfer,[1] District Courts in Texas cases have continued to review orders regarding motions to transfer venue under the "clearly erroneous or contrary to law" standard. *See, e.g., York v. Union Pacific Railroad Co.*, No. 9:07-CV-169, 2008 WL 5060032, at *1 (E.D. Tex. Oct. 21, 2008); *Evol, Inc. v. Supplement Services, LLC*, No. 3:09-CV-1839-O-BH, 2010 WL 982564, at *1 (N.D. Tex. Mar. 16, 2010); *Dymatize*

---

[1] *See Beavers v. Express Jet Holdings, Inc.*, 421 F. Supp. 2d 994, 995 (E.D. Tex. 2005); *ICHL, LLC v. NEC Corp. of America*, No. 5:08-CV-65, 2009 WL 1748573, at *1 n. 1 (E.D. Tex. June 19, 2009).

*Enterprises, Inc. v. Maximum Human Performance, Inc.*, No. 3:09-CV-1840-O-BH, 2010 WL 980996, at *1 (N.D. Tex. Mar. 16, 2010).

Therefore, the "clearly erroneous or contrary to law" standard governs the review of Magistrate Judge orders granting or denying motions to transfer venue pursuant to 28 U.S.C. § 1404. *York*, 2008 WL 5060032, at *1; *see also Evol, Inc.*, 2010 WL 982564, at *1. Signal's assertion that it is entitled to *de novo* review is contrary to the law.

Additionally, Signal's Motion is an abuse of this Court's resources. While a party may object to the order of a Magistrate Judge, "[t]he district court need not consider frivolous, conclusive or general objections." *U.S. v. Pena*, 582 F. Supp. 2d 851, 853 (5th Cir. 2008). Additionally, a party is limited to advance to the court only arguments made before the Magistrate Judge: "[s]ystematic inefficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round." *Parrott v. Commissioner S.S.A.*, 914 F. Supp. 147, 149 n. 2 (E.D. Tex. 1996). Contrary to this mandate, Signal raises new arguments in its Motion, such as its discussion of the criminal statutes that underpin the Plaintiffs' arguments. The Plaintiffs do not address these newly advanced arguments because they are both untimely and inappropriate in a motion for reconsideration. Signal's convoluted and long-winded Motion boils down to its disagreement with the result. There is no clear error in the Magistrate Judge's Order – Signal simply and impermissibly seeks another bite at the apple.

Signal misstates the appropriate standard of review. Rather than improperly conducting a *de novo* review of the Magistrate Judge's Order, as Signal suggests, the Court should review the

Order for "clear errors." There is no error, "clear" or otherwise, in the Order. Nonetheless, even were a *de novo* review conducted, the result is the same. As such, the Order should be affirmed.

**B.      JURISDICTION IS PROPER IN THE EASTERN DISTRICT OF TEXAS.**

Signal seeks to transfer venue of this action to the Eastern District of Louisiana, invoking the first-to-file rule. As Plaintiffs' Opposition to Signal's Motion to Transfer clearly establishes, this case is not a first-to-file case, and §1404 transfer factors weigh heavily in favor of retaining jurisdiction in Texas. (Pls.' Resp. in Opp'n to Mot. of Signal Defs. Pursuant to First-Filed Rule to Transfer Action, ECF No. 21.) When applying the first-to-file rule, "[t]he concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (citation omitted). In particular, when related cases do not completely overlap, "the court considering transfer should consider whether the cases should be consolidated, the extent of the overlap, the likelihood of conflict, and the comparative advantage and interest of each forum in resolving the dispute." *Jones v. Xerox Commercial Solutions, LLC*, No. H-13-0650, 2013 WL 3245957, at *2 (S.D. Tex. June 26, 2013). Courts generally look to the identity of the parties, the claims and issues raised in the two cases, and the prevailing equities to determine whether there is sufficient overlap. *Id.* at *4.

The first-to-file rule applies when the first-filed case and the second-filed case involve substantially similar claims, not when the cases are "merely related." *Buckalew v. Celanese, Ltd.*, No. G-05-315, 2005 WL 2266619, at *2 (S.D. Tex. Sept. 16, 2005). When examining whether the parties are substantially similar, the key issue is whether the parties in the two cases are similar enough that a judgment in the first case will resolve the plaintiff's issues in the current case. *Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d, 1014, 1020 (N.D. Cal. 2008). Two

related cases do not allege substantially similar claims, as required for the first-to-file rule, when there is no risk of either conflicting rulings or the ruling of one court interfering with the authority of a second court. *Murrell v. Casterline*, No. 1:10-CV-974, 2011 WL 2600600, at *3 (E.D. Tex. June 29, 2011). Consistent with Signal LLC's own arguments as advanced in the *David* case, each plaintiff has his own individual facts that will require individual determinations. *David, et al. v. Signal International, LLC, et al.*, 2:08-cv-01220-SM-DEK, 2012 U.S. Deist. LEXIS 114247 (E.D. La. Jan. 4, 2012) Thus, there is no risk of conflicting rulings because the specific facts of each plaintiff will dictate their individual and perhaps unique outcome. This is exactly the result Signal wanted when it opposed class certification in *David*. Consolidation would therefore not result in greater judicial efficiency. The Plaintiffs' participation in the FLSA collective action is not substantially similar to the Plaintiffs' claims in this action. *See Gardner v. GC Servs., LP*, No. 10-CV-997-IEG, 2010 WL 2721271, at *5-6 (S.D. Cal. July 6, 2010).

