**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **REJI SAMUEL, et al.** | § § | |
| v. | § § | 1:13-CV-323 |
| **SIGNAL INTERNATIONAL L.L.C.,** et al. | § § § | |

**REPORT AND RECOMMENDATION DENYING DEFENDANT SIGNAL'S MOTION TO DISMISS (DOC. NO. 13)**

This case is assigned to the Honorable Marcia Crone, United States District Judge, and is referred to the undersigned United States magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. (Doc. No. 5.) Before the undersigned magistrate judge is a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants Signal International, L.L.C., Signal International, Inc., Signal International Texas, G.P., and Signal International Texas, L.P. (hereinafter collectively referred to as "Signal"). For the reasons stated below, Signal's Motion to Dismiss (Doc. No. 13) should be denied.

**I. Jurisdiction**

The Plaintiffs are a group of seventeen skilled construction workers of Indian descent who were allegedly lured to the United States by Signal and a network of recruiters working on Signal's behalf. (Doc. No. 1.) In their complaint, the Plaintiffs assert four causes of action pursuant to federal statutory and constitutional law: violations of the Trafficking Victims Protection Reauthorization Act (18 U.S.C. § 1595); the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962); the Civil Rights Act of 1866 (42 U.S.C. § 1981); the Ku Klux Klan Act of 1871 (42 U.S.C. § 1985) and the Thirteenth Amendment to the United States Constitution. (Doc. No. 1.) For actions brought under federal statutory and constitutional provisions, the court has

subject matter jurisdiction predicated upon federal question jurisdiction. See 28 U.S.C. §1331. In their fifth and sixth causes of action, the Plaintiffs bring state law claims of fraud, negligent misrepresentation, and breach of contract. (Doc. No. 1.) The court has supplemental jurisdiction over the state law causes of action. See 28 U.S.C. § 1367. Venue is proper in this case because the events giving rise to the claims occurred within the confines of this district. See 28 U.S.C. § 1391.

## II. Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." Harrington v. State Farm Fire & Cas. Co., 563 F.3d 141, 147 (5th Cir. 2009). When a court analyzes a Rule 12(b)(6) motion, it "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" In re Katrina Beaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)). A court should grant such a motion only when the complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

### III. Analysis

Signal moves to dismiss the Plaintiffs' pendent state law claims pursuant to Federal Rule of Civil Procedure 12(b)(6) because "the [c]omplaint alleges that the facts from which they originate" occurred abroad. (Doc. No. 13, p. 1.) In addition, Signal asserts the Plaintiffs failed to identify which state's laws apply to their claims. (Id. pp. 8-11.) Although not entirely clear, Signal also seems to contend that the complaint should be dismissed because the Plaintiffs failed to meaningfully engage in a choice-of-law analysis in order to determine which, if any, state's law applies. (Id.) Lastly, Signal moves to dismiss the complaint *pro tanto*[1] "to the degree the [c]omplaint refers to facts that occurred abroad" with regard to the Plaintiffs' claims under §§ 1981 and 1985. (Id. pp. 11-14.)

The Plaintiffs counter that their complaint adequately alleges facts that their state law claims occurred in Texas and that Texas law applies to their claims. Specifically, the Plaintiffs argue the complaint makes clear that the tortious actions originated, were performed, and continued to occur in Texas, specifically at the Texas Labor Camp located in Orange, Texas. (Doc. No. 22.) Furthermore, the Plaintiffs complain that Signal's fixation on the supposed "foreign character" of their allegations misstates the complaint and offers no plausible grounds for dismissing their common law claims. (Id.) Lastly, the Plaintiffs argue that a fact intensive choice of law analysis is premature given the sufficient facts that plausibly support the events centered around the Texas Labor Camp. (Id.)

1. State Law Claims Only Occurred Abroad

Signal's argument that the complaint should be dismissed because the alleged facts underlying the state law claims only occurred abroad is without merit. The complaint is replete

---

[1] Pro Tanto: To that extent; for so much; as far as it goes Black's Law Dictionary (9th ed. 2009), available at Westlaw BLACK.

with allegations that Signal committed the state law torts in Texas. The following is a summary of the Plaintiffs' complaint (Doc. No. 1):

> The Plaintiffs were recruited by Signal and its recruiters, both in the United States and abroad, to work at Signal's Texas Labor Camp. Signal and its recruiters contracted with the Plaintiffs to obtain permanent residence and immigration status in the United States within eighteen to twenty-four months. The Plaintiffs accepted Signal's offer, paid their fees, and were transported to the Texas Labor Camp in the United States to perform work for Signal. Once at the Texas Labor Camp, Signal ratified the actions of the recruiters, and breached its obligations and defrauded the Plaintiffs regarding their immigration status upon their arrival. In the Texas Labor Camp, Signal personnel held various meetings with the Plaintiffs to discuss the status of the Plaintiffs' visas and green card applications. Signal again promised the same visa extensions and green cards for the Plaintiffs as when they were recruited abroad. However, Signal continued to breach its contracts with the Plaintiffs by failing to comply with their binding promises regarding permanent residence and immigration status. Signal and its recruiters knowingly or negligently made materially false and untrue statements and representations to Plaintiffs regarding the nature and terms and conditions of applications and opportunities for immigration status and employment in the United States. Signal intended that the false statements made by Signal and its recruiters would induce Plaintiffs to pay them exorbitant fees and remain as Texas Labor Camp under deplorable conditions.

When deciding a 12(b)(6) motion to dismiss, the court must consider these facts as true. In re Katrina Beaches Litig., 495 F.3d at 205. From these allegations, the Plaintiffs have clearly pleaded enough factual content to draw the reasonable inference that the alleged pendent state law claims of fraud, negligent misrepresentation and breach of contract occurred in Texas. Iqbal, 556 U.S. 662 at 678.

