**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **REJI SAMUEL, et al.** | § | |
| | § | |
| v. | § | **1:13-CV-323** |
| | § | |
| **SIGNAL INTERNATIONAL L.L.C.,** | § | |
| et al. | § | |

### ORDER DENYING EMERGENCY MOTION TO STAY (DOC. NO. 67)

Before the undersigned magistrate judge is an "Emergency Motion to Stay" (Doc. No. 67) filed by Defendants Signal International, L.L.C., Signal International, Inc., Signal International Texas, G.P., and Signal International Texas, L.P. (hereinafter collectively referred to as "Signal"). In this motion, Signal asks the court to stay the instant case pending their application for a writ of mandamus to the Fifth Circuit regarding the court's denial (Doc. Nos. 56, 63) of their motion to transfer. (Doc. No. 12.) For the reasons stated below, Signal's motion to stay is **DENIED**.

"Mandamus petitions request an extraordinary remedy that is only appropriate in exceptional circumstances." Woodson v. Surgitek, Inc., 57 F.3d 1406, 1416 (5th Cir. 1995). "'Because such requests are only granted in exceptional circumstances, the Federal Rules of Civil Procedure do not provide for an automatic stay of district court proceedings while a petition for writ of mandamus is pending. If the district court or the court of appeals finds it appropriate to stay proceedings while a petition for mandamus relief is pending, such a stay may be granted in the court's discretion.'" Vann v. Gilbert, 482 F. App'x 876, 879 (5th Cir. 2012) (quoting Woodson, 57 F.3d at 1416).

Signal requests a stay "to avoid inconsistencies, duplication, and prejudice while the petition is pending." (Doc. No. 67.) However, Signal has yet to file the mandamus petition even

though Signal claimed almost a month ago it was "expeditiously finalizing its writ application."[1] (Doc. No. 67 at 2.) Because Signal requests a stay based upon a writ a mandamus that does not exist, such request is **DENIED** as moot.

Even if Signal had filed its writ of mandamus, a request for stay would still not be granted. The first-to-file rule is a *discretionary doctrine* and the court believes that it properly exercised that discretion in denying Signal's motion to transfer. Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5th Cir. 1999). Therefore, the undersigned predicts that Signal is not likely to ultimately prevail on the merits of its petition for writ of mandamus. See Williams v. Toyota Motor Corp., CIV.A. 2-07-cv-442, 2008 WL 5273528, at *1 (E.D. Tex. Dec. 19, 2008) (deciding to deny a stay while a writ of mandamus was pending based upon the belief the writ would ultimately be unsuccessful). Second, the court finds that Signal has failed to particularize any harm by participating in this lawsuit while a writ application would be pending. The fact that Signal must conduct discovery and "participate in an upcoming scheduling order" is not sufficient harm. (Doc. No. 67 at 3.) Signal would have to complete these matters even if this action was transferred to the Eastern District of Louisiana—which is the relief Signal requests through the writ of mandamus. Third, staying the instant case would prejudice the Plaintiffs as it would unnecessarily delay proceedings. Within the last year, this is Signal's fifth attempt to either stay the proceedings or transfer this case to a different jurisdiction. (See Doc. Nos. 12, 45, 47-48, 57.)

---

1. According to PACER, Signal has not filed a mandamus petition with the Fifth Circuit as of the date of this order. Moreover, if a mandamus petition does in fact exist, Signal has not provided the court with a copy as required by Fed. R. App. P. 21.

For the foregoing reasons, Signal's "Emergency Motion to Stay" (Doc. No. 67) is **DENIED**.

SIGNED this 13th day of March, 2014.

_____
Zack Hawthorn
United States Magistrate Judge