## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | |
|---|---|
| REJI SAMUEL, ATHA MOHAMMAD ABDUL, KESAVARAO BUNDANKAYALA, RAJU DIVAKARAN, BIJU PERUMPILLY GEORGE, KRISHNA GONTHINA, NAYAPPULLI JAYACHANDRAN, GALLA VENKATA RAMA KRISHNA, SAMUEL JOSE KUMRUMTHODATHIL, LOHITHAKSHAN MADAMPET, JOHNY MANDY MATHAI, BELTHAZAR PETER, MOHANAN BALAKRISHNA PILLAI, SANTHOSH KUMAR RAJENDRAN PILLAI, ABY KARICKATHARA RAJU, SUMESH PORAMBATHUPARAMBIL SUBRAMANIAN, and CHANDRAN SHAJU THANISSERY, <br><br> Plaintiffs, <br><br> v. <br><br> SIGNAL INTERNATIONAL L.L.C., SIGNAL INTERNATIONAL, INC., SIGNAL INTERNATIONAL TEXAS, G.P., SIGNAL INTERNATIONAL TEXAS, L.P., MALVERN C. BURNETT, GULF COAST IMMIGRATION LAW CENTER, L.L.C., LAW OFFICES OF MALVERN C. BURNETT, A.P.C., GLOBAL RESOURCES, INC., MICHAEL POL, SACHIN DEWAN, and DEWAN CONSULTANTS PVT. LTD. (a/k/a MEDTECH CONSULTANTS), <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIV. NO. 1:13-cv-00323 ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
## WITH TOLLING OF THE STATUTE OF LIMITATIONS

KILPATRICK TOWNSEND &
STOCKTON, LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528
Telephone:  (404) 815-6500
Facsimile:  (404)-815-6555
bboice@kilpatricktownsend.com
bcorgan@kilpatricktownsend.com
spangborn@kilpatrickstockton.com
hheindel@kilpatricktownsend.com

William H. Boice
Georgia Bar No. 065725
Brian G. Corgan (*Admitted Pro Hac Vice*)
Georgia Bar No. 187700
Susan Pangborn (*Admitted Pro Hac Vice*)
Georgia Bar No. 735027
California Bar No. 282533
Heather L. Heindel (*Admitted Pro Hac Vice*)
Georgia Bar No. 285204
Attorneys for Plaintiffs

## TABLE OF CONTENTS

<u>Page</u>

I.     INTRODUCTION .............................................................................................................1

II.    SUMMARY OF BACKGROUND FACTS AND PROCEDURAL HISTORY ................3

III.   DISCUSSION ..................................................................................................................5

    A.   Plaintiffs Should be Granted Leave to Amend Their Complaint While
        Preserving the Tolling of the FLSA Statute of Limitations. .................................. 5

    B.   Alternatively, This Court Should Rule That Claim Splitting and Res
        Judicata Principles Will Not Be Applied to Bar Plaintiffs' Claims in This
        Action. ................................................................................................................... 9

IV.    CONCLUSION .................................................................................................................9

# TABLE OF AUTHORITIES

Page

**Cases**

*David, et al., v. Signal Int'l, LLC*, Case No. 2: 08-cv-1220, 2012 U.S. Dist. Lexis 114247
(E.D. La. Mar. 7, 2008) ................................................................................................ 1

*Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998) ........................................................... 7

*Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594 (5th Cir. 1981) ................................... 6

*Holland v. Florida*, 50 U.S. 631, 649, 130 S. Ct. 2549 (2010) ...................................... 7

*Rivera v. Quarterman*, 505 F. 3d 349 (5th Cir. 2007) ................................................... 7

*Sandoz v. Cingular Wireless LLC*, 553 F.3d 913 (5th Cir. 2008) .................................. 8

*Super Van Inc. v. City of San Antonio*, 92 F.3d 366 (5th Cir. 1996) ............................. 9

*Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 64 S. Ct. 698
(1944) ........................................................................................................................... 8

*Truex v. Hearst Commc'ns, Inc.*, 96 F. Supp.2d 652 (S.D. Tex. 2000) ......................... 8

*Walker v. Honghua Am., LLC*, 870 F.Supp.2d 462 (S.D. Tex. 2012) ........................... 4

