Case Management Conference

```
                                                                1
 1              UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF TEXAS
 2                   BEAUMONT DIVISION

 3  REJI SAMUEL, ET AL        |  DOCKET NO. 1:13CV323
                              |
 4                            |  OCTOBER 17, 2013
    VS.                       |
 5                            |  10:21 A.M.
    SIGNAL INTERNATIONAL, LLC,|
 6  ET AL                     |  BEAUMONT, TEXAS

 7

 8  BIJU MUKRUKKATTU JOSEPH,  |  DOCKET NO. 1:13CV324
    ET AL                     |
 9                            |  OCTOBER 17, 2013
    VS.                       |
10                            |  10:21 A.M.
    SIGNAL INTERNATIONAL, LLC,|
11  ET AL                     |  BEAUMONT, TEXAS

12

13  -----------------------------------------------------

14         VOLUME 1 OF 1, PAGES 1 THROUGH 15

15   REPORTER'S TRANSCRIPT OF CASE MANAGEMENT CONFERENCE

16        BEFORE THE HONORABLE ZACK HAWTHORN
             UNITED STATES MAGISTRATE JUDGE
17
    -----------------------------------------------------
18

19  APPEARANCES:

20  FOR THE PLAINTIFFS:   WILLIAM H. BOICE
                          KILPATRICK TOWNSEND & STOCKTON
21                        1100 PEACHTREE STREET
                          SUITE 2800
22                        ATLANTA, GEORGIA 30309

23
                          DANIELLA LANDERS
24                        SUTHERLAND, ASBILL & BRENNAN
                          FIRST CITY TOWER
25                        1001 FANNIN, SUITE 3700
                          HOUSTON, TEXAS 77002
```

Tonya B. Jackson, RPR-CRR
409.654.2833

```
 1                            JOHN FLEMING
                              SUTHERLAND, ASBILL & BRENNAN
 2                            999 PEACHTREE STREET NE
                              ATLANTA, GEORGIA 30309
 3

 4  FOR DEFENDANTS:           ERIN HANGARTNER
                              HANGARTNER RYDBERG TERRELL & HART
 5                            ONE SHELL SQUARE
                              701 POYDRAS, SUITE 310
 6                            NEW ORLEANS, LOUISIANA 70139

 7                            PATRICIA BOLLMAN
                              ATTORNEY AT LAW
 8                            P.O. BOX 13707
                              NEW ORLEANS, LOUISIANA 70185
 9

10

11  COURT REPORTER:           TONYA B. JACKSON, RPR-CRR
                              FEDERAL OFFICIAL REPORTER
12                            300 WILLOW, SUITE 239
                              BEAUMONT, TEXAS  77701
13

14

15

16     PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
            TRANSCRIPT PRODUCED BY COURT REPORTER
17

18

19

20

21

22

23

24

25
```

```
 1                  (OPEN COURT, ALL PARTIES PRESENT.)
 2                  THE COURT:  All right.  The court calls Cases
 3   1:13CV323, Samuel versus Signal and others, and then
 4   1:13CV324, Joseph and others versus Signal and others.
 5                  Who is here representing the plaintiffs in
 6   Samuel?
 7                  MR. BOICE:  Bill Boice, your Honor, for the
 8   plaintiffs, Kilpatrick Townsend.
 9                  THE COURT:  Okay.  And I assume the same
10   defense attorneys are present on both cases; is that
11   correct?
12                  MS. HANGARTNER:  Good morning, your Honor.
13   Erin Hangartner on behalf of Signal International.
14                  MS. BOLLMAN:  Patricia Bollman on behalf of
15   Signal International.
16                  THE COURT:  Okay.  Thank you.
17                  MS. HANGARTNER:  Thank you, judge.
18                  And then on Joseph, who is here representing
19   the plaintiffs?
20                  MS. LANDERS:  Daniella Landers with
21   Sutherland, Asbill & Brennan.
22                  MR. FLEMING:  And John Fleming also with
23   Sutherland.
24                  THE COURT:  Okay.  Samuel is pending before
25   Judge Crone, and it's referred to me for pretrial
```

