UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | |
|---|---|
| REJI SAMUEL, et al.,<br>　　　　Plaintiffs | CIVIL ACTION NO: 1:13-cv-00323 |
| v. | DISTRICT JUDGE<br>MARCIA A. CRONE |
| SIGNAL INTERNATIONAL, LLC, et al,<br>　　　　Defendants | MAGISTRATE JUDGE<br>ZACK HAWTHORN |

# ANSWER ON BEHALF OF SACHIN DEWAN AND DEWAN CONSULTANTS PVT. LTD. TO SIGNAL'S CROSS CLAIMS

NOW INTO COURT, through undersigned counsel, come Sachin Dewan and Dewan Consultants Pvt. Ltd. ("Dewan Consultants") (collectively referred to as the "Dewan defendants"), who hereby answer the cross claims filed by defendant Signal International, LLC (and all related Signal entities specifically named as defendants in this lawsuit by whatever name or designation, and which is collectively referred to herein as "Signal") as follows:

1.

The allegations set forth in paragraph 274 of Signal's cross claims require no answer from the Dewan defendants. However, out of an abundance of caution, said allegations are denied.

2.

The allegations set forth in paragraphs 275 through 280 of Signal's cross claims are denied for lack of sufficient information to justify a belief therein.

3.

The allegations set forth in paragraph 281 of Signal's cross claims call for a legal conclusion and therefore require no response from the Dewan defendants. However, out of an abundance of caution, said allegations are denied.

4.

The allegations set forth in paragraphs 282 through 284 of Signal's cross claims are denied for lack of sufficient information to justify a belief therein.

5.

The allegations set forth in paragraphs 285 through 286 of Signal's cross claims are denied.

6.

The allegations set forth in paragraphs 287 through 288 of Signal's cross claims are denied as written.

7.

The allegations set forth in paragraphs 289 through 290 of Signal's cross claims are denied.

8.

The allegations set forth in paragraphs 291 of Signal's cross claims are denied for lack of sufficient information to justify a belief therein.

9.

The allegations set forth in paragraph 292 of Signal's cross claims are denied.

10.

The allegations set forth in paragraphs 293 through 294 of Signal's cross claims are denied for lack of sufficient information to justify a belief therein.

11.

The allegations set forth in paragraph 295 of Signal's cross claims are denied as written.

12.

The allegations set forth in paragraph 296 of Signal's cross claims are denied for lack of sufficient information to justify a belief therein.

13.

The allegations set forth in paragraph 297 of Signal's cross claims are denied.

14.

The allegations set forth in paragraph 298 through 299 of Signal's cross claims are denied for lack of sufficient information to justify a belief therein.

15.

The allegations set forth in paragraphs 300 through 304 of Signal's cross claims are denied.

16.

The allegations set forth in paragraph 305 of Signal's cross claims require no answer from the Dewan defendants.  However, out of an abundance of caution, said allegations are denied.

17.

The allegations set forth in paragraphs 306 through 307 of Signal's cross claims are denied.

18.

The allegations set forth in paragraph 308 of Signal's cross claims are denied for lack of sufficient information to justify a belief therein, and denied inasmuch as they allege the Dewan defendants made any false representations to Signal.

19.

The allegations set forth in paragraphs 309 through 311 of Signal's cross claims are denied.

20.

The allegations set forth in paragraphs 312 through 326 of Signal's cross claims require no answer from the Dewan defendants. However, out of an abundance of caution, said allegations are denied.

21.

The allegations set forth in paragraph 327 of Signal's cross claims require no answer from the Dewan defendants. However, out of an abundance of caution, said allegations are denied.

22.

The allegations set forth in paragraphs 328 through 330 of Signal's cross claims are denied.

23.

The allegations set forth in paragraph 331 of Signal's cross claims require no answer from the Dewan defendants. However, out of an abundance of caution, said allegations are denied.

24.

The allegations set forth in paragraph 332 of Signal's cross claims are denied as written.

25.

The allegations set forth in paragraph 333 call for a legal conclusion therefore require no response from the Dewan defendants.  However, out of an abundance of caution, said allegations are denied.

26.

The allegations set forth in paragraphs 334 through 335 of Signal's cross claims are denied.

27.

The allegations set forth in paragraph 336 of Signal's cross claims require no answer from the Dewan defendants.  However, out of an abundance of caution, said allegations are denied.

