**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| REJI SAMUEL, ATHA MOHAMMAD ABDUL, KESAVARAO BUNDANKAYALA, RAJU DIVAKARAN, BIJU PERUMPILLY GEORGE, KRISHNA GONTHINA, NAYAPPULLI JAYACHANDRAN, GALLA VENKATA RAMA KRISHNA, SAMUEL JOSE KUMRUMTHODATHIL, LOHITHAKSHAN MADAMPET, JOHNY MANDY MATHAI, BELTHAZAR PETER, MOHANAN BALAKRISHNA PILLAI, SANTHOSH KUMAR RAJENDRAN PILLAI, ABY KARICKATHARA RAJU, SUMESH PORAMBATHUPARAMBIL SUBRAMANIAN, and CHANDRAN SHAJU THANISSERY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| | ) CIV. NO. 1:13-cv-00323 |
| v. | ) ) |
| SIGNAL INTERNATIONAL L.L.C., SIGNAL INTERNATIONAL, INC., SIGNAL INTERNATIONAL TEXAS, G.P., SIGNAL INTERNATIONAL TEXAS, L.P., MALVERN C. BURNETT, GULF COAST IMMIGRATION LAW CENTER, L.L.C., LAW OFFICES OF MALVERN C. BURNETT, A.P.C., GLOBAL RESOURCES, INC., MICHAEL POL, SACHIN DEWAN, and DEWAN CONSULTANTS PVT. LTD. (a/k/a MEDTECH CONSULTANTS), | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**CONSENT CLAWBACK ORDER**

1.     **Basis for the Clawback Provisions.** The Court recognizes that:

a.     Defendants Signal International, L.L.C., Signal International, Inc., Signal

International Texas, G.P., and Signal International Texas, L.P. (collectively "Signal

Defendants") will be required to disclose and produce a high volume of material;

b.      It will not be possible for the Signal Defendants to inspect each item and/or document individually, prior to production, for possible protection by attorney-client privilege or attorney work product protection;

c.      Delaying disclosure or production until it would be possible for the Signal Defendants to inspect each item prior to production is not an acceptable alternative;

d.      In lieu of a thorough pre-production inspection of all materials, these clawback provisions allow the Signal Defendants to disclose and produce the necessary materials without risking waiver of attorney-client privilege or attorney work product protection as to the inadvertently disclosed material or its subject matter.

2.      **Post-Production Assertion of Claims of Privilege or Work Product Protection**. For the reasons stated above, among others, the parties will adhere to the following procedures with regard to the inadvertent production of privileged or protected material:

a.      Inadvertent production of paper documents or electronically stored information by the Signal Defendants, subject to protection by the attorney-client privilege and/or the work-product doctrine (hereinafter "inadvertently produced materials") shall not constitute a waiver of attorney-client privilege or attorney work product protection, either as to the disclosed material itself or its subject matter;

b.      The receiving parties shall notify the Signal Defendants within seven business days, in writing, upon discovery of any document that appears to contain attorney-client privileged information or attorney work product, and shall refrain from using the attorney-client privileged information or attorney work product pending resolution of any challenge to such protections.  The Signal Defendants shall notify the receiving parties, in writing, within seven business days of discovery of any inadvertently produced materials.

c.      If either the Signal Defendants or the receiving party notifies the other that the privileged materials have been produced, the inadvertently produced materials, all copies of those materials, and all notes or other work product reflecting the contents of these materials shall be returned to the Signal Defendants or destroyed, on request of the Signal Defendants, except as set forth in subparagraph (d), below. Any returned inadvertently produced materials shall be identified with particularity on a privilege log to be served on the Plaintiffs within seven business days.

d.      Nothing in this Order shall limit the receiving party's right to challenge (on grounds unrelated to the fact or circumstances of the disclosure) the Signal Defendants' claim that the inadvertently produced materials are protected from disclosure by the attorney-client privilege or attorney work product doctrine.  If, after undertaking an appropriate meet-and-confer process, the parties are unable to resolve any dispute they have concerning the protection of inadvertently produced materials, the receiving party may file the appropriate motion or application as provided by the Court's procedures to compel production of such material.  Any inadvertently produced materials submitted to the Court in connection with a challenge to the Signal Defendants' claim of attorney-client privilege or attorney work product protection shall not be filed in the public record, but rather shall be redacted, filed under seal, or submitted for *in camera* review.

e.      The inadvertently produced materials shall be deleted from the receiving party's litigation-support or other database. Again, the receiving party may make no use of these documents during depositions or at trial.

f.      The contents of the inadvertently produced materials shall not be disclosed to anyone.

g.      The Court adopts these clawback provisions as an order of the Court pursuant to

Rule 16(b)(3)(B)(iv) of the Federal Rules of Civil Procedure and Rule 502(d) of the

Federal Rules of Evidence. This order may be enforceable as any other order of the

Court.

**SO ORDERED**:

   SIGNED this 30th day of May, 2014.


_____
Zack Hawthorn
United States Magistrate Judge