**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| REJI SAMUEL, *et al.* | § | |
| | § | |
| v. | § | **1:13-CV-323** |
| | § | |
| SIGNAL INTERNATIONAL L.L.C., *et al.* | § | |

**ORDER DENYING BURNETT DEFENDANTS' MOTION TO TRANSFER**

This case is assigned to the Honorable Marcia A. Crone, United States District Judge, and

is referred to the undersigned United States Magistrate Judge for all pretrial matters pursuant to a

Referral Order.   (Doc. No. 5.)   Pending before the undersigned is a "Motion to Transfer Venue

and Memorandum in Support" (Doc. No. 39), filed by Malvern C. Burnett, the Law Offices of

Malvern C. Burnett, A.P.C., and Gulf Coast Immigration Law Center, L.L.C ("the Burnett

Defendants").   Having considered the pending motion and the corresponding response (Doc. No.

44), the undersigned recommends that the motion be denied because there is not a substantial

overlap between the instant suit and *Kurian David et al. v. Signal, Int'l, L.L.C. et al.*, the first filed

suit.   See Civ. A. No. 08-1220 (E.D. La.).

## I.  Background

*A.  Procedural Background*

On March 7, 2008, twelve individuals who were allegedly trafficked into the United States

filed a putative class action against the Defendants in the Eastern District of Louisiana asserting

trafficking, RICO, civil rights, and state law contract and fraud claims.[1]   That Court denied class

---

1.   The District Court has not ruled on the collective action FLSA claims in the *David* case, which include
opt-ins by the Plaintiffs in this case.   (Doc. No. 44, p. 3.)

certification;[2] and, as a result of this ruling, the Plaintiffs in the instant action filed suit in this District, where they were allegedly subjected to deplorable working conditions at a Signal facility in Orange, Texas.  (Doc. No. 1.)   On May 21, 2013, the Plaintiffs filed a complaint in this court against the following Defendants: the Burnett Defendants, Signal International L.L.C., Signal International, Inc., Signal International Texas, G.P., Signal International Texas, L.P. (collectively referred to as "Signal"), Michael Pol, Global Resources, Inc., Sachin Dewan, and Dewan Consultants PVT. LTD. (a/k/a Medtech Consultants).   (Id.)   The Burnett Defendants consist of Malvern C. Burnett and his two corporations: Gulf Coast Immigration Law Center, L.L.C. and Law Offices of Malvern C. Burnett, A.P.C.   The Plaintiffs allege that some or all of the Defendants violated the following federal statutes: 1) The Trafficking Victims Protection Reauthorization Act of 2003; 2) Racketeer Influenced and Corrupt Organizations Act; 3) The Civil Rights act of 1866; and 4) The Ku Klux Klan Act of 1871.   (Id.)   In addition, the Plaintiffs bring state law fraud, negligent misrepresentation and breach of contract claims against all of the Defendants.   (Id., pp. 46-48.)   On September 11, 2013, the Burnett Defendants filed the pending motion to transfer venue.   (Doc. No. 39.)

B.   *Factual Background*

In the aftermath of Hurricane Katrina, approximately 590 men, including the Plaintiffs, were allegedly trafficked into the United States through the federal government's H-2B guest worker program to provide services to the Signal Defendants.   (Doc. No. 1, p. 2.)   The Plaintiffs claim they were lured to work for Signal through the fraudulent promise of legal and permanent

---

2.   David v. Signal Int'l, LLC, Civ. A. No. 08-1220, 2012 U.S. Dist. LEXIS 114247, at *129 (E.D. La. Jan. 3, 2012).

work-based immigration to the United States for themselves and their families.   (Id.) Subsequently, after coming to the United States, the Plaintiffs were allegedly subjected to forced labor and other serious abuses at Signal operations in Orange, Texas.   (Id., p. 4.)  Each Plaintiff has a different story as to their recruitment, travel and abuse while working for Signal.   (Doc. No. 44, p. 7.)

