**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| REJI SAMUEL, ATHA MOHAMMAD ABDUL, KESAVARAO BUNDANKAYALA, RAJU DIVAKARAN, BIJU PERUMPILLY GEORGE, KRISHNA GONTHINA, NAYAPPULLI JAYACHANDRAN, GALLA VENKATA RAMA KRISHNA, SAMUEL JOSE KUMRUMTHODATHIL, LOHITHAKSHAN MADAMPET, JOHNY MANDY MATHAI, BELTHAZAR PETER, MOHANAN BALAKRISHNA PILLAI, SANTHOSH KUMAR RAJENDRAN PILLAI, ABY KARICKATHARA RAJU, SUMESH PORAMBATHUPARAMBIL SUBRAMANIAN, and CHANDRAN SHAJU THANISSERY, <br><br>　　　　　　Plaintiffs, <br><br>v. <br><br>SIGNAL INTERNATIONAL L.L.C., SIGNAL INTERNATIONAL, INC., SIGNAL INTERNATIONAL TEXAS, G.P., SIGNAL INTERNATIONAL TEXAS, L.P., MALVERN C. BURNETT, GULF COAST IMMIGRATION LAW CENTER, L.L.C., LAW OFFICES OF MALVERN C. BURNETT, A.P.C., GLOBAL RESOURCES, INC., MICHAEL POL, SACHIN DEWAN, and DEWAN CONSULTANTS PVT. LTD. (a/k/a MEDTECH CONSULTANTS), <br><br>　　　　　　Defendants. | CIV. NO. 1:13-cv-00323 |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO APPEAL OF MAGISTRATE JUDGE'S ORDER OR ALTERNATIVELY OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION TO DENY MOTIONS OF BURNETT TO TRANSFER VENUE**

KILPATRICK TOWNSEND &
　STOCKTON, LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528
Telephone: (404) 815-6500
Facsimile: (404)-815-6555
bboice@kilpatricktownsend.com
bcorgan@kilpatricktownsend.com
spangborn@kilpatrickstockton.com
hheindel@kilpatricktownsend.com

William H. Boice
Georgia Bar No. 065725
Brian G. Corgan (*Admitted Pro Hac Vice*)
Georgia Bar No. 187700
Susan Pangborn (*Admitted Pro Hac Vice*)
Georgia Bar No. 735027
California Bar No. 282533
Heather L. Heindel (*Admitted Pro Hac Vice*)
Georgia Bar No. 285204
Attorneys for Plaintiffs

# TABLE OF CONTENTS

I. INTRODUCTION ...........................................................................................................1

II. LEGAL ARGUMENT....................................................................................................1

    A. Burnett Fails to Satisfy The Standard of Review for A Magistrate's Decision. ................................................................................................................ 1

    B. Jurisdiction is Proper in the Eastern District of Texas........................................... 3

III. CONCLUSION................................................................................................................5

# **TABLE OF AUTHORITIES**

**Cases**

*Beavers v. Express Jet Holdings, Inc.*, 421 F. Supp. 2d 994 (E.D. Tex. 2005) .............................. 2

*Black v. SettlePou, P.C.*, 732 F.3d 492 (5th Cir. 2013) ................................................................. 2

*Buckalew v. Celanese, Ltd.*, No. G-05-315, 2005 WL 2266619 (S.D. Tex. Sept. 16, 2005) ......... 4

*Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599 (5th Cir. 1999) ........................................ 4

*Castillo v. Frank*, 70 F.3d 382 (5th Cir. 1995) .............................................................................. 2

*David, et al. v. Signal International, LLC, et al.*, 2:08-cv-01220-SM-DEK, 2012 U.S.
    Deist. LEXIS 114247 (E.D. La. Jan. 4, 2012) ...................................................................... 4

*Epicrealm Licensing, LLC v. Autoflex Leasing, Inc.*, Cases No. 2:05-CV-163-DF-CMC,
    2:05-CV-356-DF-CMC, 2007 WL 2580969 (E.D. Tex. Aug. 27, 2007) ........................... 1

