**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| REJI SAMUEL, ATHA MOHAMMAD ABDUL, KESAVARAO BUNDANKAYALA, RAJU DIVAKARAN, BIJU PERUMPILLY GEORGE, KRISHNA GONTHINA, NAYAPPULLI JAYACHANDRAN, GALLA VENKATA RAMA KRISHNA, SAMUEL JOSE KUMRUMTHODATHIL, LOHITHAKSHAN MADAMPET, JOHNY MANDY MATHAI, BELTHAZAR PETER, MOHANAN BALAKRISHNA PILLAI, SANTHOSH KUMAR RAJENDRAN PILLAI, ABY KARICKATHARA RAJU, SUMESH PORAMBATHUPARAMBIL SUBRAMANIAN, and CHANDRAN SHAJU THANISSERY, <br><br> Plaintiffs, <br><br> v. <br><br> SIGNAL INTERNATIONAL L.L.C., SIGNAL INTERNATIONAL, INC., SIGNAL INTERNATIONAL TEXAS, G.P., SIGNAL INTERNATIONAL TEXAS, L.P., MALVERN C. BURNETT, GULF COAST IMMIGRATION LAW CENTER, L.L.C., LAW OFFICES OF MALVERN C. BURNETT, A.P.C., GLOBAL RESOURCES, INC., MICHAEL POL, SACHIN DEWAN, and DEWAN CONSULTANTS PVT. LTD. (a/k/a MEDTECH CONSULTANTS), <br><br> Defendants. | CIVIL ACTION NO.: 1:13-cv-00323-MAC-ZJH |

**SAMUEL PLAINTIFFS' MOTION TO
EXCLUDE TESTIMONY AND STRIKE THE EXPERT REPORT OF
VIRGINIA MILES**

| | |
|---|---|
| KILPATRICK TOWNSEND & STOCKTON, LLP <br> 1100 Peachtree Street, Suite 2800 <br> Atlanta, GA 30309-4528 <br> Telephone: (404) 815-6500 <br> Facsimile: (404)-815-6555 <br> bboice@kilpatricktownsend.com <br> bcorgan@kilpatricktownsend.com <br> spangborn@kilpatricktownsend.com <br> sramsey@kilpatricktownsend.com <br> hheindel@kilpatricktownsend.com | William H. Boice <br> Georgia Bar No. 065725 <br> Brian G. Corgan (*Pro Hac Vice*) <br> Georgia Bar No. 187700 <br> Susan W. Pangborn (*Pro Hac Vice*) <br> Georgia Bar No. 735027; CA Bar No. 282533 <br> Shane G. Ramsey (*Pro Hac Vice*) <br> Georgia Bar No. 940547 <br> Heather L. Heindel (*Pro Hac Vice*) <br> Georgia Bar No. 285204 <br> *Remaining Counsel Listed on Signature Page* <br><br> Attorneys for Plaintiffs |

Plaintiffs Reji Samuel, et al. ("Plaintiffs") respectfully move this Court to strike the report of and any exclude any testimony from Virginia Miles ("Ms. Miles"), proffered as an expert by Signal International, LLC, Signal International, Inc., Signal International Texas, G.P., and Signal International Texas, L.P. (collectively "Signal"). Plaintiffs seek to exclude Ms. Miles as an expert because her Report shows that her testimony is irrelevant, unhelpful to the jury, and consists entirely of impermissible legal conclusions.

## I.   MS. MILES' REPORT

The Report Ms. Miles served in this case on July 29, 2014 contains one page of substantive text, consisting of a few points purporting to buttress the opinion of Ms. Miles:

> It is my opinion that prior to the 2009 OSHA Field Operations Manual (FOM), there is no documentation wherein OSHA definitively claimed to have jurisdiction over non-agricultural temporary labor camps for H-2B workers, similar to the "man camps" identified in the lawsuit to which this Report refers.

Miles Report, attached hereto as Exhibit A, at p. 2.

Ms. Miles did not address any part of the Report of Clyde Payne filed in this case addressing Signal's significant areas of non-compliance with OSHA's temporary labor camp safety and health standards.

