**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| REJI SAMUEL, ATHA MOHAMMAD ABDUL, KESAVARAO BUNDANKAYALA, RAJU DIVAKARAN, BIJU PERUMPILLY GEORGE, KRISHNA GONTHINA, NAYAPPULLI JAYACHANDRAN, GALLA VENKATA RAMA KRISHNA, SAMUEL JOSE KUMRUMTHODATHIL, LOHITHAKSHAN MADAMPET, JOHNY MANDY MATHAI, BELTHAZAR PETER, MOHANAN BALAKRISHNA PILLAI, SANTHOSH KUMAR RAJENDRAN PILLAI, ABY KARICKATHARA RAJU, SUMESH PORAMBATHUPARAMBIL SUBRAMANIAN, and CHANDRAN SHAJU THANISSERY, <br><br> Plaintiffs, <br><br> v. <br><br> SIGNAL INTERNATIONAL L.L.C., SIGNAL INTERNATIONAL, INC., SIGNAL INTERNATIONAL TEXAS, G.P., SIGNAL INTERNATIONAL TEXAS, L.P., MALVERN C. BURNETT, GULF COAST IMMIGRATION LAW CENTER, L.L.C., LAW OFFICES OF MALVERN C. BURNETT, A.P.C., GLOBAL RESOURCES, INC., MICHAEL POL, SACHIN DEWAN, and DEWAN CONSULTANTS PVT. LTD. (a/k/a MEDTECH CONSULTANTS), <br><br> Defendants. | CIVIL ACTION NO.: 1:13-cv-00323-MAC-ZJH |

**SAMUEL PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY AND
STRIKE THE EXPERT REPORT OF DONALD H. STROBEL**

| | |
|---|---|
| KILPATRICK TOWNSEND & STOCKTON LLP <br> 1100 Peachtree Street, Suite 2800 <br> Atlanta, GA 30309-4528 <br> Telephone:  (404) 815-6500 <br> Facsimile:  (404)-815-6555 <br> bboice@kilpatricktownsend.com <br> bcorgan@kilpatricktownsend.com <br> spangborn@kilpatricktownsend.com <br> sramsey@kilpatricktownsend.com <br> hheindel@kilpatricktownsend.com | William H. Boice <br> Georgia Bar No. 065725 <br> Brian G. Corgan (*Pro Hac Vice*) <br> Georgia Bar No. 187700 <br> Susan W. Pangborn (*Pro Hac Vice*) <br> Georgia Bar No. 735027; CA Bar No. 282533 <br> Shane G. Ramsey (*Pro Hac Vice*) <br> Georgia Bar No. 940547 <br> Heather L. Heindel (*Pro Hac Vice*) <br> Georgia Bar No. 285204 <br> *Remaining Counsel Listed on Signature Page* <br><br> Attorneys for Plaintiffs |

Plaintiffs Reji Samuel, et al. ("Plaintiffs") move the Court to strike the report (Exhibit A hereto – hereinafter "Report") and exclude the proposed testimony of purported expert witness Donald H. Strobel ("Strobel") on several separate grounds. The proposed testimony and the report are irrelevant as they address issues that should not be litigated in the case, they invade the province of the Court and jury in attempting to opine as to the law and the ultimate issue in the case, and certain of Strobel's opinions are not the product of reliable methodology.

## I. The Proposed Testimony Is Irrelevant

The proposed testimony of Mr. Strobel is irrelevant and immaterial. His report describes his purpose as being to determine the "compliance status of Signal International's operations ... under the Fair Labor Standards Act ... and H2B program. ..." However, these issues are not currently in the case. The Complaint in this case does not allege claims under the Fair Labor Standards Act ("FLSA"). (See Complaint). Although Plaintiffs have moved to amend to add FLSA claims in order to avoid the assertion of issue splitting and res judacata principles due to the fact that FLSA claims are pending in the *David* case in New Orleans,[1] that motion has not been ruled upon. (*See* Plaintiffs' Motion for Leave to File First Amended Complaint With Tolling of the Statute of Limitations (ECF No. 82)). Further, if the Court rules that, or determines that Defendants have provided adequate assurances that claim-splitting and res judicata principles based on *David* will not be directed against Plaintiffs, then no FLSA claim will be added to this case.[2] Thus, the proposed testimony of Mr. Strobel does not relate to any present claim in the case, and should not do so unless the Court grants Plaintiffs' motion to

---

[1] *David, et al. v. Signal Int'l, LLC*, Case No. 2:08-cv-1220 (E.D. La. Mar. 7, 2008).
[2] Plaintiffs understood Defendants to indicate in oral argument that they would not assert that issue splitting or res judicata applied to this case based on the pendency of the *David* case, but Plaintiffs have not currently been able to obtain adequate assurances on this point.

amend. Accordingly, Mr. Strobel's proposed testimony is not relevant or material and should be excluded. *See,* Rules 401, 402 F. R. Civ.P.

