# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| REJI SAMUEL, ATHA MOHAMMAD ABDUL, KESAVARAO BUNDANKAYALA, RAJU DIVAKARAN, BIJU PERUMPILLY GEORGE, KRISHNA GONTHINA, NAYAPPULLI JAYACHANDRAN, GALLA VENKATA RAMA KRISHNA, SAMUEL JOSE KUMRUMTHODATHIL, LOHITHAKSHAN MADAMPET, JOHNY MANDY MATHAI, BELTHAZAR PETER, MOHANAN BALAKRISHNA PILLAI, SANTHOSH KUMAR RAJENDRAN PILLAI, ABY KARICKATHARA RAJU, SUMESH PORAMBATHUPARAMBIL SUBRAMANIAN, and CHANDRAN SHAJU THANISSERY,<br><br>Plaintiffs,<br><br>v.<br><br>SIGNAL INTERNATIONAL L.L.C., SIGNAL INTERNATIONAL, INC., SIGNAL INTERNATIONAL TEXAS, G.P., SIGNAL INTERNATIONAL TEXAS, L.P., MALVERN C. BURNETT, GULF COAST IMMIGRATION LAW CENTER, L.L.C., LAW OFFICES OF MALVERN C. BURNETT, A.P.C., GLOBAL RESOURCES, INC., MICHAEL POL, SACHIN DEWAN, and DEWAN CONSULTANTS PVT. LTD. (a/k/a MEDTECH CONSULTANTS),<br><br>Defendants. | CIVIL ACTION NO.:<br>1:13-cv-00323-MAC-ZJH |

## SAMUEL PLAINTIFFS' MOTION TO LIMIT THE
## TESTIMONY OF ENRIQUE GONZALEZ, III

| | |
|---|---|
| KILPATRICK TOWNSEND & STOCKTON LLP<br>1100 Peachtree Street, Suite 2800<br>Atlanta, GA 30309-4528<br>Telephone: (404) 815-6500<br>Facsimile: (404)-815-6555<br>bboice@kilpatricktownsend.com<br>bcorgan@kilpatricktownsend.com<br>spangborn@kilpatricktownsend.com<br>sramsey@kilpatricktownsend.com<br>hheindel@kilpatricktownsend.com | William H. Boice<br>Georgia Bar No. 065725<br>Brian G. Corgan (*Pro Hac Vice*)<br>Georgia Bar No. 187700<br>Susan W. Pangborn (*Pro Hac Vice*)<br>Georgia Bar No. 735027; CA Bar No. 282533<br>Shane G. Ramsey (*Pro Hac Vice*)<br>Georgia Bar No. 940547<br>Heather L. Heindel (*Pro Hac Vice*)<br>Georgia Bar No. 285204<br>*Remaining Counsel Listed on Signature Page* |

Attorneys for Plaintiffs

Plaintiffs move the Court to strike portions of Mr. Gonzalez's Report (Exhibit A hereto – hereinafter the "Report") and proposed testimony relating to possible immigration fraud by some of the Indian workers. Mr. Gonzalez's Report consists of impermissible legal conclusions that invade the providence of the Court, are confusing to the jury, are not grounded in sufficient facts, and as presently phrased, are not relevant to the object of his report, which Mr. Gonzalez made clear on deposition that his opinions were intended only to consider the positions taken by Signal's co-defendant, Malvern Burnett, not any action taken by the Indian workers, and Mr. Gonzalez offered to amend his Report to reflect that his opinions concerned Mr. Burnett. Plaintiffs ask that that admittedly baseless and confusing conclusion, and any other references in the Report or possible testimony regarding that conclusion, be excluded.

## I.   BACKGROUND

Signal International, Inc., Signal International, LLC, Signal International Texas, G.P., and Signal International Texas, L.P. (collectively, "Signal") proffered immigration attorney, Enrique Gonzalez, III ("Mr. Gonzalez") to serve as an expert witness to opine on Mr. Burnett's conduct in connection with the H2B visa process. Mr. Gonzalez submitted a report on July 29, 2014 and was deposed in this matter on September 30, 2014.

