**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| REJI SAMUEL, et al | \* | CIVIL ACTION NO: |
| Plaintiffs | \* | 1:13-cv-00323-MAC-ZJH |
| | \* | |
| v. | \* | DISTRICT JUDGE |
| | \* | MARCIA A. CRONE |
| SIGNAL INTERNATIONAL, LLC, et al, | \* | |
| | \* | MAGISTRATE JUDGE |
| Defendants | \* | ZACK HAWTHORN |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**SIGNAL'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE REPORT AND TESTIMONY OF VIRGINIA MILES**

Erin Casey Hangartner, La. Bar No. 24768
Alan Dean Weinberger, La. Bar No. 13331
Hal D. Ungar, La. Bar No. 31344
Elham R. Rabbani, La. Bar No. 33322
Brian C. Roux, La. Bar No. 35298
Lance R. Rydberg, La. Bar No. 02089
Mitchell P. Hasenkampf, La. Bar No. 32870
Robert L. Keller III, La. Bar No. 35188
Kevin P. Maney, La. Bar No. 33956
Lauren Masur Davis, La. Bar No. 34669
HANGARTNER RYDBERG & TERRELL, LLC
701 Poydras Street, Suite 310
New Orleans, LA 70139
Telephone: (504) 522-5690
Facsimile: (504) 522-5689

And

Patricia A. Bollman, La. Bar 17563
A Professional Law Corporation
Post Office Box 13707
New Orleans, LA   70185
Telephone:  (504) 218-5887
Facsimile:   (504) 304-0890

*Counsel for Signal International, L.L.C.*
*Signal International, Inc.,*
*Signal International Texas, G.P., and*
*Signal International Texas, L.P.*

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION ................................................................................................................. 1

II. RELEVANCY AND HELPFULNESS ................................................................................. 1

III. LEGAL CONCLUSION ....................................................................................................... 3

IV. CONCLUSION ..................................................................................................................... 5

**EXHIBITS**:

    A. Expert Report of Clyde P. Payne

    B. Portions of 1989 OSHA Field Manual

# **TABLE OF AUTHORITIES**

**PAGE**

**Cases**

*Christopher v. SmithKline Beecham Corp.*,
 -- U.S. --, 132 S. Ct. 2156, 183 L. Ed. 2d 153 (2012) ................................................................ 4

*Daubert v. Merrell Dow Pharmaceuticals*,
 509 U.S. 579 (1993) .................................................................................................................. 2

*Florida Peach Growers Asso. v United States Dep't of Labor*,
 489 F.2d 120 (5th Cir. 1974) ..................................................................................................... 5

*Goodman v. Harris Cnty.*,
 571 F.3d 388 (5th Cir. 2009) ..................................................................................................... 5

*Kumho Tire Co. v. Carmichael,*
 119 S.Ct. 1167 (1999) ............................................................................................................... 4

*Owen v. Kerr-McGee Corp.*,
 698 F.2d 236 (5th Cir. 1983) ..................................................................................................... 5

*Roman v. Western Mfg., Inc.*,
 691 F.3d 686 (5th Cir. 2012) ..................................................................................................... 2

*Steel Erectors Assoc. of America, Inc. v. OSHA Admin.*,
 636 F.3d 107 (4th Cir. 2011) ..................................................................................................... 6

*United States v. Tucker*,
 345 F.3d 320 (5th Cir. 2003) ..................................................................................................... 2

*Versai Mgmt. Corp. v. Landmark American Inc. Corp.*,
 2013 U.S. Dist. LEXIS 24371 (E.D.La. Feb. 22, 2013) (Morgan, J.) ........................................ 5

**Statutes:**

29 C.F.R. § 1910.142 ................................................................................................... 3,4,5

**Rules:**

Fed. R. Evid. 702 ............................................................................................................ 2

Rule 26(a)(2)(B)(iv)…………………………………………………………………….4

**Treatises:**

Weinstein's Federal Evidence § 702.03[1] (Bender, 2014) ............................................ 2

**MAY IT PLEASE THE COURT:**

**I.    INTRODUCTION**

Signal International, LLC, Signal International, Inc., Signal International Texas, GP and Signal International Texas, LP (hereinafter collectively "Signal") oppose Plaintiffs' Motion to Exclude the testimony and report of Signal expert Virginia Miles. Simply, if Plaintiffs are permitted to offer expert Clyde Payne in support of their case, than Signal should be permitted to offer expert Virginia Miles in defense.

