UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| REJI SAMUEL, et al | * | Case No: 1:13-cv-0323 |
| Plaintiffs | * | |
| | * | |
| vs. | * | |
| | * | |
| | * | |
| SIGNAL INTERNATIONAL, LLC, et al, | * | |
| Defendants | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER OF MALVERN C. BURNETT, THE LAW OFFICES OF MALVERN C. BURNETT, A.P.C., AND GULF COAST IMMIGRATION LAW CENTER, L.L.C.

Now comes Malvern C. Burnett, The Law Offices of Malvern C. Burnett, A.P.C. , and the Gulf Coast Immigration Law Center, L.L.C., hereinafter referred to collectively as "Burnett, who in response to the Plaintiffs' Complaint in the above captioned matter herewith makes the following objections, defenses, and answer.

### GENERAL OBJECTION TO COMPLAINT.

Burnett objects to the Plaintiffs' Complaint as being in violation of Rule 8 of the Federal Rules of Civil Procedure, in that it does not contain a short and plain statement of claims, but rather a 50 page,288 paragraph narrative, being essentially argument of counsel, replete with conclusory, inflammatory, and superfluous statements designed solely to inflame, and engender passion and prejudice against Defendants, including Burnett, and containing several erroneously

portrayed events, which events, even if correctly described, are irrelevant and inadmissible in any of the claims asserted by these Plaintiffs against Burnett.

### FIRST DEFENSE

The assertions and allegations of Plaintiffs' Complaint against Burnett, including the First, Second, Fourth, Fifth, Sixth, and Seventh Claims for Relief, are no more than conclusory statements of Plaintiffs' counsel that are not entitled to be assumed true, and as such fail to plausibly state a claim against Burnett upon which relief can be granted.

### SECOND DEFENSE

At all times, Burnett merely acted as attorney for his clients, lawfully representing same, performing the tasks and assignments requested of him, filing lawful and proper petitions and legal applications to the government, and asserting constitutionally guaranteed rights and actions for and on behalf of his clients, which lawful conduct and action in representation of his clients cannot serve as the basis for violations of 18 U.S.C. 1583, 18 U.S.C. 1584, 18 U.S.C. 1589, et seq., 18 U.S.C. 1590, et seq, 18 U.S.C. 1962(c) 18 U.S.C. 1962(d),or 22 U.S.C. 7102, and which lawful representations and actions as an attorney lawfully representing his client are afforded a common law qualified immunity from liability.

### THIRD DEFENSE

At all times pertinent, Burnett was filing lawful and proper petitions to the United States government for and on behalf of his clients, which right of petition is guaranteed by the First Amendment, affording Burnett immunity from statutory liability under  18 U.S.C. 1583, 18

U.S.C. 1584, 18 U.S.C. 1589, et seq., 18 U.S.C. 1590, et seq, 18 U.S.C. 1962(c) 18 U.S.C.

1962(d),or 22 U.S.C. 7102 for exercising such First Amendment rights of and on behalf of his

clients, and as such herewith pleads the doctrine of Noerr-Pennington as a defense to Plaintiffs'

First and Second Claims for Relief.

### FOURTH DEFENSE

Any and all statements or representations that may have been made by Burnett were

accurate renditions of statements and representations he was instructed and authorized to make

by Signal in the performance of his responsibilities as an immigration attorney, for which

statements he cannot personally be held liable for misrepresentation or fraud.

### FIFTH DEFENSE

Burnett fully, faithfully, and lawfully fulfilled all contractual obligations to his clients,

until he was prevented from doing so by Plaintiffs' breached their contractual obligations.

### SIXTH DEFENSE

Plaintiffs have suffered no damages or injury as a result of any action or conduct by

Burnett.

### SEVENTH DEFENSE

Burnett asserts that any payment received for legal services rendered, including any

assistance with the preparation of immigration forms for submission to governmental agencies

or entities, review of application documentation, vetting for eligibility to migrate to the United

States, counseling potential H-2B workers, and later preparations and filing of extensions and

other immigration work, that such fees were actually earned, and all services were rendered diligently, honestly, in good faith, within the standard of care, without any misrepresentation of fact or law, and that every Indian worker who migrated to the United States as a result of his work, including Plaintiffs herein, received a fair value for such services rendered, and that as such, Plaintiffs cannot establish that they were defrauded in any manner.