Further, the balance of conveniences, as described by the Fifth Circuit in *In re Volkswagen*, clearly favors this Court as the appropriate venue for this action. *In re Volkswagen of Am.*, 545 F.3d 304, 315 (5th Cir. 2008). The close geographical proximity of this Court (30 miles) to the former Texas Labor Camp favors this case being heard in Texas. Close proximity of this Court eases the burden on potential witnesses and improves accessibility of proof. Eleven Plaintiffs are residents of Texas and many witnesses for both Plaintiffs and Signal have worked or resided in Orange, Texas and likely still reside in Texas. In addition, Plaintiffs assert claims against Signal and its co-defendants under Texas law. While Plaintiffs recognize the ability of the federal court in Louisiana to apply relevant Texas law if necessary, this Court is far more familiar with the laws of Texas and will not bear the burden of seeking to apply laws of a non-

forum state.  Finally, addressing the issue of human trafficking is of utmost importance to this district.  As the balance of conveniences clearly favors the Eastern District of Texas, Signal's Motion to Transfer was properly denied and this Court should preside over this action.

### III.  CONCLUSION

Signal's Motion should be denied.  Signal fails to meet its burden, as it fails to either properly articulate the standard or prove the Order was clearly erroneous.  There is no clear error – this is not a first-to-file issue and Magistrate Judge Hawthorn's reasoning is clear and concise.  Furthermore, Signal completely avoids an analysis of the convenience factors that weigh against transfer.  The balance of conveniences favors venue in this Court, because the majority of the harm occurred within this district, involved residents and witnesses present in the district, and human trafficking is an issue of paramount importance to this district.

DATED:  December 23, 2013.

| | |
|---|---|
| | By:  *s/ William H. Boice* |
| KILPATRICK TOWNSEND & STOCKTON, LLP | William H. Boice<br>Georgia Bar No. 065725 |
| 1100 Peachtree Street, Suite 2800 | Brian G. Corgan (*Admitted Pro Hac Vice*) |
| Atlanta, GA 30309-4528 | Georgia Bar No. 187700 |
| Telephone:  (404) 815-6500 | Susan Pangborn (*Admitted Pro Hac Vice*) |
| Facsimile:  (404)-815-6555 | Georgia Bar No. 735027 |
| bboice@kilpatricktownsend.com | California Bar No. 282533 |
| bcorgan@kilpatricktownsend.com | Heather L. Heindel (*Admitted Pro Hac Vice*) |
| spangborn@kilpatrickstockton.com | Georgia Bar No. 285204 |
| hheindel@kilpatricktownsend.com | |
| | Attorneys for Plaintiffs |

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2013, I electronically filed the foregoing **PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION PURSUANT TO FEDERAL RULE 72 AND LR 72(b) FOR REVIEW OF MAGISTRATE'S DECISION [ORDER DENYING SIGNAL DEFENDANTS' MOTION TO TRANSFER, ECF NO. 56]** with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing to all CM/ECF participants.

I further certify that on December 23, 2013, I served a true and correct copy of the foregoing document upon the below-named Defendant by depositing a copy of same in the U.S. Mail, with sufficient postage thereon to insure delivery, and properly addressed as follows:

> Global Resources, Inc.
> c/o Michael Pol
> 13 Herring Road
> Beaumont, MS 39423-2055

I further certify that on December 23, 2013, I served a true and correct copy of the foregoing document upon the below named Defendants by forwarding a copy to them via International Mail, with sufficient postage thereon to insure delivery, and properly addressed as follows:

> Sachin Dewan
> Dewan Consultants
> Dewan Consultants Pvt. Ltd.
> 708, Sagar Tech Plaza
> Andheri Kurla Road
> Sakinaka Junction, Andheri (E)
> Mumbai 400 072, India

|  |  |
|---|---|
| KILPATRICK TOWNSEND & STOCKTON, LLP<br>1100 Peachtree Street, Suite 2800<br>Atlanta, GA 30309-4528<br>Telephone: (404) 815-6500<br>Facsimile: (404)-815-6555<br>bboice@kilpatricktownsend.com | By: s/ William H. Boice<br>William H. Boice<br>Georgia Bar No. 065725<br><br>Attorney for Plaintiffs |