    2. <u>Complaint Fails to Identify Which State's Laws Apply</u>

Next, Signal argues the state law claims are subject to dismissal because the complaint fails to identify which state's law applies. (Doc. No. 13, pp. 10-11.) Signal also argues the complaint

is defective because it does not address the factors that would convince the court that Texas state law, for example, applies. (Id.)

A court has discretion to exercise jurisdiction over state-law claims when federal question jurisdiction is proper and the state-law claims derive from a common nucleus of operative facts. Arena v. Graybar Elec. Co., Inc., 669 F.3d 214, 221 (5th Cir. 2012); 28 U.S.C. § 1367. Federal courts apply the forum state's conflict-of-law rules to determine what law governs the state-law claims. Bailey v. Shell Western E&P, Inc., 609 F.3d 710, 722 (5th Cir. 2010), citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). Texas courts first determine whether there is a conflict between Texas law and another potentially applicable law. Id. (citation omitted.) If there is no such conflict, a choice-of-law analysis is unnecessary. Id. (citing SAVA gumarska in kemijska industria d.d. v. Advanced Polymer Sciences, Inc., 128 S.W.3d 304, 314 (Tex. App.—Dallas 2004, no pet.)). But, where there is a conflict of laws, Texas follows the "most significant relationship" test of the Restatement (Second) of Conflict of Laws. Id. (citing Minn. Mining & Mfg. Co. v. Nishika Ltd., 953 S.W.2d 733, 735 (Tex. 1997)).

Signal does not dispute the court has proper federal question jurisdiction over the pendent state-law claims. Signal only argues the complaint is subject to dismissal because it does not explicitly identify *which* state's laws apply. While courts have granted 12(b)(6) motions by applying a particular state's substantive law under the "most significant relationship" test,[2] Signal does not cite, and the undersigned cannot find, any binding Fifth Circuit authority for a 12(b)(6) dismissal because the complaint fails to *plead* the particular state's law at issue for the pendent state law claims. Nevertheless, Signal has not shown there is even a conflict of laws between

---

2. See Signal Reply Brief, (Doc. No. 24, pp. 44-5), and cases cited.

Texas and any other potentially applicable law.[3] Without such a showing, a choice-of-law analysis is unnecessary. Even if a choice-of-law analysis were required, there is no authority for dismissing a complaint under 12(b)(6) for failing to analyze *in the complaint* which state law controls under the "most significant relationship" test promulgated in the Restatement (Second) of Conflict of Laws. In any event, Signal's choice-of-law argument is irrelevant. As discussed previously, the Plaintiffs have pled sufficient facts to draw the reasonable inference that Signal's alleged misconduct occurred in Texas, thereby invoking Texas law to govern the state causes of action.

    3. *Pro Tanto* Dismissal

Finally, Signal moves to dismiss the complaint *pro tanto* "to the degree the [c]omplaint refers to facts that occurred abroad" with regard to the Plaintiffs' claims under §§ 1981 and 1985. Signal begins with the premise that §§ 1981 and 1985 claims are not extraterritorial. Signal would then like the court to compare the complaint in this suit with 1) the first amended complaint[4] in *David et al. v. Signal, Int'l, L.L.C. et. al.* and 2) one sentence in the *David* court's order[5] denying class certification concerning what damages are attributable to the *David* plaintiffs' discrimination claims. Signal argues this comparison would show that at least part of the Plaintiffs' §§ 1981 and 1985 claims in this case occurred abroad. Thus, Signal requests a *pro tanto* dismissal of the complaint to the degree the §§ 1981 and 1985 claims refer to facts that occurred abroad.

---

    3. Signal argues in its reply brief (without any citation) that "under the Indian Contracts Act, and the jurisprudence construing it, a contract cannot be enforced if its enforcement would violate the law or public policy of India." (Doc. No. 24, p.6.) Signal has not shown to what extent this conflicts with Texas law, why Indian law would be applied under the "most significant relationship test," or why the Plaintiffs' state law claims should be dismissed for failing to undergo this analysis in the complaint.

    4. David v. Signal Int'l, L.L.C., Civ. A. No. 08-1220 (E.D. La.) (Doc. No. 47).

    5. David et al. v. Signal, Int'l, L.L.C. et. al., Civ. A. No. 08-1220, 2012 U.S. Dist. LEXIS 114247 (E.D. La. Jan. 3, 2012).

In considering a Rule 12(b)(6) motion, a court typically does not look beyond the complaint. However, a court may consider attachments to briefing if the documents are referenced in the complaint, central to the complaint, referenced by the parties, and their authenticity is not in dispute. See Walch v. Adjutant Gen. Dep't, 533 F.3d 289, 293–94 (5th Cir. 2008) (citing In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)); Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004). While the *David* litigation was casually mentioned in the complaint (Doc. No 1, pp. 3, 6), the *David* first amended complaint and the *David* court's order denying class certification are not central to the Plaintiffs' complaint in this case. Furthermore, Signal failed to include the documents in its briefing to this court. Obviously, without being able to consider the *David* court documents, Signal's motion should not be granted on this basis.

## IV. Recommendation

For the reasons stated above, the Defendants' Motion to Dismiss (Doc. No. 13) should be denied.

## V. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c) (Supp. IV 2011), each party to this action has the right to file objections to this report and recommendation. Objections to this report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report. See 28 U.S.C. § 636(b)(1)(c); Fed R. Civ. P. 72(b)(2). A party who objects to this report is entitled to a de novo determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1)(c); Fed R. Civ. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SIGNED this 18th day of February, 2014.

_____
Zack Hawthorn
United States Magistrate Judge