**Statutes**

29 U.S.C. § 201, *et seq.* ................................................................................................. 1

29 U.S.C. § 256 ............................................................................................................. 8

**Other Authorities**

Restatement (Second) Judgments section 26(1)(a) ....................................................... 9

Restatement (Second) Judgments section 26(1)(c) ....................................................... 9

Restatement (Second) Judgments section 26(1)(f) ....................................................... 9

**Rules**

Fed. R. Civ. P. 15 ...................................................................................................... 1, 5

Pursuant to Fed. R. Civ. P. 15 and LR CV-7 and CV-8, Plaintiffs move the Court for leave to file an Amended Complaint to add claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and ask that the Court equitably toll the statute of limitations for those claims.  Plaintiffs are currently opt-in plaintiffs in a FLSA collective action, which is part of the lawsuit in *David, et al., v. Signal Int'l, LLC*, Case No. 2: 08-cv-1220, 2012 U.S. Dist. Lexis 114247 (E.D. La. Mar. 7, 2008) (*"David"*).  Plaintiffs seek to have their FLSA claims against Defendant Signal[1] heard in this Court by withdrawing their opt-in consents in *David* and filing the proposed Amended Complaint to avoid any potential allegations of res judicata or claim-splitting associated with maintaining different claims in two different actions.  In the alternative, Plaintiffs ask that the Court rule that res judicata and claim-splitting principles will not apply to bar Plaintiffs' claims in this action.  Plaintiffs seek this relief to preserve their properly brought claims.  Defendant Signal was successful at forcing Plaintiffs to file individual claims for their non-FLSA actions – waiting for the Plaintiffs to exercise their rights to bring individual claims – then alleging claim splitting and arguing res judicata.  Plaintiffs implore the Court to end Defendant Signal's gamesmanship.  In support of this motion, Plaintiffs submit the attached Appendix A, a proposed Order, and a First Amended Complaint.

## I.      INTRODUCTION

In *David,* twelve named plaintiffs (the *"David* Plaintiffs") filed a putative class action against Signal International LLC ("Signal LLC") and other defendants under the Trafficking Victims Protection Reauthorization Act, Racketeer Influenced Corrupt Organizations Act, Civil Rights Act of 1866, and the Ku Klux Klan Act of 1871, and a collective action against Signal

---

[1]"Defendant Signal" refers collectively to Signal International, LLC, Signal International, Inc. and related parties Signal International Texas, G.P., and Signal International Texas, L.P.  By contrast, "Signal LLC" refers only to Signal International, LLC, the sole Signal entity named in the *David* lawsuit.

LLC alleging violations of the FLSA.  Plaintiffs timely filed opt-in consents to join the collective action.  The *David* Defendants opposed class certification of Plaintiffs' non-FLSA claims – successfully – but Signal LLC did not oppose the collective action under the FLSA.[2]  As a result of this procedural maneuvering, Plaintiffs were compelled to bring individual actions for their non-FLSA claims after the statute of limitations for filing new FLSA claims had run.  Plaintiffs properly brought their non-FLSA claims in this Court.

Defendant Signal LLC has indicated it may take the position that by maintaining claims in two separate causes of action, Plaintiffs are improperly splitting their claims.  Plaintiffs anticipate that Defendant Signal will argue after a judgment on the merits in either action that the other action should be barred under the doctrine of res judicata/ claim-splitting.[3]  Granting this motion will protect Plaintiffs from procedural gamesmanship over which they had no control. The proposed First Amended Complaint maintains the same counts and allegations against the same Defendants as the original Complaint, and simply adds Plaintiffs' FLSA claims against Defendant Signal LLC from the complaint in *David,* asserting such claims against Defendant Signal.

---

[2] Different groups of defendants named in *David* opposed class certification separately, on various separate grounds.  "Defendants," as used herein, refers individually and/or collectively to the defendants named in both *David* and this action, including related parties. Included are Defendant Signal International, LLC and at times Defendants Signal International, Inc., Signal International Texas, G.P., Signal International Texas, L.P., Malvern C. Burnett, Gulf Coast Immigration Law Center, L.L.C., Law Offices of Malvern C. Burnett, A.P.C., Global Resources, Inc., Michael Pol, Sachin Dewan, and Dewan Consultants Pvt. Ltd.  Not included in the definition of Defendants are the four defendants named in *David* but not in this action: Defendant Indo-Amerisoft, LLC, Defendant Kurella Rao, Defendant J&M Associates of Mississippi, Inc. and Defendant Billy R. Wilks.