1   management.  *Joseph* is filed in Judge Clark, and it's
2   referred to me for pretrial management.  There are three
3   other cases that relate to this case.  That would be --
4   I'm going to botch the pronunciation -- *Meganathan*,
5   1:13CV497, Judge Crone's court; *Marimuthu*, 1:13CV499,
6   Judge Crone's court; *Kambala*, 1:13CV498, Judge Clark's
7   court.  We're not here for a status conference on those
8   three cases, but just so the parties know that those
9   cases are also referred to me for pretrial management.
10            So, given that *Samuel* is in Judge Crone's
11  court and *Joseph* is in Judge Clark's court, what I've
12  done is drafted proposed scheduling orders that has
13  essentially uniform deadlines for both cases, with the
14  exception that the trial dates for Judge Crone -- or the
15  final status conference date for Judge Crone in *Samuel*
16  fits with her trial docket or final status conference
17  docket; and then, respectively, as to *Joseph* in Judge
18  Clark's court, it's set for docket call and jury
19  selection and trial for his trial dates.  But all the
20  dates leading up to it are uniform and the same.
21            It has been the practice or method of the
22  Beaumont Division for cases that are related that are
23  filed in different judges' courts, that they will refer
24  it to one magistrate judge for all pretrial management to
25  try to create some uniformity to the pretrial

1  proceedings. So far it has worked well. We did it on a
2  FELA asbestos case -- a bunch of FELA asbestos cases in
3  which those cases were filed in different divisions, and
4  we're also accomplishing the same in some mortgage pool
5  cases that have been filed in the respective courts.
6        So, what I endeavor to do is enter a uniform
7  scheduling order for both courts because to me, since the
8  claims may be somewhat related even though they're
9  individual plaintiffs, that there is one deadline for,
10 for instance, discovery cutoff, motion cutoff, joint
11 pretrial orders, designated expert witnesses, to where
12 one court doesn't have a discovery deadline cutoff on one
13 day -- two weeks after that can create some, I think,
14 confusion for the parties, perhaps.
15       So, what I did was I adopted the scheduling
16 order for Judge Crone or her template for both cases and
17 just tweaked the docket call and the trial settings for
18 Judge Clark and Judge Crone. Also, for the record, I
19 handed those out to the -- my proposed scheduling order
20 to the parties.
21       I'll just take the plaintiffs in *Samuel* first.
22 Do you have any issues or problems with those dates,
23 Mr. Boice?
24       MR. BOICE: No, your Honor. Those are fine.
25 Those are I think what we had agreed to before.

1        THE COURT:  Okay.  How about the defendants in
2   *Samuel*, Ms. Bollman and Ms. Hangartner?
3        MS. HANGARTNER:  Your Honor, I don't have any
4   issues with the *Samuel* cutoffs because we don't have a
5   trial date in *Samuel*.  So, it would be *Joseph* that we
6   have a bit of an issue with.
7        THE COURT:  Okay.  The plaintiffs in *Joseph*,
8   Ms. Landers and Mr. Fleming?
9        MS. LANDERS:  No, we don't have a problem with
10  it.
11       THE COURT:  No problems with that.  Okay.
12       And then, Ms. Hangartner, your issues in
13  *Joseph*?
14       MS. HANGARTNER:  We had a status conference
15  with Judge Morgan in EDLA and she set the trial in the
16  *David* matter, which was kind of the (indiscernible) for
17  all of these cases; and she unfortunately set it for
18  January 12th, same date.
19       THE COURT:  1/12/15 --
20       MS. HANGARTNER:  Yes, your Honor.
21       THE COURT:  -- is that correct?
22       MS. HANGARTNER:  Yes, your Honor.
23       THE COURT:  Okay.  And is that the trials
24  that --
25       MS. HANGARTNER:  That would be --

```
 1              THE COURT:  Okay.  Do you have at your
 2   fingertips Judge Clark's -- the next one?
 3              UNIDENTIFIED SPEAKER:  (Indiscernible).
 4              THE COURT:  He doesn't have any 2015 dates?
 5   What's the one after January, 2015, the next grouping?
 6              UNIDENTIFIED SPEAKER:  The next is January
 7   29th and -- for the pretrial and February 2nd.
 8              THE COURT:  How about the next one?
 9              UNIDENTIFIED SPEAKER:  February 19th and
10   February 23rd.
11              THE COURT:  February 19th and February 23rd --
12   it would be fresh on your mind, the cases.
13              MS. HANGARTNER:  May I ask for much reprieve,
14   your Honor?
15              MS. BOLLMAN:  Your Honor, we have no objection
16   to that date.
17              THE COURT:  Okay.  How about the next one
18   that's after February?
19              UNIDENTIFIED SPEAKER:  March 12th and
20   March 16th.
21              THE COURT:  Okay.  How is that?
22              MS. HANGARTNER:  That works, your Honor.
23              THE COURT:  Okay.  What I'm going to do is
24   then perhaps change the docket call and final pretrial to
25   March the 12th, 2015, and jury selection and trial for
```