28.

The allegations set forth in paragraph 337 through 339 of Signal's cross claims are denied as written.

29.

The allegations set forth in paragraph 340 of Signal's cross claims call for a legal conclusion and therefore require no response from the Dewan defendants.  However, out of an abundance of caution, said allegations are denied.

30.

The allegations set forth in paragraph 341 of Signal's cross claims are denied.

31.

The allegations set forth in paragraph 342 of Signal's cross claims require no answer from the Dewan defendants.  However, out of an abundance of caution, said allegations are denied.

32.

The allegations set forth in paragraph 343 of Signal's cross claims are denied for lack of sufficient information to justify a belief therein.

33.

The allegations set forth in paragraph 344 through 346 of Signal's cross claims are denied.

34.

The allegations set forth in paragraph 347 through 351 of Signal's cross claims require no answer from the Dewan defendants.  However, out of an abundance of caution, said allegations are denied.

35.

The allegations set forth in paragraph 352 of Signal's cross claims require no answer from the Dewan defendants.  However, out of an abundance of caution, said allegations are denied.

36.

The allegations set forth in paragraph 353 through 354 of Signal's cross claims are denied.

**AFFIRMATIVE DEFENSES**

The Dewan defendants hereby assert the following affirmative defenses to Signal's cross claims:

1.

All of Signal's cross claims against the Dewan defendants fail to state a claim upon which relief can be granted.

2.

Signal has failed to plead with particularity its fraud allegations against the Dewan defendants, as required by Federal Rule of Civil Procedure 9(b).

3.

This Court lacks subject matter jurisdiction over Signal's cross claims against the Dewan defendants.

4.

Signal's cross claims against the Dewan defendants are barred by the applicable statutes of limitations, prescriptive periods, and/or laches.

5.

Signal has suffered no damages as a result of any alleged acts, errors or omissions by the Dewan defendants.

6.

If it is determined that the Dewan defendants are at fault, which is denied, Signal was comparatively negligent and/or at fault, which serves as a bar and/or diminution of Signal's recovery.

7.

In the event it is determined that the Dewan defendants are at fault, which is denied, it is averred that any fault of the Dewan defendants was passive, whereas the fault of other parties was active such that no judgment should be rendered against the Dewan defendants.

8.

In the event this Court should find that Signal has suffered any of the damages alleged, which is denied, the Dewan defendants aver that Signal's damages, if any, were caused or contributed to by other persons or parties for whose actions the Dewan defendants are not legally responsible and over whom the Dewan defendants had no control.

9.

Signal has failed to mitigate its alleged damages so that any alleged recovery sought herein should be reduced or be precluded entirely.

10.

All affirmative defenses pled by the all other defendants-in-cross claim in response to Signal's cross claims are adopted and incorporated herein and made a part hereof as if copied herein *in extenso*.

**JURY DEMAND**

In its Answer to Plaintiffs' Complaint, the Dewan defendants requested a jury trial. In an abundance of caution, the Dewan defendants further request a jury trial in connection with Signal's cross claims against them.

**WHEREFORE**, the Dewan defendants pray that this Answer on Behalf of the Dewan defendants to Signal's Cross Claims be deemed good and sufficient and that after due proceedings, including a jury trial of this matter, there be judgment herein in favor of the Dewan defendants dismissing Signal's cross claims against them, and for all costs, attorney fees, and all general and

equitable relief to which the Dewan defendants may be entitled.

                                    Respectfully submitted,

                                    /s/ *Stephen H. Shapiro*
                                    STEPHEN H. SHAPIRO (#21076)
                                    Attorney at Law
                                    A Limited Liability Company
                                    700 Camp Street
                                    New Orleans, LA 70130
                                    Telephone: (504) 309-8442
                                    E-mail: steve@shapirolaw-nola.com

                                    **Counsel for Sachin Dewan and**
                                    **Dewan Consultants Pvt. Ltd.**

## CERTIFICATE OF SERVICE

I hereby certify that this Answer on Behalf of Sachin Dewan and Dewan Consultants Pvt. Ltd. to Signal International, LLC's Cross Claims has been filed electronically using this Court's ECF system, and therefore has been served on all counsel of record by electronic transmission, and additionally by means which this Court has deemed necessary and appropriate on this 8th day of May 2014.

                                    /s/ *Stephen H. Shapiro*
                                    Stephen H. Shapiro