## II.   Jurisdiction

The Plaintiffs seek recovery pursuant to several federal statutes.   For actions brought under these statutory provisions, the court has subject-matter jurisdiction predicated upon federal question jurisdiction.   See 28 U.S.C. § 1331; 29 U.S.C. § 216(b).   For the state law causes of action, the court has subject-matter jurisdiction predicated upon supplemental jurisdiction.   See 28 U.S.C. § 1367(a).   Venue is proper because the events giving rise to the above claims occurred within the confines of this District.   See 28 U.S.C. § 1391.

## III.   First to File Rule

The Burnett Defendants move to transfer the instant case to the Eastern District of Louisiana pursuant to the First-Filed Doctrine.   (Doc. No. 39, p. 1.)   "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."   Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp., 665 F.3d 671, 677 (5th Cir. 2011) (quoting Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5th Cir. 1999)).   "The first-to-file rule is a discretionary doctrine." Jones v. Xerox Commercial Solutions, LLC, CIV. A. No. H-13-0650, 2013 WL 3245957, at *2 (S.D. Tex. June 26, 2013) (quoting Cadle Co., 174 F.3d at 603).   The rule is

utilized "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950 (5th Cir. 1997). The party wishing to transfer the case has the burden to prove that transfer is warranted. Jones, 2013 WL 3245957, at *2 (citing Sanofi–Aventis Deutschland GmbH v. Novo Nordisk, Inc., 614 F. Supp. 2d 772, 777 n. 5 (E.D. Tex. 2009); VCode Holdings, Inc. v. Cognex Corp., No. 2:07–cv–138, 2007 WL 2238054, at *2 (E.D. Tex. Aug. 3, 2007); Buckalew v. Celanese, LTD., No. G–05–315, 2005 WL 2266619, at *1 (S.D. Tex. Sept. 16, 2005)). "In deciding whether to apply the first-to-file rule, the Court must resolve two questions: (1) are the two pending actions so duplicative or do they involve such substantially similar issues that one court should decide the subject matter of both actions, and if so, (2) which of the two courts should take the case." Datamize, Inc. v. Fid. Brokerage Servs., LLC, 2:03-CV-321-DF, 2004 WL 1683171, at *3 (E.D. Tex. Apr. 22, 2004) (citing Texas Instruments v. Micron Semiconductor, 815 F. Supp. 994, 997 (E.D. Tex. 1993)). "The first-to-file rule does not require that cases be identical, but merely that there is a substantial overlap in issues and parties." White v. Peco Foods, Inc., 546 F. Supp. 2d 339, 342 (S.D. Miss. 2008).

## IV. Analysis

The Burnett Defendants argue there is substantial overlap between the instant case and the first filed case, *David*. (Doc. No. 39, p. 1.) While there are similarities in the two cases, the undersigned finds that the two cases do not involve such substantially similar parties and issues that one court should decide the subject matter of both actions.

A. *Parties*

There is some overlap between the parties in *David* and the instant case, but it is not substantial.   While all of the Plaintiffs in the instant suit are also plaintiffs in *David*, as explained below, they are only asserting FLSA claims in *David*, which they do not assert here. [3] Furthermore, the Plaintiffs have filed a motion for leave to file an amended complaint in which they seek to assert their FLSA claims in this court.   (Doc. Nos. 82, 83.)   If this court grants the Plaintiffs' motion, then there will be no common plaintiffs between *David* and the instant case. None of the *David* plaintiffs asserting non-FLSA claims are parties in the instant case.   (Id.) The *David* defendants and the Defendants in this suit are not completely identical, but for purposes of this analysis, the court finds that the difference is insignificant.   While the first-to-file rule does not require identical parties, see Save Power Ltd., 121 F.3d at 950, "the fact that the parties are different cuts against an argument for substantial overlap."   Jones, 2013 WL 3245957, at *4.