*Gardner v. GC Servs., LP*, No. 10-CV-997-IEG, 2010 WL 2721271 (S.D. Cal. July 6,
    2010) .................................................................................................................................. 5

*Ichl, LLC v. NEC Corp. of America*, No. 5:08-CV-65, 2009 WL 1748573 (E.D. Tex. June
    19, 2009) ............................................................................................................................ 2

*In re Volkswagen of Am.*, 545 F.3d 304 (5th Cir. 2008) ................................................................ 5

*Jones v. Xerox Commercial Solutions, LLC,* No. H-13-0650, 2013 WL 3245957 (S.D.
    Tex. June 26, 2013) ............................................................................................................ 4

*Murrell v. Casterline*, No. 1:10-CV-974, 2011 WL 2600600 (E.D. Tex. June 29, 2011) .............. 4

*Reddy v. Superior Global Solutions, Inc.*, No. 4:11-CV-845, 2013 WL 1949948 (E.D.
    Tex. May 9, 2013) .............................................................................................................. 1

*Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d, 1014 (N.D. Cal. 2008) ........................................ 4

*U.S. v. Pena*, 582 F. Supp. 2d 851 (5th Cir. 2008) ........................................................................ 3

*U.S. v. U.S. Gypsum Co.*, 333 U.S. 364 (1948) .............................................................................. 2

**Statutes**

28 U.S.C. § 636(b)(1)(A) ........................................................................................................... 1, 2

**Rules**

Fed. R. Civ. P. 72(a) ...................................................................................................................... 1

## I. INTRODUCTION

Plaintiffs file this Opposition to Defendants Malvern C. Burnett, the Law Offices of Malvern C. Burnett, A.P.C., and Gulf Coast Immigration Law Center, L.L.C.'s (collectively, "Burnett") Appeal of Magistrate Judge's Order, or Alternatively Objection to Magistrate's Report and Recommendation to Deny Motion of Burnett to Transfer Venue. Burnett, without a factual or legal basis, asks this Court to reconsider Magistrate Judge Hawthorn's Order Denying Burnett's Motion To Transfer ("Order"). (ECF, No. 110.) Burnett fails to meet his burden because the Order is not clearly erroneous. Because Burnett did not meet his burden and the Order was proper, this Motion should be denied.

## II. LEGAL ARGUMENT

### A. BURNETT FAILS TO SATISFY THE STANDARD OF REVIEW FOR A MAGISTRATE'S DECISION.

Likely because he cannot meet the standard, Burnett fails to state the standard of review for his motion. Federal Rule of Civil Procedure 72(a), Eastern District of Texas Local Rule CV-72(b), and Eastern District and Fifth Circuit precedent provide that District Courts shall only modify or set aside a part of a Magistrate Judge's order on a non-dispositive matter that is found to be "clearly erroneous or contrary to law." *See Epicrealm Licensing, LLC v. Autoflex Leasing, Inc.*, Cases No. 2:05-CV-163-DF-CMC, 2:05-CV-356-DF-CMC, 2007 WL 2580969, at *2 (E.D. Tex. Aug. 27, 2007) (citing 28 U.S.C. § 636(b)(1)(A)). Burnett's Motion is devoid of either requisite, and thus should be denied.

Magistrate Judges have broad discretion in the resolution of non-dispositive pretrial matters. *Reddy v. Superior Global Solutions, Inc.*, No. 4:11-CV-845, 2013 WL 1949948, at *1 (E.D. Tex. May 9, 2013) (citing Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A)). The Court may modify or set aside a Magistrate Judge's order only if it

is clearly erroneous or contrary to law. *Id.* (citing *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Black v. SettlePou, P.C.*, 732 F.3d 492, 496 (5th Cir. 2013).

A motion to transfer venue is a pretrial matter, and it is not a specifically listed exception in 28 U.S.C. § 636(b)(1)(A). Therefore, the standard of review specified in 28 U.S.C. § 636(b)(1)(A), which is that a District Court may reconsider a pretrial matter where a Magistrate Judge's order is "clearly erroneous or contrary to law," applies to the instant review of the Magistrate Judge's Order.