## II.   LEGAL STANDARD

Federal Rule of Evidence 702 governs the admissibility of expert testimony. *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012). Rule 702 provides that a qualified expert witness may testify if, among other requirements, "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). As the Fifth Circuit explained, Rule 702 "assigns to the district judge a gatekeeping role to ensure that scientific testimony is both reliable and relevant." *Curtis v. M & S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999).

Even if an expert opinion met the requirements of Rule 702, the Fifth Circuit has repeatedly held that bare legal conclusions cannot be admitted via expert testimony. *Goodman v. Harris County*, 571 F.3d 388, 399 (5th Cir. 2009) (stating that "an expert may never render conclusions of law"); *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983). "An expert's legal conclusion both invades the court's province and is irrelevant." *Tex. Peace Officers v. City of Dallas*, 58 F.3d 635, 635 (5th Cir. 1995) (internal quotation marks omitted).

### III.   ARGUMENT

The stated purpose of Ms. Miles' Report was to "present findings as to whether the Occupational Safety and Health Administration (OSHA) had safety and health enforcement authority over temporary labor camp housing provided to H-2B workers during the 2006-2007 time period." (Report, p. 1.) Ms. Miles' Report should be excluded because the opinions proffered regarding the jurisdiction and enforcement authority of OSHA during 2006 and 2007 are irrelevant, unhelpful to the jury, and are impermissible legal conclusions.

The issue of the jurisdiction and coverage of OSHA prior to 2009 is not relevant to the legal claims at issue in this case. This case is not an OSHA enforcement action. In this case, OSHA rules and regulations matter only to the extent that they illustrate basic standards of care. Ms. Miles' opinion regarding jurisdiction is merely a distraction from the true housing and safety questions at issue in this case. "Expert testimony which does not relate to any issue in the case is not relevant, and ergo, non-helpful." *Roman v. Western Mfg.*, 691 F.3d 686, 694 (5th Cir. 2012). In her Report, Ms. Miles engages in no analysis of the actual conditions in the Signal mancamp.

In addition, Ms. Miles' Report is not helpful to the jury because there is nothing in the report that could be considered "beyond the ken" of the average juror. *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 623 F. Supp. 2d 798, 820 (S.D. Tex. 2009). Ms. Miles' Report does nothing more than quote from and reference OSHA reports and regulations—or lack

3

thereof. She does not supplement this review with analysis or insight beyond what an average juror could understand, nor does she apply any OSHA standards to the housing conditions at issue in this case. Accordingly, Ms. Miles' Report will not be helpful to the jury and will merely clutter an already expansive litigation.

Finally, the opinions proffered in Ms. Miles' Report constitute impermissible legal conclusions. In her Report, Ms. Miles opines without factual context on the jurisdiction and coverage of OSHA with respect to non-agricultural temporary labor camps, the definition of certain terms in OSHA rules and regulations, and the implications of those definitions in the application of those rules and regulations. (Report, p. 2.) The Report does not consider OSHA regulations as a means to determine and analyze relevant standards of care. *See Lee v. Cent. Gulf Towing, L.L.C.*, CIV.A. 04-1497, 2005 WL 6773727 at \*5 (E.D. La. Aug. 1, 2005) (stating that OSHA regulations may be used as a guide to determine standards of care even when OSHA regulations are not applicable to the setting at issue). Instead, the report merely cites the law and draws impermissible legal conclusions, thereby invading the province of the judge and exceeding the authority of an expert witness.

Because the Report of Ms. Miles is irrelevant, unhelpful to the jury, and proffers opinions that constitute impermissible legal conclusions, the Report should be struck and her testimony should be prohibited in this case.