## II. Mr. Strobel's Report and Proposed Testimony Are Attempts To Assert Legal Conclusions And Should Be Excluded.

Mr. Strobel purports to give an opinion as to whether the operations of Defendant Signal violated the FLSA. (Report, p. 3). He acknowledges in his report that his testimony is designed "to determine the compliance status of Signed International's operations in [Pascagoula] Mississippi and Orange, Texas under the Fair Labor Standards Act ... and the H2B program. ..." (Report, p. 3). He goes on to specifically apply 29 CFR Part 778.211 of the Code of Federal Regulations. (Report, p. 3). He further attempts to argue for the legality of certain practices by claiming to predict what the Wage and Hour Division of the Department of Labor would conclude about them. (Report, p. 5) ("it has been my experience. . . that the agency would not disallow a reasonable deduction even if the housing facility had some violations that were not seriously substandard").

This proposed testimony invades the province of the Court and of the jury. It is for the Court to instruct the jury as to the law. *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983). Although Rule 704 of the Federal Rules of Civil Procedure provides that an opinion is not objectionable simply because it embraces the ultimate issue, "Rule 704, however, does not open the door to all opinions." *Owen*, 698 F.2d at 240. Rather, the "Fifth Circuit has repeatedly held that Rule 704 does not authorize experts to render legal opinions." *Lackey v. SDT Waste and Debris Services, LLC.*, No. 11-1087, 2014 WL 3866465, at *8 (E.D. La. Aug. 6, 2014); *see*, *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009); *United States v. $9,041,598.68*, 163 F.3d 238, 255 (5th Cir. 1998); *Snap-Drape, Inc. v. C.I.R.*, 98 F.3d 194, 196 (5th Cir. 1996);

<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>

*Owen*, 698 F.2d at 240. Instead the "legal system reserves to the trial judge the role of deciding the law for the benefit of the jury." *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997).

This Court has applied these principles in FLSA cases, including excluding an expert report and expert testimony attempting to give an opinion as to whether the FLSA was violated. *See*, *Little v. Technical Specialty Prods., LLC*, 940 F.Supp. 2d 460 (E.D. Texas 2013).

Further, Mr. Strobel has attempted to offer his legal conclusions in the past on FLSA matters, and the United States District Court for the Eastern District of Louisiana struck his report and prohibited his testimony. *See*, *Lackey* (excluding testimony of Mr. Strobel); *see also*, *Rodgers v. Averitt Express, Inc.*, No. 7:06CV1980UWC, 2008 WL 5120900 (N.D. Ala. Nov. 19, 2008) (striking expert report of Don H. Strobel and excluding testimony embodying legal conclusions). This Court should do so as well.

### III. Mr. Strobel's Proposed Testimony Regarding Substandard Housing Should Be Excluded Because of His Lack of Demonstrated Expertise and Because It Is the Product of Unreliable Methods.

Mr. Strobel's proposed testimony as to the substandard housing for which Plaintiffs were charged should also be excluded because he has demonstrated no qualifications to give this opinion and because his method for making this determination is unreliable. First, Mr. Strobel renders an opinion as to the quality of the housing at issue, but his report does not reveal any expertise in this area. He has identified no training or experience that would suggest that he is a housing expert. Rather, he describes a career working with the Wage and Hour Division, and then as a "labor consultant." (Report, pp. 1-2). Neither this background nor anything else in the Reports shows that he has any expertise in the field of housing.

Second, Mr. Strobel's housing testimony is contrary to Rule 702(c)'s requirement that testimony be the "product of reliable principles and methods. ..." Although Mr. Strobel plans to

offer testimony as to whether the housing at issue was "substandard," he did not personally visit either site where the housing was located. (Report, p. 4). His only basis for this testimony was his review of a video of one of the sites. This is hardly a reliable method upon which to base an opinion as to their quality. Further, he did not even see a video of the second site, but gives an opinion concerning it anyway. (Report, p. 4).

Thus, Mr. Strobel proposes to offer testimony that housing was not "substandard" without having personally viewed it and based, in one instance, on his review of a video of different housing at another location. This "method" violates the requirement of reliability mandated in Rule 702(c) and the testimony should be excluded for this reason as well as the other reasons discussed above. *See*, *J. Gerber v. S.S. Sabine Howaldt*, 437 F.2d 580, 593 (2nd Cir. 1971) (disregarding expert opinion where no inspection was made); *Orthoflex, Inc. v. Thermotek*, 986 F.Supp. 2d 766, 807 (N.D. Texas, 2013) (rejecting as unreliable an opinion about units that were not inspected).