During his deposition, Mr. Gonzalez repeatedly testified that his expert opinion was being offered to opine only on the conduct of Signal's co-defendant, Malvern Burnett (*See* Gonzalez Dep. at, *e.g.,* 192:23-193:9 (relevant excerpts attached as Exhibit B hereto) ("Q. So, the purpose -- what you intend to offer at trial is an expert critique of Malvern Burnett's conduct without opining on plaintiffs' interactions with Mr. Burnett or actions that they took in connection with advice that he gave them? A. I think it's both. Q. It is both? A. Yeah. But my opinion letter is related to Malvern Burnett's conduct. Q. Right. But your opinion letter is what you are going to testify to at trial. A. Exactly.")). However, notwithstanding this and similar

testimony, Mr. Gonzalez includes the following as the second of five opinions presented in his report:

> Foreign nationals seeking an H-2B visa are considered to have committed immigration fraud if they deliberately conceal their intent to remain permanently in the United States from a U.S. consular or immigration officer.

("Opinion II"). When questioned about the fact that this opinion appears to be directed at Plaintiffs and not Mr. Burnett, Mr. Gonzalez testified "[i]f you want, I'll change it for you and I'll just put [Burnett's] name in instead. . . . This opinion is related to Malvern Burnett, Malvern Burnett's conduct and the advice he provided." Gonzalez Dep. at 190:2-191:5. Despite Mr. Gonzalez's clear testimony limiting the scope of his opinion to Mr. Burnett's conduct, his Report contains numerous impermissible recitations of immigration law and legal conclusions regarding Plaintiffs' actions. All of this is offered, however, without Mr. Gonzalez having read a single one of Plaintiffs' deposition transcripts. *See* Report at Exhibit 1 and Gonzalez Dep. at 277:11-279:2. As such, Opinion II and other similar statements found in Mr. Gonzalez's Report should be excluded and Mr. Gonzalez precluded from offering testimony on this subject matter at trial.

## II. ARGUMENT

The Supreme Court has instructed the courts to function as gatekeepers to determine whether expert testimony should be presented to the jury. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590–93, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Therefore, courts must "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). The party offering the expert's testimony bears the burden to prove by a preponderance of the evidence that: (1) the expert is qualified; (2) the

testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590–91. In order to be admissible, expert testimony must be "not only relevant, but reliable." *Daubert*, 509 U.S. at 589.

Mr. Gonzalez's Opinion II, related statements and proposed testimony relating to the same should be excluded under this standard because they are impermissible legal conclusions that are unhelpful, unreliable, confusing to a jury, and, as presently phrased, Opinion II and the related statements are not relevant to the object of his report: Malvern Burnett's conduct. Thus, they should be excluded.

### A. Conclusions of Law Are Never Permitted As Expert Testimony.

The Fifth Circuit has repeatedly excluded experts from proffering legal conclusions via expert testimony. *Goodman v. Harris Cnty.,* 571 F .3d 388,399 (5th Cir. 2009) ("an expert may never render conclusions of law.") (emphasis added); *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) (upholding exclusion of an attorney offering his legal opinion on whether officers and directors breached their fiduciary duties, because "[s]uch testimony is a legal opinion and inadmissible."); *Snap–Drape, Inc. v. C.I.R.,* 98 F.3d 194,198 (5th Cir. 1996) ("We have repeatedly held that [FRE 704(a)] does not allow an expert to render conclusions of law.").

Opinion II and Mr. Gonzalez's related statements invade the province of the judge because they present only law. Indeed, Opinion II merely recites Mr. Gonzalez's legal conclusion regarding immigration fraud without reference or any attempt to explain any of the facts of the case. "It is the job of the Court -- not the expert -- to instruct the jury on the applicable law." *Lackey v. SDT Waste and Debris Services, LLC*, Civ. Action No. 11–1087, 2014 WL 3866465 (E.D. La. Aug. 6, 2014) (citing *Askanase v. Fatjo,* 130 F.3d 657, 673 (5th Cir. 1997)); *Recursion Software Inc. v. Double-Take Software, Inc*., Civ. A. No. 4:10–CV–403, 2012

3

WL 1576252, *9 (E.D.Tex. May 4, 2012)(allowing an expert to give his opinion on the legal conclusions invades the court's province).