Plaintiffs argue three reasons why the Court should exclude Ms. Miles and her report: "Plaintiffs seek to exclude Ms. Miles as an expert because her Report shows that her testimony is irrelevant, unhelpful to the jury, and consists entirely of impermissible legal conclusions."[1] Doc. 151, p. 2. Signal addresses each of these arguments below to urge that the Motion should be denied.

**II.    RELEVANCY AND HELPFULNESS**

The issue of OSHA non-applicability is relevant because Plaintiffs make it relevant. Plaintiffs plead the following in their First Amended Complaint:

> Up to twenty-four men were housed in each bunkhouse and made to sleep in two tiered bunk beds. The bunk beds were so tightly packed in the bunkhouses that it was difficult for workers to move about in the narrow passageways between bunks or sit up in bed. These housing conditions violated OSHA regulations.

Doc. 83, ¶ 146. This allegation *supports* the claims in this case, including, but not limited to, claims of intentional mistreatment. *Cf.* Doc. 83 ¶ 180, First Claim for Relief, "Plaintiffs' re-allege

---

[1] Plaintiffs do not question whether Ms. Miles is sufficiently qualified to act as an expert relative to the opinions provided in her report.

1

and incorporate by reference *each and every allegation* contained in the preceding paragraphs as if fully set forth herein." (Emphasis added).

The relevancy inquiry stems from Rule 702's requirement that the testimony be helpful. *See* **Roman v. Western Mfg., Inc.**, **691 F.3d 686, 694** (5th Cir. 2012) (citing **Daubert v. Merrell Dow Pharmaceuticals**, 509 U.S. 579, 591 (1993) ("Expert testimony which does not relate to any issue in the case is not relevant, and ergo, non-helpful."). "[E]xpert testimony is admissible under Rule 702 if it concerns matters beyond the understanding of the average person. . . [E]xpert testimony is admissible if it will simply help the trier of fact to understand the facts already in the record." 4 Weinstein's Federal Evidence § 702.03[1] (Bender, 2014) (citing **United States v. Tucker**, 345 F.3d 320, 327-328 (5th Cir. 2003) and Fed. R. Evid. 702).

Ms. Miles' opinions are helpful and relevant in this matter. They are relevant because they address specific allegations that the housing violated OSHA, allegations that support Plaintiffs' claims. In their lawsuit, Plaintiffs allege that this alleged substandard housing, in violation of OSHA, is evidence of intentional mistreatment. *See* Complaint, ¶ 245 ("Defendant Signal subjected Plaintiffs to discriminatory and offensive mandatory room and board arrangements at the Texas Labor Camp.")

Ms. Miles will opine that no violation occurred. Such a conclusion will assist the jury in determining, amongst other things, whether Signal intentionally mistreated Plaintiffs due to race or nationality, as alleged in the Complaint, by housing the workers in substandard housing. The Court should therefore conclude that Ms. Miles' report and testimony are relevant to this matter.

The Court should also conclude that Ms. Miles' opinions are helpful. Not only because they relate to factual allegations in this case, but because the jurors would be assisted by Ms. Miles in understanding an issue likely outside their purview. Ms. Miles' background working for the

2

USDOL and the USDHHS, specifically in the areas of employment and labor standards, as an investigator, are critical to her ability to reach her ultimate conclusion – that "there is no documentation wherein OSHA definitively claimed to have jurisdiction over non-agricultural temporary labor camps for H-2B workers, similar to the 'man camps' identified in the lawsuit to which this report refers." *See* Plaintiffs' Exhibit A.