### EIGHTH DEFENSE

Plaintiffs have not suffered and cannot establish any detrimental reliance as the result of anything said or done or any alleged representations by Burnett.

### NINTH DEFENSE

All claims of negligent or fraudulent misrepresentations are based on conduct alleged to have occurred in either India or the United Arab Emirates, and as such, Plaintiffs have no cause of action under any state of the United States of America or federal law for such alleged conduct.

### TENTH DEFENSE

Plaintiffs breached applicable contracts, thereby terminating any further contractual obligations that might otherwise have been due by Burnett, estopping them from making any claims for damages.

### ELEVENTH DEFENSE

Burnett pleads misjoinder of parties, of both Plaintiffs and Defendants, pursuant to Rule 21 of the Federal Rules of Civil Procedure.

### TWELFTH DEFENSE

Plaintiffs have failed to state the with particularity the facts and circumstances constituting fraud against Burnett, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

THIRTEENTH DEFENSE

As to all Plaintiffs and to all pertinent allegations against Burnett, Burnett herewith denies all and singularly that he made any representation other than that he would prepare and file all H-2B applications and extensions on behalf of Signal, and that at such time as Signal sponsored any Plaintiffs for permanent work in the United States, that he would prepare such applications or petitions for filing.

FOURTEENTH DEFENSE

Plaintiffs' alleged claims are barred by prescription, preemption, laches or applicable statute of limitations. Texas does not recognize cross-jurisdictional tolling of the statute of limitations for the filing of a class action in federal court where class certification was denied, and as such all state based causes of action have lapsed under applicable statute of limitations. To the extent Indian law may apply, any such claims are likewise barred by the running of applicable statute of limitations, under the choice of law rules of the Texas, the state in which this matter was filed.

FIFTEENTH DEFENSE

At all material times the Burnett Defendants acted lawfully and in good faith and any alleged legal advice rendered was sound, legal and proper. Burnett denies that any wrongful or

illegal acts were committed by any of the defendants as alleged.  However, the Burnett Defendants aver that in the event it shall be determined that any alleged wrongful and/or illegal acts were committed by any defendant, which is denied, at no time did the Burnett Defendants condone, support, authorize, approve of, join in, participate in, or know of any such alleged wrongful or illegal acts.

### SIXTEENTH DEFENSE

Plaintiffs cannot recover for any alleged claims or damage stated in the Plaintiffs' Complaint as plaintiffs' conduct and actions were themselves the cause of any alleged injury or damage; or alternatively, in the event that this Court should find any liability on the part of the Burnett Defendants, which is denied, the Burnett Defendants plead the contributory negligence or comparative fault of plaintiffs which serves as a bar and/or diminution of plaintiffs' recovery. In the further alternative, the Burnett Defendants plead in bar or diminution of recovery the doctrine of assumption of risk and/or volenti non fit inuria.

### SEVENTEENTH DEFENSE

In the alternative, in the event this Court should find that plaintiffs have suffered any of the damages alleged, which is denied, the Burnett Defendants aver that plaintiffs' damages, if any, were caused or contributed to by other persons or parties for whose actions the Burnett Defendants are not legally responsible.

### EIGHTEENTH DEFENSE

Plaintiffs have failed to mitigate their alleged damages so that any alleged recovery

sought herein should be reduced or be precluded entirely.

### NINETEENTH DEFENSE

Any damages suffered by plaintiffs (all of which are denied) must be offset by the benefits and income they received from Signal and/or which they could have received had they not left Signal's employ or performed such acts which caused the termination of employment with Signal; and/or which they have otherwise received while working in the United States since leaving Signal's employment.

### TWENTIETH DEFENSE

The Plaintiffs seek relief to which they are not entitled, including, but not limited to punitive damages.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred or reduced by the doctrine <u>in pari delicto</u>, in that plaintiffs, in direct contravention of specific instructions by Burnett, have asserted that they deliberately and knowingly lied and made false statements to American consular officials in order to obtain work visas to the United States.  If that is proved, then plaintiffs' RICO claims are barred under said doctrine; to-wit: as a result of their own conscious and knowing actions, plaintiffs bear at least substantially equal responsibility for the violations they seek to redress via RICO.  Their own culpability was a cause-in-fact and proximate cause of the alleged violations.  Not only would none of the alleged violations have occurred without this culpability, it was a direct rather than a remote cause of any alleged violations.  Therefore, many, if not all, of the plaintiffs'