[3] Plaintiffs maintain that any such argument is meritless.  Plaintiffs have not improperly "split" their claims, and res judicata should not bar claims in either action.

Alternatively, if the Court denies Plaintiffs' motion to bring their FLSA claims into this action with tolling of the statute of limitations, Plaintiffs ask that the Court rule that claim-splitting and res judicata principles will not be applied to bar Plaintiffs' claims.

## II.      SUMMARY OF BACKGROUND FACTS AND PROCEDURAL HISTORY

Following Hurricane Katrina about 590 men, including Plaintiffs, were trafficked into the United States to provide services to Defendant Signal. They were lured to work through the fraudulent promise of legal and permanent work-based immigration to the United States for themselves and their families.  Once in the United States, they were subjected to forced labor and other serious abuses at Defendant Signal's operations in Orange, Texas.  Each Plaintiff has a different account of his individual recruitment, travel and abuse while working for Signal. *See* Complaint, Exhibit 1, May 21, 2013, ECF No. 1.

On March 7, 2008, twelve individuals filed a putative class action in the Eastern District of Louisiana alleging violations of the Trafficking Victims Protection Reauthorization Act, Racketeer Influenced Corrupt Organizations Act, Civil Rights Act of 1866, and the Ku Klux Klan Act of 1871 (the *"David* Plaintiffs") and a collective action alleging violations of the FLSA.  *See David* Complaint, March 7, 2008, ECF No. 1.  Plaintiffs, who were putative class members in the *David* lawsuit, filed opt-in consents to participate in the *David* FLSA collective action.  Defendants opposed class certification on the basis that individual issues predominated the claims, and that the facts relevant to each plaintiff should be considered individually.  Orig. Mem. of Signal Int'l in Opp'n to Pls.' Mot. for Class Certif. 1, *David,* February 1, 2011, ECF No. 997 (*see* Pltf's Appendix, Tab 6, August 15, 2013, ECF 21).  However, Signal LLC chose

not to oppose the collective action of the FLSA claims.[4]  The *David* Court ultimately denied class certification.  Order and Reasons Denying Class Certif. *David*, January 4, 2012, ECF No. 1117, (*see* Pltf's Appendix, Tab 4, September 27, 2013, ECF 43).

Defendants' decision to oppose only the class certification for the non-FLSA claims resulted in the FLSA claims for the opt-ins remaining in *David*, but essentially operating as a separate lawsuit.  The twelve named *David* Plaintiffs also maintain individual actions in that case.  The opt-in Plaintiffs in *David*, however, were compelled to file their individual actions in different venues.  Because the statute of limitations on their FLSA claims had run during the time period that the *David* Court was considering the class certification issue, Plaintiffs could not bring their FLSA claims in this Court without risking that those claims would be barred by the applicable statute of limitations.

Plaintiffs, who remain opt-in plaintiffs in *David*, filed this action as individuals here in the Eastern District of Texas, the district into which they were trafficked.  Complaint, May 21, 2013, ECF No. 1.  This individual action is the result Defendants sought and precipitated when they argued – successfully – against class certification.  Nevertheless, Defendant Signal then represented to this Court that Plaintiffs were engaging in claim splitting.  *See* Signal Defendants' Motion Pursuant to First-Filed Rule to Transfer Action**,** July 29, 2013, ECF No. 12.

Defendant Signal LLC has filed a motion for judgment on the pleadings in *David*, which includes arguments concerning Plaintiffs' FLSA claims.  *See* Memorandum of Signal in Support of Motion for Judgment on the Pleadings at 7-8, *David*, November 6, 2013, ECF No. 1431.  This motion is set to be heard on April 29, 2014.