1  March the 16th, 2015, in the *Joseph* case.
2          MS. LANDERS:  Your Honor, I just had a
3  question.  I'm looking at the dates, and I see "video
4  Sherman."  I can't --
5          THE COURT:  Wait.
6          UNIDENTIFIED SPEAKER:  (Indiscernable).
7          THE COURT:  Does he want to do the final
8  pretrial by video when he's in Sherman?
9          UNIDENTIFIED SPEAKER:  That's what it looks
10 like, but it's still under Beaumont.
11         THE COURT:  Okay.
12         MS. LANDERS:  But it also says "jury
13 selection," too.  I just had a question about that.
14         THE COURT:  Okay.  Is that what he's doing
15 when he's up in Sherman?  Then everybody has to come up
16 to Sherman, Tonya?
17         COURTROOM DEPUTY:  I have no idea.
18         THE COURT:  We don't know what that means?
19         COURTROOM DEPUTY:  I don't know what that
20 means.
21         THE COURT:  How about we -- I'll make a deal
22 with you.  Let me talk to Judge Clark's court and see
23 what that means and -- because he has half of the Sherman
24 civil docket now and -- I don't think a case like this
25 lends itself logistically to doing any final pretrials by

1 video if he's up in Sherman.
2 So, what's the next date after March?
3 UNIDENTIFIED SPEAKER: The next date is
4 April 9th.
5 THE COURT: April 9th. Okay. What I'm going
6 to do is find out what the deal on that is. If he's
7 going to have a Beaumont pretrial and that's just an
8 error in that, then we'll set it for March 12th and
9 March 16th. If he was going to handle some things when
10 he's in Sherman by video for a Beaumont case, I don't
11 think that will work in this case; so, I'm going to then
12 set it for April the 9th and April the 13th. Okay?
13 MS. LANDERS: Your Honor, we have no objection
14 to that.
15 THE COURT: Okay. Now, this pertains to
16 Judge Crone, too; but it especially pertains to Judge
17 Clark. And I'm going to tell the parties this once and
18 maybe twice and maybe three times. We are two district
19 judges down in the Eastern District. There's a vacancy
20 in the Texarkana Division and a vacancy in the Sherman
21 Division, and what that creates is a situation in which
22 the judges in the Beaumont Division have to handle some
23 of the docket up in the Sherman Division. Judge Crone
24 has 50 percent of the Sherman criminal docket, which is a
25 huge criminal docket. Judge Clark has 40 percent of the

1  criminal/civil in Beaumont, 100 percent of criminal/civil
2  in Lufkin, and then 50 percent of criminal in Sherman.
3  So, we are now currently I think the second busiest
4  per capita district in the country which means that
5  continuances and resettings for trial dates is very
6  difficult not because the judges are not trying to be
7  accommodating but because it's just really hard to move
8  these cases around and continue them or else the docket
9  will get out of control.
10            So, when we say March 12th and March 16th for
11 final pretrial and trial in Judge Clark's court for 2015,
12 we mean what we say.  There may be -- it may be the
13 practice in other districts or divisions to more
14 liberally grant resettings and continuances.  Not in this
15 one until we get those vacancies filled.  By 2015, who
16 knows; but let's just assume they won't.  The vacancy in
17 Sherman has existed since Judge Heartfield took senior
18 status in 2006, I believe.  So, the dates are pretty much
19 set in stone as far as the final pretrial and trial
20 dates.
21            Furthermore, the dates are also very set in
22 stone as far as the pretrial deadlines.  Try to live up
23 to them as best that you can because once you start
24 moving your expert designations as the plaintiff and
25 the -- if you do that, then you have to bump the expert

1  designations for the defendant and then you have to bump
2  back the discovery and then you have to bump back the
3  motion cutoff and then the joint pretrial order and so
4  then necessarily you would have to bump back the final
5  pretrial and the trial dates.  So, because those are
6  inflexible, the last two, then to a certain extent the
7  first ones are inflexible as well.  So, please, please --
8  advice to the attorneys -- try to live up to these
9  deadlines as best that you can.
10            I will do my best to -- if there's a good
11 reason -- to continue them if there is a good reason but
12 that's no guarantee and in fact don't be surprised if I
13 cannot grant you the relief requested.  These dates are
14 fairly -- we made them and the parties made them fairly
15 far off; so, let's try to comply with them to the extent
16 that we can.
17            Okay.  Anything from the plaintiffs in the
18 *Samuel* case, Mr. Boice?
19            MR. BOICE:  No, your Honor.
20            THE COURT:  Okay.  Anything -- yes, sir.
21            Anything from the plaintiffs in the *Joseph*
22 case?
23            MS. LANDER:  No, your Honor.
24            THE COURT:  Anything else from the defendants
25 in the *Samuel* or *Joseph* case?