B. *Claims*

Although the first-to-file rule also does not require the issues to completely overlap, "the cases should be more than merely related to support a motion to transfer when venue is otherwise appropriate."   Buckalew v. Celanese, Ltd., CIV. A. No. G-05-315, 2005 WL 2266619, at *2 (S.D. Tex. Sept. 16, 2005).   The instant suit and *David* are related to the extent that all of the claims asserted in this suit are also asserted by the different *David* Plaintiffs.   However, there is not substantial overlap among the claims in both suits.   As the District Court established in its opinion

---

3.   Even if the Plaintiffs in this case were at one point putative class members in the *David* class action litigation, they were never *parties* since the class was never certified.   See Smith v. Bayer Corp., 131 S. Ct. 2368, 2379 (2011) (holding that it is erroneous to believe a nonnamed class member is a party to class action litigation before the class is certified, or if certification is ultimately denied).

denying the Plaintiffs' Motion for Class Certification in *David*, each of the Plaintiffs' claims require individualized proof as it pertains to that particular Plaintiff.   David v. Signal Int'l, LLC, Civ. A. No. 08-1220, 2012 U.S. Dist. LEXIS 114247, at *129 (E.D. La. Jan. 3, 2012).   Thus, not only are each of the individual plaintiffs' forced labor, trafficking, RICO and civil rights claims different from one another in this suit, as explained below, they are entirely different from their pending FLSA claims in *David*.   Therefore, the issues presented by the Plaintiffs here cannot be resolved in the *David* suit.   W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO, 751 F.2d 721, 729 (5th Cir. 1985) (". . . a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court.").   The Plaintiffs' claims in the instant case also rely heavily on the alleged abuses and poor working conditions at the Signal facility in Orange, Texas.   Logically, the conditions experienced by the Plaintiffs in this case will be different than those the experienced by a majority of the *David* Plaintiffs who were housed in Signal's Pascagoula, Mississippi facility.   (Doc. No. 39, Exh. 1, pp. 5-7.)

### 1.   Forced Labor and Trafficking

The success of each Plaintiff's forced labor and trafficking claims is dependent on individualized factors.   The question in a forced labor case is "whether Defendants' coercive conduct was such that it could overcome the will of the victim so as to make him render his labor involuntary."   David, 2012 U.S. Dist. LEXIS 114247 at 77.   "This question cannot be answered via generalized class-wide proof but rather must be answered individually based upon

individualized proof."   Id.   Similarly, with trafficking, "individual issues will play a significant part" because involuntary servitude is an essential element of the claim.   Id. at 80-81.

### 2.   RICO Claims

The success of each Plaintiff's RICO claim is also based on each individual's experience because the Plaintiff will be "required to prove that the [Defendants] committed the predicate acts upon which they rely for the pattern of racketeering activity."   Id. at 92.   As stated above, proof of the predicate acts of trafficking and forced labor are "all premised on coercion" and "cannot be made without resort to individualized proof."   Id.   Additionally, in order to prove the fraud-based predicate acts, each Plaintiff will "have to prove first-party reliance on the alleged fraud that was directed at them," because "the question of individual reliance [is] paramount to resolving whether Plaintiffs' injuries were caused by a RICO violation."   Id. at 105-06.

### 3.   Violations of the Ku Klux Klan Act of 1871

The Plaintiffs allege that the Burnett Defendants violated the Ku Klux Klan Act of 1971 by violating their right to be free from "forced labor, involuntary servitude, and trafficking in persons."   (Doc. No. 1 at 45.)   Forced labor, involuntary servitude, and trafficking all include an element of coercion, which requires an individualized analysis of each Plaintiff's situation, as stated above.   David, 2012 U.S. Dist. LEXIS 114247, at *128.

As one can easily discern, none of the above causes of action involve substantially similar issues to the Plaintiffs' FLSA claims pending in *David*, which include claims of violating the federally mandated minimum wage laws.   The proof required for the FLSA claims and the remedies sought are distinct from the proof and remedies at issue in the instant matter.   Given that

there is not a substantial overlap of the claims between the *David* litigation and this case, and with

the exception of the Plaintiffs' FLSA claims in *David*, none of the Plaintiffs in the instant suit and

*David* overlap, the court's denial of the Burnett Defendants' motion to transfer will not result in

"piecemeal resolution of issues that call for a uniform result."   Save Power Ltd. v. Syntek Fin.

Corp., 121 F.3d 947, 950 (5th Cir. 1997).

## V.   Conclusion

The undersigned finds that the instant suit does not substantially overlap with the first-filed

suit, *David*.   Accordingly, the Burnett Defendants' "Motion to Transfer Venue and Memorandum

in Support" (Doc. No. 39) is **DENIED**.


SIGNED this 2nd day of July, 2014.


_____
Zack Hawthorn
United States Magistrate Judge