Additionally, Burnett's Motion is an abuse of this Court's resources. While a party may object to the order of a Magistrate Judge, "[t]he district court need not consider frivolous, conclusive or general objections." *U.S. v. Pena*, 582 F. Supp. 2d 851, 853 (5th Cir. 2008). Burnett's objection centers on the fact that "Burnett disagrees with" the Order. Burnett makes it clear in his motion that he intends to continue to waste the Court's time and resources until he gets the result he seeks, referencing not only his intent to appeal this Court's order regarding personal jurisdiction over Burnett, but also the Court's order on this motion if the result is not what he seeks. (Burnett Mot. pp. 2, 6.)[1]

Burnett cannot meet the standard of review for his motion. The Court should review the Order for "clear errors." There is no error, "clear" or otherwise, in the Order. As such, the Order should be affirmed.

---

[1] The Fifth Circuit has already considered and denied a writ of mandamus from Signal on a substantially similar motion. *In re Signal International, LLC, et al.*, No. 14-40313, ECF No. 6 (5th Cir. March 31, 2014).

B.   **JURISDICTION IS PROPER IN THE EASTERN DISTRICT OF TEXAS.**

Even if this Court reviews the Magistrate's Order *de novo*, Burnett's motion should still be denied. Burnett seeks to transfer venue of this action to the Eastern District of Louisiana, invoking the first-to-file rule. As Plaintiffs' Opposition to Burnett's Motion to Transfer clearly establishes, this case does not implicate a first-to-file issue, and §1404 transfer factors weigh heavily in favor of retaining jurisdiction in Texas. (Pls.' Resp. in Opp'n to Burnett's Mot. to Transfer, ECF No. 39.) There is not an earlier filed case by these plaintiffs raising the same issues as asserted here. The *David* case was filed by other plaintiffs and was never certified as a class action, requiring each of these plaintiffs to file an action separate from *David*. When applying the first-to-file rule, "[t]he concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (citation omitted). In particular, when related cases do not completely overlap, "the court considering transfer should consider whether the cases should be consolidated, the extent of the overlap, the likelihood of conflict, and the comparative advantage and interest of each forum in resolving the dispute." *Jones v. Xerox Commercial Solutions, LLC*, No. H-13-0650, 2013 WL 3245957, at *2 (S.D. Tex. June 26, 2013). Courts generally look to the identity of the parties, the claims and issues raised in the two cases, and the prevailing equities to determine whether there is sufficient overlap. *Id.* at *4.

This Court has already upheld the Magistrate's decision that the first-to-file rule does not apply here. (Order, ECF No. 63, February 12, 2014.) This action and the *David* action have different parties, and the claims asserted by Plaintiffs in this action are not asserted on their behalf in *David*. The first-to-file rule applies when the first-filed case and the second-filed case involve substantially similar claims, not when the cases are "merely related." *Buckalew v.*

*Celanese, Ltd.*, No. G-05-315, 2005 WL 2266619, at *2 (S.D. Tex. Sept. 16, 2005). When examining whether the parties are substantially similar, the key issue is whether the parties in the two cases are similar enough that a judgment in the first case will resolve the plaintiff's issues in the current case. *Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d, 1014, 1020 (N.D. Cal. 2008). Two related cases do not allege substantially similar claims, as required for the first-to-file rule, when there is no risk of either conflicting rulings or the ruling of one court interfering with the authority of a second court. *Murrell v. Casterline*, No. 1:10-CV-974, 2011 WL 2600600, at *3 (E.D. Tex. June 29, 2011). Each plaintiff has his own individual facts that will require individual determinations. *David, et al. v. Signal International, LLC, et al.*, 2:08-cv-01220-SM-DEK, 2012 U.S. Deist. LEXIS 114247 (E.D. La. Jan. 4, 2012) Thus, there is no risk of conflicting rulings because the specific facts of each plaintiff will dictate their individual and perhaps unique outcome. Consolidation would therefore not result in greater judicial efficiency.