4

| | |
|---|---|
| DATED:  October 17, 2014. | Respectfully Submitted, |
| KILPATRICK TOWNSEND & STOCKTON, LLP<br>bboice@kilpatricktownsend.com<br>bcorgan@kilpatricktownsend.com<br>spangborn@kilpatricktownsend.com<br>sramsey@kilpatricktownsend.com<br>hheindel@kilpatricktownsend.com<br>tludlam@kilpatricktownsend.com<br>kreed@kilpatricktownsend.com<br>abelagodu@kilpatricktownsend.com<br>rwilliamson@kilpatricktownsend.com<br>liza.akins@kilpatricktownsend.com | By:   */s/ Shane G. Ramsey*<br>William H. Boice<br>Georgia Bar No. 065725<br>Brian G. Corgan (*Pro Hac Vice*)<br>Georgia Bar No. 187700<br>Susan W. Pangborn (*Pro Hac Vice*)<br>Georgia Bar No. 735027; CA Bar No. 282533<br>Shane G. Ramsey (*Pro Hac Vice*)<br>Georgia Bar No. 940547<br>Heather L. Heindel (*Pro Hac Vice*)<br>Georgia Bar No. 285204<br>Akarsh P. Belagodu (*Pro Hac Vice*)<br>Georgia Bar No. 496714<br>Reginald A. Williamson (*Pro Hac Vice*)<br>Georgia Bar No. 462110<br>Elizabeth C. Akins (*Pro Hac Vice*)<br>Georgia Bar No. 796422<br>1100 Peachtree Street, Suite 2800<br>Atlanta, GA 30309-4528<br>Telephone:  (404) 815-6500<br>Facsimile:  (404)-815-6555<br><br>Taylor H. Ludlam (*Pro Hac Vice*)<br>North Carolina Bar No. 42377<br>4208 Six Forks Road, Suite 1400<br>Raleigh, NC 27609<br><br>Kristopher L. Reed (*Pro Hac Vice*)<br>Colorado Bar No. 36991<br>1400 Wewatta Street, Suite 600<br>Denver, CO  80202<br><br>*Attorneys for Plaintiffs* |

## **CERTIFICATE OF CONFERENCE**

This is to certify that on October 16, 2014, counsel for the *Samuel* Plaintiffs (Mr. Ramsey) met by telephone with counsel for the Signal Defendants (Ms. Hangartner, Mr. Roux, and Mr. Weinberger) for the purposes of complying with the meet and confer requirement in Local Rule CV-7(h).  Counsel for plaintiffs in the *Joseph* (Mr. Fleming and Ms. Landers) and *David* (Mr. Howard) cases also attended, as did counsel for the Dewan Defendants (Mr. Shapiro).  Counsel for the Burnett Defendants (Mr. Cerniglia) was notified of the conference, but was unable to attend.  Counsel for the *Joseph* Plaintiffs explained that Plaintiffs intended to file a motion to exclude Ms. Miles as an expert witness pursuant to Fed. R. Evid. 702 and *Daubert*.  Counsel for the Signal Defendants indicated that Signal intends to oppose the motion as to Ms. Miles, although counsel for Signal did agree to withdraw a separate proposed expert report that Signal has served on Plaintiffs (Dr. Sebastian Irudaya Rajan).

*/s/ Shane Ramsey*
Shane G. Ramsey (*Pro Hac Vice)*
Georgia Bar No. 940547
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 17, 2014 a true and correct copy of **SAMUEL PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY AND STRIKE THE EXPERT REPORT OF VIRGINIA MILES** was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filings to all attorneys of record.

I FURTHER CERTIFY that U.S. Mail sent to the address of record for Global Resources, Inc. has been returned undeliverable, therefore I am unable to serve a copy of these pleadings on Global Resources, Inc.  The last known address of Global Resources, Inc. is:

> Global Resources, Inc.
> c/o Michael Pol
> 13 Herring Road
> Beaumont, MS 39423-2055

|  |  |
|---|---|
|  | By:  */s/ Shane G. Ramsey* |
| KILPATRICK TOWNSEND & STOCKTON, LLP | Shane G. Ramsey (*Pro Hac Vice*) |
| 1100 Peachtree Street, Suite 2800 | Georgia Bar No. 940547 |
| Atlanta, GA 30309-4528 |  |
| Telephone:  (404) 815-6500 |  |
| Facsimile:  (404)-815-6555 |  |
| sramsey@kilpatricktownsend.com | Attorney for Plaintiffs |