## IV.  Conclusion

For the reasons discussed above, Plaintiffs request that the Court strike the report of Donald H. Strobel and exclude his proposed testimony in this matter.

DATED:  October 17, 2014.                                    Respectfully Submitted,

| | |
|---|---|
| KILPATRICK TOWNSEND & STOCKTON, LLP<br>bboice@kilpatricktownsend.com<br>bcorgan@kilpatricktownsend.com<br>spangborn@kilpatricktownsend.com<br>sramsey@kilpatricktownsend.com<br>hheindel@kilpatricktownsend.com<br>tludlam@kilpatricktownsend.com<br>kreed@kilpatricktownsend.com<br>abelagodu@kilpatricktownsend.com<br>rwilliamson@kilpatricktownsend.com<br>liza.akins@kilpatricktownsend.com | By:  */s/ Shane G. Ramsey*<br>William H. Boice<br>Georgia Bar No. 065725<br>Brian G. Corgan (*Pro Hac Vice*)<br>Georgia Bar No. 187700<br>Susan W. Pangborn (*Pro Hac Vice*)<br>Georgia Bar No. 735027; CA Bar No. 282533<br>Shane G. Ramsey (*Pro Hac Vice*)<br>Georgia Bar No. 940547<br>Heather L. Heindel (*Pro Hac Vice*)<br>Georgia Bar No. 285204<br>Akarsh P. Belagodu (*Pro Hac Vice*)<br>Georgia Bar No. 496714 |

>Reginald A. Williamson (*Pro Hac Vice*)
>Georgia Bar No. 462110
>Elizabeth C. Akins (*Pro Hac Vice*)
>Georgia Bar No. 796422
>1100 Peachtree Street, Suite 2800
>Atlanta, GA 30309-4528
>Telephone:  (404) 815-6500
>Facsimile:  (404)-815-6555
>
>Taylor H. Ludlam (*Pro Hac Vice*)
>North Carolina Bar No. 42377
>4208 Six Forks Road, Suite 1400
>Raleigh, NC 27609
>
>Kristopher L. Reed (*Pro Hac Vice*)
>Colorado Bar No. 36991
>1400 Wewatta Street, Suite 600
>Denver, CO  80202
>
>*Attorneys for Plaintiffs*


## **CERTIFICATE OF CONFERENCE**

This is to certify that on October 16, 2014, counsel for the *Samuel* Plaintiffs (Mr. Ramsey) met by telephone with counsel for the Signal Defendants (Ms. Hangartner, Mr. Roux, and Mr. Weinberger) for the purposes of complying with the meet and confer requirement in Local Rule CV-7(h). Counsel for plaintiffs in the *Joseph* (Mr. Fleming and Ms. Landers) and *David* (Mr. Howard) cases also attended, as did counsel for the Dewan Defendants (Mr. Shapiro). Counsel for the Burnett Defendants (Mr. Cerniglia) was notified of the conference, but was unable to attend. Counsel for the *Joseph* Plaintiffs explained that Plaintiffs intended to file a motion to exclude Mr. Strobel as an expert witness pursuant to Fed. R. Evid. 702 and *Daubert*. Counsel for the Signal Defendants indicated that Signal intends to oppose the motion as to Mr. Strobel, although counsel for Signal did agree to withdraw a separate proposed expert report that Signal has served on Plaintiffs (Dr. Sebastian Irudaya Rajan).

*/s/ Shane G. Ramsey*
Shane G. Ramsey (*Pro Hac Vice*)
Georgia Bar No. 940547
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 17, 2014 a true and correct copy of **SAMUEL PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY AND STRIKE THE EXPERT REPORT OF DONALD H. STROBEL** was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filings to all attorneys of record.

I FURTHER CERTIFY that U.S. Mail sent to the address of record for Global Resources, Inc. has been returned undeliverable, therefore I am unable to serve a copy of these pleadings on Global Resources, Inc. The last known address of Global Resources, Inc. is:

>Global Resources, Inc.
>c/o Michael Pol
>13 Herring Road
>Beaumont, MS 39423-2055

By: _/s/ Shane G. Ramsey_

KILPATRICK TOWNSEND &
STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528
Telephone: (404) 815-6500
Facsimile: (404)-815-6555
sramsey@kilpatricktownsend.com

Shane G. Ramsey (*Pro Hac Vice*)
Georgia Bar No. 940547

Attorney for Plaintiffs