As the Fifth Circuit articulated in *Askanase*, "it must be posited as an *a priori* assumption that there is one, but only one, legal answer for every cognizable dispute. There being only one applicable legal rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge." 130 F.3d at 672-73. In short, testimony or opinions that recite law or merely provide legal conclusions– as Mr. Gonzalez's Opinion II, related statements and proposed testimony do here – must be excluded. *See, c.f., id*, at 673 ("[l]awyers may testify as to legal matters when those matters involve questions of fact") (emphasis added).

### B.     Opinion II is Further Barred Under FRE 702 Because it is Not Helpful to the Jury.

Not only is a recitation of the law – "Foreign nationals are considered to have committed immigration fraud if they deliberately conceal their intent to remain permanently in the United States from a U.S. consular or immigration officer" – inadmissible as expert testimony, but Gonzalez further concedes he knows no facts in this case that would even support Opinion II:

> Q.  I'm asking you if you have seen any documentation to show that the immigrant intent was --
> A.  Misrepresented.
> Q.  -- misrepresented?
> A.  No.  Okay.

Gonzalez Dep. at 161:14-19. Aside from the obvious relevance question this raises, Opinion II will not even meet the "helpfulness" standard under Rule 702 of the Federal Rules of Evidence.

"The determination of whether expert testimony is relevant is whether it is helpful to the jury, which is the 'central concern' of Rule 702." *Hickey v. Gusman*, CIV.A. 10-4410, 2011 WL 6180050 (E.D. La. Dec. 13, 2011); *see also Brister v. Universal Sodexho*, CIV.A. 05-4034, 2006 WL 5156736 (E.D. La. Sept. 12, 2006). As judges in this district have found, "[e]xpert testimony

4

is not helpful 'when the jury could adeptly assess [the] situation using only their common experience and knowledge.'" *Lackey*, 2014 WL 3866465, at *8 (E.D. La. Aug. 6, 2014) (citing *Peters v. Five Star Marine Serv.,* 898 F.2d 448, 450 (5th Cir. 1990)).

In *Peters*, the Fifth Circuit, after noting the broad discretion held by district judges over admissibility of expert testimony, ruled that expert testimony about the reasonableness of an employer's instructions to an employee "was unnecessary" because the jury can "adeptly assess this situation using only their common experience and knowledge." *Id*. at 450. The same reasoning should apply to Opinion II: jurors can use their common experience and knowledge to decide whether, in the abstract, failing to disclose to a United States government official about immigration intent is a violation of law. Nothing in Mr. Gonzalez's Opinion II, the statements relating thereto or his proposed testimony assist the juror in understanding the evidence – no evidence is in fact offered in support of these statements – rather he merely states the law and instructs what conclusion to reach. This is impermissible as explained in *Morris v. Equifax Information Servs., LLC*, where the district court, applying Rule 702, held that, "[l]egal opinions and conclusions are not a proper subject of expert testimony because they do not assist the jury in understanding the evidence, but merely tell the jury what result to reach." Civil Action No. H–04–423, 2005 WL 5976334, at *2 (S.D. Tex. Jan. 19, 2005) (citing *Estate of Sowell v. United States*, 198 F.3d 169, 171–72 (5th Cir. 1999)). Similarly, in *Sowell*, the Fifth Circuit affirmed the exclusion of expert testimony by a lawyer who was attempting to provide his opinion on a hypothetical scenario with "the identical facts" as were at issue in the litigation. 198 F.3d at 171.