One cannot reasonably expect the jurors to have the ability to reach the same conclusion absent assistance from Ms. Miles, because only Ms. Miles has the requisite 35+ years in the industry, during which she gained the requisite knowledge to conclude about what she ***has not seen***. *See* CV of Virginia Miles, Plaintiffs' Exhibit A. To expect a juror to have the ability to arrive at such a conclusion, by, one would guess, asking the jurors to review every piece of paper ever related to the issue, in order to conclude what is not included, is unreasonable. Plaintiffs' argument that the jurors can do this alone lacks merit and should be set aside.

### III.    LEGAL CONCLUSION

Finally, Plaintiffs argue that Ms. Miles should be excluded because her opinions "constitute impermissible legal conclusions." Doc. 151, p. 4.

In their brief, Plaintiffs discuss the fact that they retained a retired OSHA manager, Mr. Clyde Payne, to provide opinions "addressing Signal's significant areas of non-compliance with OSHA's temporary labor camp safety and health standards." Doc. 151, p. 2. The standards to which Mr. Payne refers in his report are found in 29 C.F.R. § 1910.142. *See* Report of Clyde Payne, Exhibit "A".

This argument retroactively applies an OSHA standard to Signal that did not apply to an employer like Signal until after the lawsuit was filed. In either 2009 or 2011 – both experts say

3

2011 - OSHA expressly clarified its temporary labor camp standard to provide, for the first time, that the standard applied to settings other than agricultural occupations.

Prior to this clarification, the OSHA Field Manual applicable to Signal during the critical period – even according to Mr. Payne -- defined a temporary labor camp as "[f]arm housing directly related to the seasonal or temporary employment of migrant farm workers. In this context, 'housing' includes both permanent and temporary structures located on or off the property of the employer, ***provided they meet the foregoing definition***." *See* Exhibit B, attached hereto (June 15, 1989 – Revised Field Operations Manual).[2]

The regulated have a constitutional right to fair notice of regulations that can also punish. ***See***, ***e.g***., ***Christopher v. SmithKline Beecham Corp***., -- U.S. --, 132 S. Ct. 2156, 2167, 183 L. Ed. 2d 153 (2012) ("agencies should provide regulated parties 'fair warning of the conduct [a regulation] prohibits or requires.' (Citation omitted). Indeed, [not to do so] would result in precisely the kind of 'unfair surprise' against which our cases have long warned." (Citations omitted and emphasis added). The record shows that Signal did not have such notice.

Ms. Miles is qualified to render an opinion concerning the methods by which an experienced, well trained, former OSHA field investigator and supervisor would determine whether 29 C.F.R. § 1910.142 established regulatory jurisdiction over a housing facility located at Signal during the period from 2006 to 2008. *See* Plaintiffs' Exhibit A which contains, as Rule 26(a)(2)(B)(iv) requires, Ms. Miles' CV.

---

[2] This material was obtained through a for-profit internet site catering to the safety industry, BLR, as evidenced by the independently verifiable URL at the bottom of the first page of Exhibit B; and again, the Court is at liberty to consider this material pursuant to ***Kumho Tire Co. v. Carmichael,*** 119 S.Ct. 1167 (1999).

4

Ms. Miles even appears more qualified than Mr. Payne. Mr. Payne only supervised the OSHA, Jackson office. *See* Expert Report of Clyde Payne, Exhibit "A". It is ironic that the Plaintiffs have presented this motion.

Signal acknowledges that there is authority contrary to the view that Signal retained Ms. Miles for good reason, i.e., ***Versai*** from the Eastern District of Louisiana, and other cases within this Circuit.[3] If the applicability, to Signal, of § 1910.142, is a conclusion of law, and Signal suspects that it is, the case law indicates that Ms. Miles was retained needlessly, as was Mr. Payne. *Id*. Therefore, if the Court strikes Ms. Miles, the Court should also strike Mr. Payne.