claims are barred by their own delictual responsibility.  It is specifically averred that at no time did the Burnett Defendants know of any such alleged misrepresentations by plaintiffs.  Nor did the Burnett Defendants advise or counsel any of the plaintiffs or any other party to make or cause any such alleged misrepresentations to any person or agency or party.  Nor did the Burnett Defendants make any statement to any agency or party that was false or known to be false when made.  To the contrary, those Indians with whom Burnett met, were instructed to answer any questions put to them in an honest and truthful manner.  The Burnett Defendants did not authorize or direct any other person to instruct or counsel any Indian applicant to lie or intentionally make false statements to the American consular officials.  All forms, petitions, applications and other documents prepared and filed by Burnett were in full accord with all federal, state, or local laws and regulations, were completely proper under said laws and regulations, and cannot serve as the basis for any claims of fraud or misrepresentation.

TWENTY-SECOND DEFENSE

At no time did the Burnett Defendants knowingly engage in a pattern of racketeering activity, engage with any enterprise involved in racketeering activity, promote the enterprise of any association engaged in racketeering activity, or threaten anyone with the continuation of, much less the initiation of, any enterprise engaged in criminality.  The Burnett Defendants are not, nor have they ever been organized for any immoral, unlawful or illicit purpose.  The Burnett Defendants have never knowingly used any unlawful tactic or practice to further its business or satisfy its business needs.

TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred under the doctrine of unclean hands.

TWENTY-FOURTH DEFENSE

The doctrine of res judicata and issue preclusion prevent Plaintiffs from asserting the claims set forth herein.

TWENTY-FIFTH DEFENSE

The actions for which Plaintiffs seek recovery resulted from the unilateral actions of government entities, agents, agencies, or employees over which defendants had no control.

TWENTY-SIXTH DEFENSE

Plaintiffs claims are barred because they resulted from government action unrelated to the actions of any defendant.  Moreover, Plaintiffs assumed the risk that the US Government may deny or refuse to extend applications.

TWENTY-SEVENTH DEFENSE

Plaintiffs' damages were caused in whole or in part by third parties other than the Burnett Defendants, and/or by their own conduct or actions, over which Burnett had no control.

TWENTY-EIGHTH DEFENSE

Burnett performed the services he contracted to provide, earned the fee charged, and as such, as well as under the specific provisions of the contracts with Plaintiffs, Plaintiffs are not entitled to a refund from the Burnett Defendants.

## TWENTY-NINTH DEFENSE

Plaintiffs voluntarily, after due consideration, knowingly and consciously entered into contracts with Burnett, being fully aware of all risks attendant in entering into such contracts, including but not limited to those of traveling to the United States for work, that there was no guarantee or assurance that the United States would issue either temporary or permanent work visas, or that any employment in the United States would be totally satisfactory.

## THIRTIETH DEFENSE

Burnett objects to the inflammatory and prejudicial characterizations set forth in the paragraphs of Plaintiffs' Complaint, as opposed to short, plain statements of grounds for relief claimed, and moves that such be stricken from this pleading.  Subject to that objection, all allegations of fact of any wrongdoing, as well as all inferences or suggestions of wrongdoing by Burnett set forth in the numerous paragraphs of Plaintiffs' Complaint are denied.

## THIRTY FIRST DEFENSE

Burnett avers that this court lacks personal jurisdiction, either general or specific,  over the Burnett Defendants, Burnett having insufficient minimal contacts with the state of Texas to justify the imposition of jurisdiction over his person, and Burnett not having purposefully availed himself of the protection or advantages of the laws of the state of Texas.

## THIRTY-SECOND DEFENSE

And Now, further answering the specific allegations of Plaintiffs' complaint, Burnett avers as follows.

Paragraphs 1 - 5

Burnett objects to the inflammatory and prejudicial characterizations set forth in these paragraphs and move that they be stricken.  The allegations of these paragraphs as to Burnett are denied.

Paragraphs 6-7

The allegations of these paragraphs do not appear to concern Burnett.  To the extent an answer is deemed necessary, same are denied for lack of information on which to justify a belief.

Paragraph 8

The allegations of this paragraph are but legal conclusions that are not entitled to any presumption of truthfulness.  To the extent an answer is deemed necessary, same are denied.