---

[4]  Unlike class actions under Fed. R. Civ. P. 23, FLSA collective actions remain 'conditionally certified' until the defendant moves for decertification of the class.  *See Walker v. Honghua Am., LLC*, 870 F.Supp.2d 462, 466 (S.D. Tex. 2012).

The *David* plaintiffs recently filed a motion similar to this one, which sought to protect Plaintiffs' FLSA claims but was directed to the *David* Court.  Plaintiffs' Memorandum of Law in Support of Motion to Protect Certain Opt-In Plaintiffs' FLSA Claims, *David*, August 16, 2013, ECF No. 1371.  The *David* Plaintiffs requested among other relief that the *David* Court (i) allow the transfer of the moving opt-ins FLSA claims in a manner that preserves the tolling of the statute of limitations, or alternatively (ii) maintain the moving opt-ins FLSA claims as part of the *David* collective action and preclude raising of potential res judicata defenses.  *Id.* at 1-2.  The *David* Court ruled that it lacked authority (i) "to compel another District Court to toll the statutes of limitations for the moving opt-in claims" and (ii) to prevent Signal from raising res judicata as a defense in an action before another court."  Order and Reasons at 3-5, *David*, October 22, 2013, ECF No. 1423.  Thus, Plaintiffs here seek relief from this Court.

As the Court into which the FLSA claims would be moved, the Court here does have the authority to protect Plaintiffs' FLSA claims – authority that the *David* Court found it lacked. Accordingly, the Court should protect Plaintiffs from arguments of claim splitting and/or res judicata by either (i) granting Plaintiffs leave to file an amended Complaint to include their FLSA claims while tolling the FLSA statute of limitations so that such claims will not be considered untimely, or alternatively, (ii) ruling that res judicata and claim-splitting principles will not bar Plaintiffs' claims in this action.

## III.   DISCUSSION

### A.   Plaintiffs Should be Granted Leave to Amend Their Complaint While Preserving the Tolling of the FLSA Statute of Limitations.

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should ***freely give leave when justice so requires***."  Fed. R. Civ. P. 15(a)(2) (emphasis added).  The Fifth Circuit has held

that unless "there is *a substantial reason* to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 597-98 (5th Cir. 1981), (citation omitted)(emphasis added).  There is no "substantial reason" to deny leave to amend here.  Id. at 598.  There are no new defendants and Plaintiffs simply propose to amend their complaint to include FLSA claims identical to those presently pending in the Eastern District of Louisiana.  Defendants have had notice of the FLSA claims since the original complaint was filed in *David* in March, 2008.  No prejudice would result to Defendants in allowing the amendment under these circumstances.[5]

Moreover, several recent events justify allowing the amended Complaint.  First, Defendant Signal, in its motion to transfer this action, raised the issue of potential claim-splitting, as this Court recognized in its ruling denying Defendants' motion.  Order Denying Signal Defendants' Motion to Transfer, December 2, 2013, ECF No. 56.  Plaintiffs continue to have their FLSA claims pending in the *David* Court and their claims for violations of other statutes pending in this Court, leaving them open to Defendant Signal later arguing that a ruling in one case will bar the other action based on the principles of res judicata.

Second, Defendant Signal LLC recently moved for partial judgment on the pleadings in *David* and raised arguments related to Plaintiffs' FLSA claims.  Memorandum of Signal in Support of Motion for Judgment on the Pleadings at 1-2, *David*, November 6, 2013, ECF No. 1431.  Adjudication of some of Plaintiffs' claims in Louisiana before adjudication of claims here raises new risks of res judicata issues.  Thus, because of the positions Defendants have recently taken in both this action and in *David* raising claim splitting and res judicata risks, good cause exists to allow amendment of the Complaint to bring all Plaintiffs' claims into this one action.  In

---

[5] In fact, the amendment does not modify any allegations against the majority of the Defendants in this action.

short, Defendants seek to limit Plaintiffs' claims by playing procedural games to try to avoid rulings on the merits.

In granting the motion to amend, the Court should also grant Plaintiff's request that the Court equitably toll the statute of limitations applicable to Plaintiffs' FLSA claims. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Rivera v. Quarterman*, 505 F. 3d 349, 353 (5th Cir. 2007) (citing *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)).  Equitable tolling applies where a plaintiff shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 50 U.S. 631, 649, 130 S. Ct. 2549, 2562 (2010).