1          MS. HANGARTNER:  Your Honor, Erin Hangartner,
2   obviously.  And I don't mean to be a thorn in your side;
3   but given what you said, I'm wondering if out of an
4   abundance of caution that maybe we could -- or you would
5   consider the April 9/April 13 pairing to give us some
6   breathing room.
7          THE COURT:  I'm going to go ahead and do that
8   right now.
9          MS. HANGARTNER:  I do appreciate that, your
10  Honor.
11         THE COURT:  Okay.
12         MS. BOLLMAN:  We have no objection.
13         THE COURT:  Okay.  Anything else?
14         MS. HANGARTNER:  No, your Honor.  Thank you.
15         THE COURT:  Okay.  All right.  Well, what I'll
16  do is today I'll enter the scheduling order as drafted in
17  *Samuel* and then I'll enter the scheduling order as
18  drafted in *Joseph* with the exception of the April 9th and
19  the April 13th deadlines.  And I'll also make a notation
20  in that scheduling order that the reason why the dates
21  are set off so far is because of the trial that's set in
22  Judge Morgan's court for the same date.
23         MS. HANGARTNER:  Yes, your Honor.
24         THE COURT:  In case anybody wonders why.
25         MS. HANGARTNER:  And just to give you the

1  heads-up, too, there's another one coming this way, is my
2  understanding.
3          THE COURT: Okay. Other -- okay. So, that
4  would be in addition to *Meganathan*, *Marimuthu*, and
5  *Kambala*? There's another one?
6          MS. HANGARTNER: There's another one. One of
7  the plaintiff counsel in the *David* case indicated that
8  there would be one more coming to Texas, one to the
9  Southern District of Mississippi, and then another one to
10 EDLA.
11         THE COURT: All right. I anticipate, if I
12 can, having another scheduling conference in those three
13 and maybe that fourth one but *Meganathan* or -- I've not
14 issued an order to conduct in that one because the
15 defendants haven't filed an appearance or an answer in
16 the second two yet. I don't know -- I just notice on the
17 docket that the summons have issued but they haven't been
18 executed.
19         Ms. Hangartner, do you have any idea what
20 the -- have you been served yet on those last two ones,
21 or has your client?
22         MS. HANGARTNER: I believe Signal has been --
23         THE COURT: You need to stand up.
24         MS. HANGARTNER: Sorry.
25         THE COURT: That's okay.

1      MS. HANGARTNER:  I believe Signal has been
2 served in the *Meganathan*.  And I know I'm butchering it
3 as well.
4      THE COURT:  Okay.
5      MS. HANGARTNER:  I don't believe that we have
6 been served in the others, in the other two.
7      THE COURT:  Well, I know you have been served
8 in *Meganathan* because you filed a motion to dismiss.
9      MS. HANGARTNER:  Correct, correct.
10      THE COURT:  But in the last two, it just says
11 summons were issued but haven't been executed.  So, I'm
12 just trying to -- and they may be executed already and
13 just not filed, but I'm just trying to get an idea --
14      MS. HANGARTNER:  I don't believe Signal has
15 been served yet.
16      THE COURT:  Okay.  All right.  Well, I'm going
17 to wait a few more weeks on *Meganathan* before I do an
18 order to conduct to see what happens on those other two
19 because I want to have one scheduling conference for
20 those three cases as well.
21      MS. HANGARTNER:  Okay.
22      THE COURT:  And I anticipate having a uniform
23 scheduling order for those three, too, and maybe the
24 fourth one; but let's just see what happens.  Okay?
25      MS. HANGARTNER:  Okay.

1     THE COURT: Yes, ma'am?

2     MS. LANDERS: Your Honor, we also have some
3 other defendants that due to either they're -- because
4 they are out of the country or just difficult to locate,
5 that we are still trying to serve.

6     THE COURT: Okay.

7     MS. LANDERS: Is it our understanding that
8 these dates are set and -- we're planning to serve them
9 within the next 60 days hopefully. We're going through
10 the Hague Convention for those that are in India.

11     THE COURT: Okay.

12     MS. LANDERS: But we would hopefully not have
13 to move those dates -- move the dates that have been set
14 by this order even if they're served later.

15     THE COURT: Okay. All right. Fair enough.
16     Okay. We'll be adjourned.

17     (Proceedings adjourned, 10:38 a.m.)

18

19                 <u>CERTIFICATION</u>

20     I certify that on this date, April 25, 2014,
21 the foregoing is a correct transcript from the electronic
22 sound recording of the proceedings in the above-entitled
23 matter

24

25                 /s/
                  TONYA JACKSON, RPR-CRR