Further, the balance of conveniences, as described by the Fifth Circuit in *In re Volkswagen*, clearly favors this Court as the appropriate venue for this action. *In re Volkswagen of Am.*, 545 F.3d 304, 315 (5th Cir. 2008). The close geographical proximity of this Court (30 miles) to the former Texas Labor Camp favors this case being heard in Texas. Close proximity of this Court eases the burden on potential witnesses and improves accessibility of proof. Eleven Plaintiffs are residents of Texas, and many witnesses for both Plaintiffs and Burnett's co-defendant Signal have worked or resided in Orange, Texas and likely still reside in Texas. In addition, Plaintiffs assert claims against Burnett and his co-defendants under Texas law.[2] While

---

[2] Burnett argues that the Court should consider the geographical location Billy Wilks, Rao, Indo-Amera Soft, and Michael Pol in the balance of convenience. Wilks, Rao, and Indo-Amera Soft are not defendants in this action and were never named as defendants in this action. This action is currently stayed as to Mr. Pol due to his ongoing bankruptcy and Mr. Pol's company, Global

Plaintiffs recognize the ability of the federal court in Louisiana to apply relevant Texas law if necessary, this Court is more familiar with the laws of Texas and will not bear the burden of seeking to apply laws of a non-forum state.  Finally, addressing the issue of human trafficking is of utmost importance to this district.  As the balance of conveniences clearly favors the Eastern District of Texas, Burnett's Motion to Transfer was properly denied and this Court should preside over this action.

### III. CONCLUSION

Burnett's Motion should be denied.  Burnett fails to meet his burden, as he fails to either articulate the standard or prove the Order was clearly erroneous.  There is no clear error – this is not a first-to-file issue and Magistrate Judge Hawthorn's reasoning is clear and concise.  Furthermore, the balance of conveniences favors venue in this Court, because the majority of the harm occurred within this district, involved residents and witnesses present in the district, and human trafficking is an issue of paramount importance to this district.

DATED:  July 31, 2014.

|  |  |
|---|---|
| KILPATRICK TOWNSEND & <br>    STOCKTON, LLP <br> 1100 Peachtree Street, Suite 2800 <br> Atlanta, GA 30309-4528 <br> Telephone:  (404) 815-6500 <br> Facsimile:  (404)-815-6555 <br> bboice@kilpatricktownsend.com <br> bcorgan@kilpatricktownsend.com <br> spangborn@kilpatrickstockton.com <br> hheindel@kilpatricktownsend.com | By:  s/ William H. Boice<br>William H. Boice <br> Georgia Bar No. 065725 <br> Brian G. Corgan (*Admitted Pro Hac Vice*) <br> Georgia Bar No. 187700 <br> Susan Pangborn (*Admitted Pro Hac Vice*) <br> Georgia Bar No. 735027 <br> California Bar No. 282533 <br> Heather L. Heindel (*Admitted Pro Hac Vice*) <br> Georgia Bar No. 285204 <br><br>Attorneys for Plaintiffs |

---

Resources, has yet to participate in this action.  Burnett's argument regarding these parties should be disregarded as irrelevant.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2014, I electronically filed the following documents:

1. **PLAINTIFFS' RESPONSE IN OPPOSITION TO APPEAL OF MAGISTRATE JUDGE'S ORDER OR ALTERNATIVELY OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION TO DENY MOTIONS OF BURNETT TO TRANSFER VENUE; and**

2. **PROPOSED ORDER**

with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing to all CM/ECF participants.

I FURTHER CERTIFY that that U.S. Mail sent to the address of record for Global Resources, Inc. has been returned undeliverable, therefore I am unable to serve a copy of these pleadings on Global Resources, Inc.  The last known address of Global Resources, Inc is:

> Global Resources, Inc.
> c/o Michael Pol
> 13 Herring Road
> Beaumont, MS 39423-2055

|  |  |
|---|---|
| KILPATRICK TOWNSEND & STOCKTON, LLP<br>1100 Peachtree Street, Suite 2800<br>Atlanta, GA 30309-4528<br>Telephone:  (404) 815-6500<br>Facsimile:  (404)-815-6555<br>bboice@kilpatricktownsend.com | By:   s/ William H. Boice<br>William H. Boice<br>Georgia Bar No. 065725<br><br><br><br>Attorney for Plaintiffs |