Not only will the jury obtain no help by having Mr. Gonzalez offer Opinion II to them, but the opinion – and its similar statements and surrounding testimony -- could reasonably confuse a jury into believing incorrectly that Mr. Gonzalez is opining on Plaintiffs' alleged

conduct. *Byrd v. Heinrich Schmidt Reederei*, 688 F.2d 324, 328 (5th Cir. 1982) *on reh'g sub nom. Culver v. Slater Boat Co.,* 722 F.2d 114 (5th Cir. 1983) ("Once rule 702 has been satisfied, the trial court should also exercise sound discretion to ensure compliance with Fed. R. Evid. 403"). Under Federal Rule of Evidence 403, the potential for jury confusion qualifies to exclude otherwise relevant testimony. *Id*. Because Mr. Gonzalez has not reviewed testimony from a single plaintiff in this case (Report at Exhibit 1 and Gonzalez Dep. at 277:11-279:2) and Mr. Gonzalez is, as he repeatedly contended during his deposition, opining on only defendant Malvern Burnett's conduct (Gonzalez Dep. at, *e.g.*, 80:9-12, 119:3-12, 133:7-9, 133:19-20), Opinion II and his statements relating thereto are unduly confusing. Indeed, Mr. Gonzalez's offer during the deposition to re-draft Opinion II appears to confirm his realization of potential jury confusion regarding Opinion II. Gonzalez Dep. at 190:5-6 ("If you want, I'll change [Opinion II] for you and I'll just put [Burnett's] name in instead").

Therefore, under Rules 704, 702, and 403, Opinion II, the related statements made throughout his report and his proposed testimony on the same subject matter should be excluded from presentation to a jury.

    **C.**    **Other Stray Remarks Within the Report That Relate to the Same Subject Matter and Related Testimony Should Be Equally Excluded.**

Though Mr. Gonzalez was on several occasions unequivocal that he was analyzing Mr. Burnett's conduct exclusively (*see, e.g.,* Gonzalez Dep. at 189:22-190:1 ("We go back to the issue of what I'm giving an opinion on. I'm giving an opinion on Malvern Burnett's conduct in this case.")), and not plaintiffs ("Q. So, you don't have any opinions about plaintiffs in this case? A. I haven't really looked at their conduct. If I would have, I would have seen these documents and anything that came after it in order to be giving me the complete picture. I was retained to provide an opinion regarding Malvern Burnett's conduct.") Mr. Gonzalez includes

6

unsubstantiated statements in his report that appear to be directed at Plaintiffs. For example:

- "The intent by the foreign nationals and other companies was for the workers to remain in the U.S. permanently." Report at p. 12.

- "Misrepresenting intentions to remain in the United States to an immigration officer and/or on an immigration form with the purpose of deceiving the U.S. Government, is considered immigration fraud, and could be subject to a fine and/or imprisonment." *Id*.

- "A violation of the statute also occurs when an applicant knowingly presents an application or document required by the immigration laws that he or she knows to contain a false statement to a material fact." *Id*.

- Remarks relating to foreign nationals misrepresenting their intentions "to a consular or immigration officer and/or on a consular or immigration form" as well as the penalties for presenting knowingly false documentation to the State Department or the Department of Homeland Security. *Id.*

- Statements that by Mr. Burnett "counseling foreign nationals to lie to immigration officers about their intent to remain in the U.S., Mr. Burnett, as well as the foreign nationals, knowingly committed immigration fraud." *Id.* at p. 13.

- Discussion of the illegality of hiding one's intent to remain in the United States permanently. *Id*. at p. 18.

Given Mr. Gonzalez's stipulation that he is only opining on Mr. Burnett's conduct, and his express concession that he has not investigated Plaintiffs' conduct, all of these above topics should be stricken with Opinion II and Mr. Gonzalez be precluded from offering any testimony on the same. To the extent Mr. Gonzalez is asked to opine that Burnett's instruction to lie to Consular officials is unethical conduct by Burnett, he can do so without professing to know if any misrepresentations were actually made to any U.S. officials or plaintiffs' involvement in the same.

7

### III. CONCLUSION

For the reasons stated above, Plaintiffs request that the Court strike Opinion II and the corresponding passages from Mr. Gonzalez's report and to preclude Mr. Gonzalez's proposed testimony on the same subject matter.