## IV. **CONCLUSION**

The opinions found in the report and testimony of Virginia Miles are relevant to this matter, and would be helpful to the jury. If the Court, though, ultimately concludes that the opinion is a legal conclusion, and grants this Motion, the Court should also exclude Plaintiffs' expert Clyde Payne, and his report, for the same reason.

Dated October 31, 2014.

---

[3] *Cf*. ***Versai Mgmt. Corp. v. Landmark American Inc. Corp***., 2013 U.S. Dist. LEXIS 24371, *6-*7 (E.D.La. Feb. 22, 2013) (Morgan, J.) ("While ***an expert witness*** is permitted to give his opinions on an 'ultimate issue' of fact, assuming he is qualified to do so, he ***is not permitted to*** make credibility determinations or ***offer conclusions of law***. Fed. R. Evid. 704; *see also* ***Goodman v. Harris Cnty***., 571 F.3d 388, 399 (5th Cir. 2009) ('[A]n expert may never render conclusions of law . . . nor, may an expert go beyond the scope of his expertise in giving his opinion.'); ***Owen v. Kerr-McGee Corp***., 698 F.2d 236, 240 (5th Cir. 1983) ('Fed. R. Evid. 704 abolished the per se rule against testimony regarding ultimate issues of fact. . . . Rule 704, however, does not open the door to all opinions.').") (emphasis added). *See also* Federalist No. 78 (Alexander Hamilton) ("WE PROCEED now to an examination of the judiciary department of the proposed government. . . . The interpretation of the laws is the proper and peculiar province of the courts."); ***Florida Peach Growers Asso. v United States Dep't of Labor***, 489 F.2d 120 (5th Cir. 1974) (standards promulgated under Occupational Safety & Health Act have force of law upon every employer having duty to comply with occupational safety and health standards or face civil and criminal penalties); ***Steel Erectors Assoc. of America, Inc. v. OSHA Admin***., 636 F.3d 107, 114 (4th Cir. 2011) ("For the most part, [OSHA] standards impose substantive legal obligations on all regulated entities that often give rise to hefty compliance costs.").

5

Respectfully submitted,

*/s/ Erin Casey Hangartner*_____
Erin Casey Hangartner, La. Bar No. 24768
Alan Dean Weinberger, La. Bar No. 13331
Hal D. Ungar, La. Bar No. 31344
Elham R. Rabbani, La. Bar No. 33322
Brian C. Roux, La. Bar No. 35298
Lance R. Rydberg, La. Bar No. 02089
Mitchell P. Hasenkampf, La. Bar No. 32870
Robert L. Keller III, La. Bar No. 35188
Kevin P. Maney, La. Bar No. 33956
Lauren Masur Davis, La. Bar No. 34669
HANGARTNER RYDBERG & TERRELL, LLC
701 Poydras Street, Suite 310
New Orleans, LA 70139
Telephone: (504) 522-5690
Facsimile: (504) 522-5689
ehangartner@hanrylaw.com
aweinberger@hanrylaw.com
hungar@hanrylaw.com
erabbani@hanrylaw.com
broux@hanrylaw.com
lrydberg@hanrylaw.com
mhasenkampf@hanrylaw.com
rkeller@hanrylaw.com
kmaney@hanrylaw.com
lmasur@hanrylaw.com

And

Patricia A. Bollman, La. Bar 17563
James L. Cornblatt, (Pro Hac Vice)
Patricia A. Bollman,
A Professional Law Corporation
Post Office Box 13707
New Orleans, LA 70185
Telephone: (504) 218-5887
Facsimile: (504) 304-0890
patricia@bollmanfirm.com
cornblatt25@gmail.com

***Counsel for Signal International, L.L.C.***
***Signal International, Inc.,***
***Signal International Texas, G.P., and***
***Signal International Texas, L.P.***

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2014, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to non-CM/ECF participants.

*/s/ Erin Casey Hangartner*
ERIN CASEY HANGARTNER