Paragraphs 9 -12

To the extent the allegations set forth in these paragraphs set forth legal conclusions, they require no response from the Burnett Defendants, but are denied out of an abundance of caution, except to admit that this Court has jurisdiction over the subject matter of this case. Burnett again reavers his objection to the exercise of jurisdiction over the person of Burnett, and asserts that venue is not proper here, pursuant to the first filed rule.

Paragraph 13

The allegations of this paragraph are denied for lack of information on which to justify a belief.

Paragraphs 14 - 15, and 17

The allegations of this paragraph are denied.

Paragraph 16

The allegations of this paragraph are denied for lack of information on which to justify a belief.

Paragraph 18

The allegations of this paragraph are admitted.

Paragraphs 19 - 35

The allegations of this paragraph are denied for lack of information on which to justify a belief.

Paragraphs 36 -48

The allegations of this paragraph are denied for lack of information on which to justify a belief.

Paragraphs 49 -57

The allegations set forth in these paragraphs that do not concern Burnett, are denied for lack of information on which to justify a belief.  The allegations that Burnett entered into contracts with Pol and/or Dewan to provide labor in Texas are denied, as are all allegations that Burnett entered into a joint venture with Pol and./or Dewan, and all allegations that Burnett either acted as an agent of Dewan or Pol or that Pol or Dewan acted as an agent of Burnett, all such allegations as to Burnett being denied.

Paragraph 58

Burnett admits that Plaintiffs refer to Pol and Dewan as "Recruiter Defendants".

Paragraphs 59-61

The allegations of these paragraphs are admitted.

Paragraphs 62- 64

The allegations set forth in these paragraphs are denied, except to admit that Defendant, Malvern Burnett, served as agent for service of process for The Law Office of Malvern C. Burnett and GCILC.

Paragraph 65

The allegations of this paragraph do not contain any allegations against any of the Burnett Defendants, and as such, appear to require no answer by the Burnett Defendants.  To the extent an answer is deemed necessary, it is admitted that Plaintiffs refer to the Burnett Defendants as the "Burnett Defendants".

Paragraph 66

As to Burnett, the allegations of this paragraphs are denied, except to admit that as an attorney representing Signal, Burnett did properly prepare and file appropriate immigration documents.  Burnett specifically denies that he was at any time involved in recruiting, obtaining, labor contracting, transporting, harboring, providing and/or employing plaintiffs.   All conclusions of law are denied.

Paragraphs 67-70

The allegations of these paragraphs are denied.

Paragraphs 71

The allegations of these paragraphs are denied for lack of information on which to justify

a belief.

Recruitment Process

As to all allegations contained in Plaintiffs Complaint entitled, "Recruitment Process",

Burnett denies that he had any involvement with or played any part in the recruiting of workers

for any Defendant, but rather performed his services as an attorney diligently, honestly, in good

faith, within the standard of care, properly preparing and filing all necessary documents,

petitions, and/or applications, without any misrepresentation of fact or law, so that Plaintiffs

could legally enter the United States in order to work for Signal, as understood and agreed to by

all Plaintiffs.

Paragraphs 72 -73

The factual allegations of these paragraphs as to Burnett are denied.

Paragraph 74

The allegations of this paragraph does not appear to concern Burnett, and to that extent

the allegations are denied for lack of information on which to justify a belief, except to deny that

any candidates were ever promised they would receive green cards or permanent residency.

Paragraph 75

The allegations of these paragraphs are denied for lack of information on which to justify a belief.

Paragraph 76

All factual allegations as to Burnett of alleged wrongdoing, fraud, mail fraud, wire fraud or immigration fraud as set forth in Exhibit 1 to Plaintiffs' Complaint are denied.

Paragraphs 77 - 83 and 85 - 88

The allegations of these paragraphs are denied, except to admit that, at all material times, that Burnett Defendants, as immigration attorney, rendered legal services to his clients, and that he diligently, honestly, in good faith, within the standard of care, without any misrepresentation of fact or law, relayed representations made by Signal that Plaintiffs could legally enter the United States under H-2B visas to work for Signal, that up to two extensions would be filed, and thereafter that Signal would sponsor them for permanent residency, without any promise of being able to remain in the United States while the permanent residency petition was pending.

Paragraph 84

Burnett admits that at different times in 2006 he traveled to India and the United Arab Emirates to assist candidates in the preparation of immigration documents and in preparing some for consular interviews.