Here, Plaintiffs diligently pursued their rights to relief under the FLSA in the *David* Court.  The *David* Complaint was filed in March 2008, and Plaintiffs then timely filed their FLSA opt-in consents within the statute of limitations.  Defendants vigorously opposed the *David* Plaintiffs' proposed class action, but Signal did not oppose the *David* Plaintiffs' proposed collective action under the FLSA.  The *David* Court did not issue its ruling denying class certification until January 2012 – nearly four years after the *David* Complaint was filed and after the FLSA statute of limitations for bringing new claims had run.  Order and Reasons Denying Class Certif., *David*, January 4, 2012, ECF No. 1117 (*see* Pltf's Appendix, Tab 4, September 27, 2013, ECF 43).  The denial of class action certification forced Plaintiffs to file new individual actions or forfeit their rights.  Plaintiffs' need to file individual actions after the FLSA statute of limitations for new claims had already run is attributable to the complexities of the *David* litigation and constitutes an extraordinary circumstance.  Thus, equitable tolling is proper in this case.

The FLSA is "remedial and humanitarian in purpose" and "must not be interpreted or applied in a narrow grudging manner." *Truex v. Hearst Commc'ns, Inc.*, 96 F. Supp.2d 652, 666 (S.D. Tex. 2000) (quoting *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 597, 64 S. Ct. 698 (1944)).  As a matter of fairness and in the interest of justice, Plaintiffs' FLSA claims should not be barred by a statute of limitations they successfully tolled in *David*. To avoid claim splitting and res judicata conundrums, and so that all of Plaintiffs claims can be heard in one forum – and this is the most proper one for these Plaintiffs – the Court should allow Plaintiffs to bring their FLSA claims into their complaint in this action, while preserving tolling of the FLSA statute of limitations.

Defendant Signal – the only named defendant for FLSA claims – will not be unfairly disadvantaged by equitable tolling of the FLSA statute of limitations.  The proposed Amended Complaint refers to the same transaction or occurrence forming the basis for the original complaint in *David*.  Indeed Plaintiffs' proposed Amended Complaint copies language from the *David* Complaint.  Defendant Signal LLC received notice of the FLSA claims against it on March 8, 2008, when the original complaint in *David* was filed.  Complaint, *David*, March 8, 2008, ECF No. 1.  Further, Defendant Signal LLC received notice that Plaintiffs here were bringing FLSA claims when they opted into the *David* litigation, thereby triggering tolling of the FLSA statute of limitations.[6]

---

[6] *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916-17 (5th Cir. 2008) ("in a FLSA collective action … the limitations period for an opt-in plaintiff runs from the opt-in date"); *see also* 29 U.S.C. § 256 (for claimants not specifically named as parties in the complaint, a FLSA collective action "shall be considered to be commenced … on the subsequent date on which such written consent is filed in the court in which the action was commenced").

**B.      Alternatively, This Court Should Rule That Claim Splitting and Res Judicata Principles Will Not Be Applied to Bar Plaintiffs' Claims in This Action.**

In the alternative, Plaintiffs seek a ruling that this Court will not apply claim-splitting and/or res judicata principles to bar Plaintiffs' claims in this action.  *See* Restatement (Second) Judgments section 26(1)(c) (claim splitting principles do not apply where plaintiff was unable to rely on a certain theory of the case in the first case because of restrictions on the court's authority to entertain multiple theories in a single action) and section 26(1)(f) (claim- splitting principles do not apply where prior litigation will fail to yield a coherent disposition of the controversy). The Fifth Circuit has adopted and applied relevant parts of section 26 of the Restatement (Second) Judgments.  *E.g., Super Van Inc. v. City of San Antonio*, 92 F.3d 366, 371 (5th Cir. 1996) (adopting and applying Restatement (Second) Judgments sec. 26(1)(a)).   This Court should do likewise.