DATED: October 17, 2014.                                    Respectfully Submitted,

| | |
|---|---|
| KILPATRICK TOWNSEND & STOCKTON, LLP<br>bboice@kilpatricktownsend.com<br>bcorgan@kilpatricktownsend.com<br>spangborn@kilpatricktownsend.com<br>sramsey@kilpatricktownsend.com<br>hheindel@kilpatricktownsend.com<br>tludlam@kilpatricktownsend.com<br>kreed@kilpatricktownsend.com<br>abelagodu@kilpatricktownsend.com<br>rwilliamson@kilpatricktownsend.com<br>liza.akins@kilpatricktownsend.com | By:   /s/ Shane G. Ramsey<br>William H. Boice<br>Georgia Bar No. 065725<br>Brian G. Corgan (*Pro Hac Vice*)<br>Georgia Bar No. 187700<br>Susan W. Pangborn (*Pro Hac Vice*)<br>Georgia Bar No. 735027; CA Bar No. 282533<br>Shane G. Ramsey (*Pro Hac Vice*)<br>Georgia Bar No. 940547<br>Heather L. Heindel (*Pro Hac Vice*)<br>Georgia Bar No. 285204<br>Akarsh P. Belagodu (*Pro Hac Vice*)<br>Georgia Bar No. 496714<br>Reginald A. Williamson (*Pro Hac Vice*)<br>Georgia Bar No. 462110<br>Elizabeth C. Akins (*Pro Hac Vice*)<br>Georgia Bar No. 796422<br>1100 Peachtree Street, Suite 2800<br>Atlanta, GA 30309-4528<br>Telephone: (404) 815-6500<br>Facsimile: (404)-815-6555<br><br>Taylor H. Ludlam (*Pro Hac Vice*)<br>North Carolina Bar No. 42377<br>4208 Six Forks Road, Suite 1400<br>Raleigh, NC 27609<br><br>Kristopher L. Reed (*Pro Hac Vice*)<br>Colorado Bar No. 36991<br>1400 Wewatta Street, Suite 600<br>Denver, CO 80202<br><br>*Attorneys for Plaintiffs* |

8

## **CERTIFICATE OF CONFERENCE**

This is to certify that on October 16, 2014, counsel for the *Samuel* Plaintiffs (Mr. Ramsey) met by telephone with counsel for the Signal Defendants (Ms. Hangartner, Mr. Roux, and Mr. Weinberger) for the purposes of complying with the meet and confer requirement in Local Rule CV-7(h).  Counsel for plaintiffs in the *Joseph* (Mr. Fleming and Ms. Landers) and *David* (Mr. Howard) cases also attended, as did counsel for the Dewan Defendants (Mr. Shapiro).  Counsel for the Burnett Defendants (Mr. Cerniglia) was notified of the conference, but was unable to attend.  Counsel for the *Joseph* Plaintiffs explained that Plaintiffs intended to file a motion to limit the testimony of Mr. Gonzalez as an expert witness pursuant to Fed. R. Evid. 702 and *Daubert*.  Counsel for the Signal Defendants indicated that Signal intends to oppose the motion as to Mr. Gonzalez, although counsel for Signal did agree to withdraw a separate proposed expert report that Signal has served on Plaintiffs (Dr. Sebastian Irudaya Rajan).

                                      */s/ Shane Ramsey*
                                      Shane G. Ramsey (*Pro Hac Vice*)
                                      Georgia Bar No. 940547
                                      Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 17, 2014 a true and correct copy of the **SAMUEL PLAINTIFFS' MOTION TO LIMIT THE TESTIMONY OF ENRIQUE GONZALEZ, III** was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filings to all attorneys of record.

I FURTHER CERTIFY that U.S. Mail sent to the address of record for Global Resources, Inc. has been returned undeliverable, therefore I am unable to serve a copy of these pleadings on Global Resources, Inc.  The last known address of Global Resources, Inc. is:

>   Global Resources, Inc.
>   c/o Michael Pol
>   13 Herring Road
>   Beaumont, MS 39423-2055

|  |  |
|---|---|
|  | By:    /s/ Shane G. Ramsey              |
| KILPATRICK TOWNSEND & STOCKTON LLP | Shane G. Ramsey (*Admitted Pro Hac Vice*) Georgia Bar No. 940547 |
| 1100 Peachtree Street, Suite 2800 Atlanta, GA 30309-4528 Telephone:  (404) 815-6500 Facsimile:  (404)-815-6555 |  |
| sramsey@kilpatricktownsend.com | Attorney for Plaintiffs |

10

US2008 6070263 1