Paragraphs 89 - 96

The allegations of these paragraphs are denied, except to admit that, at all material times, that Burnett Defendants, as immigration attorney, rendered legal services to his clients, and that he diligently, honestly, in good faith, within the standard of care, without any misrepresentation of fact or law, provided information as to the H-2B process, and relayed representations made by Signal that Plaintiffs could legally enter the United States under H-2B visas to work for Signal, that up to two extensions would be filed, and thereafter that Signal would sponsor them for permanent residency, without any promise of being able to remain in the United States while the permanent residency petition was pending, and that Plaintiffs knowingly and voluntarily elected to enter into agreements whereby they would enter the United States to work for Signal under H-2B visas as was fully explained to them.

Paragraphs 97 -100

The allegations of these paragraph are denied for lack of information on which to justify a belief.

Paragraph 101

The allegations of this paragraphs are denied.

Paragraph102 and 105

The allegations of this paragraph are denied for lack of information on which to justify a belief, except to admit that at various times in mid to late 2006, labor certifications by Signal were approved for a total of 590 unnamed H-2B workers and that the USCIS approved Signal's

H-2B visas for unnamed welders and fitters.

Paragraphs 103, 104, 106 and 107

The allegations of these paragraphs are conclusions of law, and appear to require no answer by Burnett.  To the extent an answer is deemed necessary, same are denied as being an incomplete and incorrect characterizations or interpretations of the laws and regulations concerning H-2B visas.

Paragraphs 108 - 110

The allegations of these paragraph are denied.

Paragraph 111

The allegations of this paragraph are denied for lack of information on which to justify a belief.

Paragraph112

The allegations of these paragraph are admitted.

Paragraph 113

The allegations of this paragraph are denied for lack of information on which to justify a belief.

Paragraphs 114 - 132

As to Burnett, the allegations of these paragraph are denied, except to admit that Burnett attempted to meet with potential candidates in order to prepare them for their consular interviews, and in addition to informing them of the types of questions likely to be asked,

instructed everyone with whom he met to always truthfully answer any questions asked.  As to all other Defendants same are denied for lack of information on which to justify a belief.

## Paragraph 133

The allegations of this paragraph are denied for lack of information on which to justify a belief, except to deny that Plaintiffs did anything except upon a knowing and well informed consent that was voluntarily given.

## Paragraphs 134 - 136

The allegations of this paragraph are denied for lack of information on which to justify a belief, except to admit that Plaintiffs obviously traveled to the United States at some point in time and that Signal decided which workers were to be employed in its different facilities.

## Paragraphs 137 - 139

The allegations of this paragraph are denied for lack of information on which to justify a belief.

## Paragraphs 140 - 163

The allegations of this paragraph are denied for lack of information on which to justify a belief.

## Paragraphs 164 - 165

The allegations of these paragraphs are denied.

## Paragraphs 166 - 177

The allegations of this paragraph are denied for lack of information on which to justify

a belief.

## Paragraph 178

The allegations of this paragraph as to Plaintiffs receipt of green cards are admitted, except to deny that Burnett ever promised that the approval of any work visas or green cards within a certain time frame, or ever, was unconditionally or unequivocally guaranteed, and further denies that under the terms of the Attorney Services Agreement and other contractual undertakings by Plaintiffs, especially considering Plaintiffs' breach of said contractual obligations, that any refunds are due Plaintiffs.

## Paragraphs 179 - 241

The allegations set forth as to Burnett in these paragraphs are denied. To the extent the allegations in these paragraphs set forth legal conclusions, they require no response from the Burnett Defendants.  To the extent an answer is deemed necessary to these legal conclusions, same are denied as incorrect, incomplete, and misinterpreted conclusions of law, and further deny same are applicable to any of the facts of this matter.

## Paragraphs 242 - 254

The allegations of these paragraphs do not refer to or concern Burnett.  To that extent, no response is required to these paragraphs, but the extent an answer is deemed necessary are denied for lack of information on which to justify a belief.  To the extent the allegations in these paragraphs set forth legal conclusions, they require no response from the Burnett Defendants. To the extent an answer is deemed necessary to these legal conclusions, same are denied as

incorrect, incomplete, and misinterpreted conclusions of law, and further deny same are applicable to any of the facts of this matter.