Defendants should not be permitted to argue in *David* that Plaintiffs should bring their actions individually and class action should be denied, then – after Plaintiffs brought their actions individually as required – argue that they are claim-splitting.  In short, Defendants should not be allowed to proceed in *David*, then argue res judicata principles to deprive Plaintiffs of their day in Court here.  Plaintiffs strongly believe that they will prevail on their claims under the FLSA and on those brought in this Court.  Plaintiffs should not be required to place their claims in either action in jeopardy due to Defendants' gamesmanship.  This Court should thus bar Defendants from such gamesmanship, and should rule that claim-splitting and res judicata principles will not be applied to bar Plaintiffs' claims.

**IV.      CONCLUSION**

For the reasons discussed above, Plaintiffs request that the Court grant Plaintiffs' motion for leave to file the proposed amended complaint with tolling of the applicable statute of

limitations, or alternatively, rule that claim splitting and res judicata principles will not be applied to bar Plaintiffs' claims.

DATED:  April 23, 2014.                         Respectfully Submitted,


                                                By:   __s/ Susan W. Pangborn_____

KILPATRICK TOWNSEND &                           William H. Boice
STOCKTON, LLP                                   Georgia Bar No. 065725
1100 Peachtree Street, Suite 2800               Brian G. Corgan (*Admitted Pro Hac Vice*)
Atlanta, GA 30309-4528                          Georgia Bar No. 187700
Telephone:  (404) 815-6500                      Susan W. Pangborn (*Admitted Pro Hac Vice*)
Facsimile:  (404)-815-6555                      Georgia Bar No. 735027
bboice@kilpatricktownsend.com                   California Bar No. 282533
bcorgan@kilpatricktownsend.com                  Heather L. Heindel (*Admitted Pro Hac Vice*)
spangborn@kilpatrickstockton.com                Georgia Bar No. 285204
hheindel@kilpatricktownsend.com
                                                Attorneys for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 23, 2014 a true and correct copy of the following

documents:

1. **PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT WITH TOLLING OF THE STATUTE OF LIMITATIONS;**

2. **APPENDIX A TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT WITH TOLLING OF THE STATUTE OF LIMITATIONS;**

3. **PROPOSED ORDER; and**

4. **FIRST AMENDED COMPLAINT**

were filed electronically with the Clerk of Court using the CM/ECF system, which will

automatically send e-mail notification of such filings to all attorneys of record.

I FURTHER CERTIFY that on April 23, 2014 I served a true and correct copy of the

foregoing documents upon the below-named Defendant by depositing a copy of same in the U.S.

Mail, with sufficient postage thereon to insure delivery, and properly addressed as follows:

> Global Resources, Inc.
> c/o Michael Pol
> 13 Herring Road
> Beaumont, MS 39423-2055

This 23rd day of April, 2014.

|  |  |
|---|---|
|  | By:    s/ Susan W. Pangborn          |
| KILPATRICK TOWNSEND & | Susan W. Pangborn (*Admitted Pro Hac Vice*) |
| STOCKTON, LLP | Georgia Bar No. 735027 |
| 1100 Peachtree Street, Suite 2800 | California Bar No. 282533 |
| Atlanta, GA 30309-4528 |  |
| Telephone:  (404) 815-6500 |  |
| Facsimile:  (404)-815-6555 |  |
| bboice@kilpatricktownsend.com |  |
|  | Attorney for Plaintiffs |

## CERTIFICATE OF CONFERENCE

The undersigned Counsel certifies that Counsel has complied with the meet and confer requirement in Local Rule CV-7(h), by conferring by telephone on April 17, 2014 with both counsel for Defendant Signal and counsel for Defendants Sachin Dewan and Dewan Consultants Pvt. Ltd. (collectively "Dewan") concerning the nature of this Motion and the requested relief. Counsel for Defendant Signal is opposed to the relief requested herein, but counsel for Defendant Dewan is not.

I also left a message for counsel for Defendants Malvern C. Burnett, The Law Offices of Malvern C. Burnett, A.P.C. , and Gulf Coast Immigration Law Center, LLC as to the need to conduct a conference on the Motion for Leave to File First Amended Complaint with Tolling of Statute of Limitations, but received no return calls before the filing of this motion.

By:   s/ Susan W. Pangborn
Susan W. Pangborn (*Admitted Pro Hac Vice*)
Georgia Bar No. 735027
California Bar No. 282533

Attorney for Plaintiffs