<div align="center">Paragraphs 255 - 281</div>

The allegations set forth as to Burnett in these paragraphs are denied. To the extent the allegations in these paragraphs set forth legal conclusions, they require no response from the Burnett Defendants.  To the extent an answer is deemed necessary to these legal conclusions, same are denied as incorrect, incomplete, and misinterpreted conclusions of law, and further deny same are applicable to any of the facts of this matter.

<div align="center">Paragraphs 282 - 285</div>

The allegations of these paragraphs do not refer to or concern Burnett.  To that extent, no response is required to these paragraphs, but the extent an answer is deemed necessary are denied for lack of information on which to justify a belief.  To the extent the allegations in these paragraphs set forth legal conclusions, they require no response from the Burnett Defendants. To the extent an answer is deemed necessary to these legal conclusions, same are denied as incorrect, incomplete, and misinterpreted conclusions of law, and further deny same are applicable to any of the facts of this matter.

<div align="center">Paragraph 286</div>

The allegations of this paragraph are denied.  To the extent the allegations in this paragraph sets forth legal conclusions, they require no response from the Burnett Defendants. To the extent an answer is deemed necessary to these legal conclusions, same are denied as

incorrect, incomplete, and misinterpreted conclusions of law, and further deny same are applicable to any of the facts of this matter.

Paragraphs 287 - 288

The allegations of this paragraph are denied.  To the extent the allegations in this paragraph sets forth legal conclusions, they require no response from the Burnett Defendants. To the extent an answer is deemed necessary to these legal conclusions, same are denied as incorrect, incomplete, and misinterpreted conclusions of law, and further deny same are applicable to any of the facts of this matter.

Prayer For Relief

Burnett denies that any Plaintiff is any entitled to relief from Burnett in this matter, and further denies that Burnett would be liable jointly and severally with any other Defendant under any circumstance.

RICO Fraud Chart - Exhibit 1 to  Plaintiffs' Complaint

And now answering each and every allegation of the Plaintiff's RICO Fraud Chart filed with Plaintiffs' Amended Complaint as Exhibit1 to Plaintiffs' Complaint,  Burnett Defendants aver as follows:

All of the allegations of Plaintiffs' Fraud Chart are denied as Burnett, except to admit, that from time to time, in furtherance of the services he performed as an attorney, he communicated with some of the other defendants herein, and that the USCIS mailed notices from time to time, indicating approval of petitions and applications for visas, that he fully and properly informed and

advised all Indian workers as to the immigration process, the process by which Signal would employ them under immigration laws and regulations.  Burnett specifically denies that any mail, wire, or other communications by him were false, fraudulent or intended to defraud anyone, that any such communications in any way constituted mail, wire, immigration, or document fraud in any manner, or that anyone was ever defrauded by him.  Moreover, Burnett a denies that the RICO Fraud Chart sets forth or establishes in any manner, the existence of any fraudulent or wrongful conduct on his part, or any conspiracy or racketeering activities of him or any Defendant.

Further, out an abundance of caution, Burnett specifically avers as follows.

Paragraphs F 31, 45, 46, 54, 58, 103, 106, 126, 141, 151, 155, 157, 167, 170,

The allegations set forth in these paragraphs contain rank hearsay references to Burnet, and do not establish, except by such hearsay references, activities of the Burnett Defendants, and as such are denied for lack of sufficient information.   To the extent the allegations set forth in these paragraphs directly or indirectly allege acts that support fault and/or liability by any of the Burnett Defendants, they are denied.   Moreover, the documents referenced in the aforementioned paragraphs, if they exist, are the best evidence of what they purport to contain.

Paragraphs: F 31, 58, 59, 103, 141, 151, 155, 157, 167.

Denied as written as to all allegations pertaining to the Burnett Defendants, except to admit that, at all material times, if the Burnett Defendants rendered any legal services at any

time, such services were rendered diligently, honestly, in good faith, within the standard of care, without any misrepresentation of fact or law, and all services were rendered through Burnett, APLC.  All allegations referencing other defendants, or to documents not provided, are denied for lack of sufficient information.  To the extent the unspecified allegations set forth in these paragraphs directly or indirectly allege acts that support fault and/or liability by any of the Burnett Defendants, they are denied.  Any documents referenced in the aforementioned paragraphs are denied out of abundance of caution because said documents were not provided. If said documents exist, the Burnett Defendants deny that the documents will show any direct or indirect evidence of fault or liability on the part of any of the Burnett Defendants, or that any document prepared by Burnett was anything other than accurate, proper, and in full compliance with all laws and regulations.

Paragraphs: F37, 44, 49, 50, 51, 52, 54, 57, 60, 86, 93, 99, 140, 166, 167, 170, 173, 186, 189, 190, 193, 200, 206, 207, 210.

Denied as written as to all allegations pertaining to the Burnett Defendants, except to admit that, at all material times, any payment received for legal services rendered, including any assistance with the preparation of immigration forms for submission to governmental agencies or entities, review of application documentation, vetting for eligibility to migrate to the United States, counseling potential H-2B workers, and later preparations and filing of extensions and other immigration work, that such fees were actually earned, and all services were rendered

diligently, honestly, in good faith, within the standard of care, without any misrepresentation

of fact or law, and that every Indian worker who migrated to the United States as a result of his

work, including Plaintiffs herein, received a fair value for such services rendered, and that  all

services were rendered through Burnett, APLC.  To the extent the allegations set forth in these

paragraphs directly or indirectly allege acts that support fault and/or liability by any of the

Burnett Defendants, they are denied.  All allegations referencing other defendants or documents

not provided are denied for lack of sufficient information.  Any documents referenced in the

aforementioned paragraphs are denied out of abundance of caution because said documents were

not provided. If said documents exist, the Burnett Defendants deny that the documents will show

any direct or indirect evidence of fault or liability on the part of any Defendant.


Paragraphs: F 45, 46, 54

The allegations of these paragraphs are denied, except to admit that at various

informational meetings Burnett provided true, correct, and accurate information about the

immigration, green card, and visa processes to various prospective workers.  The alleged dates of

said meetings and the alleged attendees or participants are denied for lack of information to

support a belief therein.  All remaining allegations are denied as written as to all allegations

pertaining to the Burnett Defendants, except to admit that, at all material times, if the Burnett

Defendants received payment for legal services, or rendered any legal services at any time,

including any assistance with the preparation of immigration forms for submission to

governmental agencies or entities, such fees were actually earned, and all services were rendered diligently, honestly, in good faith, within the standard of care, without any misrepresentation of fact or law, and all services were rendered through Burnett, APLC. To the extent the allegations set forth in these paragraphs directly or indirectly allege acts that support fault and/or liability by any of the Burnett Defendants, they are denied.  All allegations referencing other defendants or documents not provided are denied for lack of sufficient information. Any documents referenced in the aforementioned paragraphs are denied out of abundance of caution because said documents were not provided.  If said documents exist, the Burnett Defendants deny that the documents will show any direct or indirect evidence of fault or liability on the part of any Defendant, or that any document prepared by Burnett was anything other than accurate, proper, and in full compliance with all laws and regulations.

Paragraphs: F103, 106, 126, 141.

The allegations of these paragraphs are denied, except to admit that at all times, including anything that concerned consulate interviews, Burnett gave appropriate, correct, and proper legal advice in full compliance with all immigration laws and regulations, and at all times advised clients to honestly answer any questions asked.

WHEREFORE, the Burnett Defendants, MALVERN C. BURNETT, LAW OFFICES OF MALVERN C. BURNETT, A PROFESSIONAL LAW CORPORATION AND GULF COAST IMMIGRATION LAW CENTER L.L.C., pray that these Answers be deemed good and sufficient,

and that after due proceedings, there be Judgment herein in his favor dismissing all claims against

them with prejudice; and for a judgment in their favor for all attorney's fees and costs incurred

by them in the defense of this matter; and for all general and equitable relief to which they may

be entitled, and for a trial by jury.

<div style="margin-left:40%">

Respectfully Submitted,

  s/ Timothy W.  Cerniglia
Timothy W. Cerniglia, (La. Bar # 03964)
1521 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: 504-586-0555
Facsimile:  504-586-0550

Counsel for Malvern Burnett,
Gulf Coast Immigration Law
Center, LLC and the Law Offices of
Malvern C. Burnett, A.P.L.C.

</div>

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on counsel of record for Plaintiffs

electronically through this Court's EM/ECF system, this 4th day of November, 2014

<div style="margin-left:40%">

  s/Timothy W.  Cerniglia

</div>