**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **REJI SAMUEL, ET AL** | * | **CIVIL ACTION NO:** |
| | * | **No. 1:13-cv-00323** |
| **Plaintiffs** | * | |
| | * | **DISTRICT JUDGE** |
| **v.** | * | **MARCIA A. CRONE** |
| | * | |
| **SIGNAL INTERNATIONAL, LLC, et al,** | * | **MAGISTRATE JUDGE** |
| | * | **ZACK HAWTHORNE** |
| **Defendants** | * | |

**SIGNAL DEFENDANTS' REPLY TO BURNETT DFENDANTS' MEMORANDUM IN OPPOSITION TO SIGNAL'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY OF MALVERN C. BURNETT FOR MALPRACTICE AND BREACH OF FIDUCIARY DUTY**

Erin Casey Hangartner, La. Bar No. 24768
Alan Dean Weinberger, La. Bar No. 13331
Hal D. Ungar, La. Bar No. 31344
Elham R. Rabbani, La. Bar No. 33322
Brian C. Roux, La. Bar No. 35298
Lance R. Rydberg, La. Bar No. 02089
Mitchell P. Hasenkampf, La. Bar No. 32870
Robert L. Keller III, La. Bar No. 35188
Kevin P. Maney, La. Bar No. 33956
Lauren Masur Davis, La. Bar No. 34669
HANGARTNER RYDBERG & TERRELL, LLC
701 Poydras Street, Suite 310
New Orleans, LA 70139
Telephone: (504) 522-5690
Facsimile: (504) 522-5689

And

Patricia A. Bollman, La. Bar 17563
A Professional Law Corporation
Post Office Box 13707
New Orleans, LA 70185
Telephone: (504) 218-5887
Facsimile: (504) 304-0890

***Counsel for Signal International, L.L.C.
Signal International, Inc.,
Signal International Texas, G.P., and
Signal International Texas, L.P***

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ……………………………………………………………..ii

I. INTRODUCTION ........................................................................................................ 1

II. ARGUMENT ............................................................................................................... 1

III. CONCLUSION ............................................................................................................ 7

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Calpetco v. Marshall Exploration, Inc.*,
989 F.2d 1408 (5th Cir. 1993) ........................................................................ 3

*Costello v, Hardy*,
864 So. 2d 129 (La. 2004) ........................................................................ 3

*Crist v. Loyacono*,
65 So.3d 837, 842 (Miss. 2011)........................................................................ 3

*Davidson v. Stanadyne, Inc.*,
718 F.2d 1334 (5th Cir. 1983) ........................................................................ 1

*Gauck v. Meleski*,
346 F.2d 433 (5th Cir. 1965) ........................................................................ 1

*Gross v. Southern Railway Company*,
414 F.2d (5th Cir. 1969) ........................................................................ 1

*Stanley v. Trinchard*,
500 F.3d 441 (5th Cir. 2007) ........................................................................ 3

*Vinewood Capital LLC v. Dar Al-Maal Al-Islami Trust*,
2013 WL 5530539 (5th Cir, October 8, 2013)........................................................................ 2

*Zimzores v. Veterans Admin.*,
778 F.2d 264 (5th Cir. 1985) ........................................................................ 1

**Rule**:

Local Rule 56 (c)……………………………………………………………………….6

## I. INTRODUCTION

Burnett Defendants ("Burnett") have filed a Memorandum in Opposition to Signal's Motion for Partial Summary Judgment as to Liability. In its opposition, Burnett raises a number of facts that it claims are at issue. To be fair to Burnett, it is true that some of them are, in fact, at issue. However, none of those facts are material to Signal's Motion. It remains the case now, as it was when Signal filed its motion, that there is no genuine issue as to any material fact and Signal is entitled to partial summary judgment as a matter of law.

## II. ARGUMENT

Burnett raises *Davidson v. Stanadyne, Inc.,* 718 F.2d 1334 (5th Cir. 1983) and one of its progeny, *Zimzores v. Veterans Admin*., 778 F.2d 264 (5th Cir. 1985); and one of its predecessors, *Gross v. Southern Railway Company*, 414 F.2d (5th Cir. 1969), all of which cite *Gauck v. Meleski*, 346 F.2d 433 (5th Cir. 1965) for the proposition that summary judgment should not be entered because it is usually not appropriate in negligence cases. This reliance is misplaced for two (2) important reasons: 1) this is not a personal injury case; and 2) legal malpractice and breach of fiduciary duty are not a simple negligence case.

All four (4) cases cited by Burnett to support its proposition that negligence is not usually appropriate for summary judgment are personal injury cases (*Davidson* – products liability; *Zimzores* – negligent medical diagnoses; *Gauck* – personal injury; *Gross* – slip and fall). Indeed, even the passages quoted (twice) by Burnett in its Memorandum acknowledges that when it states, "…it is the rare **personal injury case** which can be properly disposed of by summary judgment, even when the historical facts are concededly undisputed." (Emphasis added). The cases cited are not on point for the proposition suggested by the Burnett Defendants, and, one of those cases

acknowledges that, "In tort actions in which determinations of a less "elusive nature," such as … waiver, or whether a plaintiff is in a class protected by a statute, are dispositive, summary judgment may more often be appropriate." Davidson at 1339, Footnote 8, citing 10A Wright, § 2729 at 197-201. Clearly, a client in an attorney-client relationship is protected by statute and the key element in this action is whether there was a waiver of the conflict or potential conflict of interest. Burnett's response does not raise a genuine issue as to whether that waiver was given.

The next defense presented by Burnett is a self-serving denial that Burnett was not involved in recruiting the Indian workers or in deciding which workers were eventually sent to Signal. Such a position completely ignores the Multilateral Business Agreement among Burnett, Pol & Dewan. Statement of Uncontested Facts "Statement" Exhibit 3. Interestingly, although there is a self-serving denial of a partnership, there is no mention of even the existence of the Multilateral Business Agreement in Burnett's opposition. The defense also neglects to acknowledge the many emails between Burnett, Pol & Dewan provided by Signal as an exhibit to its original motion which make it clear that Burnett was a part of the decision making process in determining which of the Indian workers were sent to Signal. Memorandum Exhibits M and O to Signal's Memorandum in Support of Motion for Partial Summary Judgment. As recently noted in this Circuit, "A party's uncorroborated self-serving testimony cannot prevent summary judgment, particularly if the overwhelming documentary evidence supports the opposite scenario." *Vinewood Capital LLC v. Dar Al-Maal Al-Islami Trust*, 2013 WL 5530539 (5th Cir, October 8, 2013).

Burnett's opposition tries to incorrectly suggest a lack of obligation on Burnett's part, but completely disregards the affirmative responsibilities placed upon an attorney in the attorney-client relationship. See Louisiana and Mississippi Rules of Professional Conduct. Although acknowledging that he was Signal's immigration attorney pursuant to the Skilled Worker

Recruitment Agreement, and that his services were provided to Signal because Signal knew nothing about the immigration process, Burnett suggests that his responsibilities were satisfied if he filled out the forms correctly. The contract provides that he was to be Signal's immigration attorney, not its paralegal or secretary. As discussed in depth in Signal's Memorandum in Support of Partial Summary Judgment, the laws of both Louisiana and Mississippi require significantly more. See *Stanley v. Trinchard*, 500 F.3d 441, 421 (5th Cir. 2007); *Costello v, Hardy*, 864 So. 2d 129, 138 (La. 2004); *Crist v. Loyacono*, 65 So.3d 837, 842 (Miss. 2011).

Next, Burnett's Opposition tries to suggest that Signal's motion is a bifurcation of the cause of action. Of course, such a suggestion has no merit. Summary judgment is acknowledged to be an excellent method to sort out issues that need not be tried and shorten the actual trial. While Burnett is correct that it is up to a jury to determine the amount of Signal's damages resulting from Burnett's malpractice and breach of fiduciary duty, there is no genuine issue that Signal suffered damage, and no reasonable jury could decide otherwise. Under such circumstances, summary judgment is not only allowed, but welcomed. See *Calpetco v. Marshall Exploration, Inc*., 989 F.2d 1408, 1415 (5th Cir. 1993) (Summary judgment is to "be construed to secure the just, speedy, and inexpensive determination of every action.")

It is interesting to observe that Burnett's Opposition has a tendency to take statements out of context to allegedly create a controversy. The most striking of these relates to the suggestion that a luncheon discussion involving Michael Pol and John Sanders supports the proposition that Signal was fully apprised that IAS and J&M green card candidates were being sent to Signal as H-2B workers. Exhibit 13 to Burnett's Opposition. Besides the fact that the deposition section cited, when read in context, as will be discussed below, shows exactly the opposite of what Burnett has suggested, even if it did, it fails to create a genuine issue of a material fact for several reasons.

First, the testimony states that Pol, who is not a lawyer, not Burnett, addressed the issue with Sanders. However, it was Burnett's obligation, not Pol's to inform Signal of the potential and actual conflict and obtain Signal's informed consent. There is, therefore, still no genuine issue as to the fact that there was no waiver. Burnett never argues or contests the fact that there was no proper and knowing waiver of the conflict or that there is no written waiver of the conflict by Signal. Additionally, Burnett must be hoping that the Court will ignore the fact that he had a separate financial interest in bringing the workers to Signal as a result of his involvement in the Multilateral Business Agreement.

Even though the proposition that John Sanders was apprised is insufficient, Burnett can only support it by cherry picking sentences from John Sanders' deposition. Burnett highlights a number of sentences but seems to have overlooked the key sentence, the one in which Sanders told Pol that he would have to get back to him as to his suggestion and that it didn't strike him as logical that Signal would do that. Even if Sanders, who was not an officer or director of Signal, could somehow be deemed to have the authority to issue a waiver, not only did he not do so but he advised that he did not believe those in actual authority would so agree. Burnett Memorandum Exhibit 13.

Although naturally it would be useful for this court to review all of the entire exhibits provided by Burnett rather than simply the highlighted area, an additional exhibit for which this would be particularly instructive would be Burnett Memorandum Exhibit 6. Burnett Memorandum Exhibit 6. Even the highlighted areas only suggest, without any specifics, that he explained the impossibility of pursuing an H-2B and a permanent resident visa for the same worker to "Signal Management". He does not remember with whom or what date but "I think we discussed this …" Burnett Memorandum Exhibit 6. Of course, under the law, whether Burnett "explained" the

situation is not relevant; what matters is whether Signal gave a proper and knowing waiver. Under Louisiana law, that waiver must be in writing. When asked on page 30 of the transcript (page 4 of the Exhibit) whether he advised Signal in writing, the answer was "no". Similarly, under Mississippi law, there is no evidence of Signal's knowing and informed consent. Burnett even admits in his testimony that he did not advise Signal of the delay in the issuance of employment based green cards for workers from India because his hope and intention was that the 18-24 month representation would be correct. It would seem to go without saying that legal advice based upon hope is not competent legal advice unless specifically couched as such. There is no genuine issue that it was ever properly couched as such.

It would be similarly helpful for this Court to pay particular attention to the entirety of Burnett Exhibit 21. While attempting to sound relevant, it is a red herring. The testimony which is the subject of the exhibit has nothing to do with Signal's motion. Burnett is comparing apples and oranges and trying to suggest that there is a genuine issue as to apples by discussing oranges. The workers who were the subject of the discussion in Burnett Memorandum Exhibit 21 were H-2B workers for whom Signal was NOT filing an H-2B extension who left Signal and went to work for other employers. Burnett Memorandum Exhibits 14, 15, 18 and 19 are also directed at this situation and are not in any way related to the subject matter of this motion. The conflict of interest arose with respect to Signal H-2B workers that Signal wanted to retain (and for whom Burnett filed extensions), who left Signal to work for other employers because of I-140's pursued for those other employers by Burnett. It is virtually impossible to find a greater example of conflict of interest than for the same attorney to be working on behalf of two different employers for the services of the same workers, for the same type of job at the same time period.

Burnett's Opposition to Signal's motion is to raise a number of irrelevant issues and act as though they are material. As can be generally said about Burnett's opposition, what was written may be so (although it mostly was not), but regardless, it does not have anything to do with Signal's motion. Even after taking Burnett's opposition into account, as described in depth by Signal in its original memorandum filed with its motion, there remains no genuine issue that at the time Burnett began his representation of Signal to acquire skilled labor from India, he was already representing J&M for the same purpose, and he had a financial interest in getting the same workers to the United States. Burnett does not properly raise a genuine issue that at the time Burnett filed H-2B extensions for Signal, he was filing I-140 petitions for J&M for many of the same workers. He does not properly raise a genuine issue that Signal never waived the conflict and potential conflicts in writing as required under Louisiana law nor any genuine issue that Signal ever gave its informed and knowing consent to the conflict and potential conflict as is required by Mississippi law. He also does not properly raise a genuine issue that Signal was damaged by Burnett's action – numerous H-2B workers left Signal's employ as a direct result of Burnett's actions. All of these facts raised by Signal are supported by admissible evidence and, as they are not controverted by Burnett by proper summary judgment evidence, should, in accordance with the local rules of this court, be construed as "admitted to exist without controversy". See *Eastern District of Texas Local Rule 56 (c).* On one point, Signal can agree with Burnett, it will be up to the jury to determine the exact amount of damages. Burnett's Opposition asks this Court to deny Signal's well supported Motion for Partial Summary Judgment because "All's well that ends well." In addition to the fact that this has no basis in law, all did not end well for Signal. Signal was severely damaged by Burnett's legal malpractice and breach of his fiduciary duty to Signal.

## III. CONCLUSION

Signal is entitled to partial summary judgment as to liability for these reasons and for reasons stated in other briefs Signal has presented to this Court. Signal prays for Order accordingly.

Respectfully submitted,

*/s/ Erin Casey Hangartner*_____________

Erin Casey Hangartner, La. Bar No. 24768
Alan Dean Weinberger, La. Bar No. 13331
Hal D. Ungar, La. Bar No. 31344
Elham R. Rabbani, La. Bar No. 33322
Brian C. Roux, La. Bar No. 35298
Lance R. Rydberg, La. Bar No. 02089
Mitchell P. Hasenkampf, La. Bar No. 32870
Robert L. Keller III, La. Bar No. 35188
Kevin P. Maney, La. Bar No. 33956
Lauren Masur Davis, La. Bar No. 34669
HANGARTNER RYDBERG & TERRELL, LLC
701 Poydras Street, Suite 310
New Orleans, LA 70139
Telephone: (504) 522-5690
Facsimile: (504) 522-5689
ehangartner@hanrylaw.com
aweinberger@hanrylaw.com
hungar@hanrylaw.com
erabbani@hanrylaw.com
broux@hanrylaw.com
lrydberg@hanrylaw.com
mhasenkampf@hanrylaw.com
rkeller@hanrylaw.com
kmaney@hanrylaw.com
lmasur@hanrylaw.com

And

        Patricia A. Bollman, La. Bar 17563
James L. Cornblatt, (Pro Hac Vice)
Patricia A. Bollman,
A Professional Law Corporation
Post Office Box 13707
New Orleans, LA 70185
Telephone: (504) 218-5887
Facsimile: (504) 304-0890
patricia@bollmanfirm.com
cornblatt25@gmail.com

***Counsel for Signal International, L.L.C.***
***Signal International, Inc.,***
***Signal International Texas, G.P., and***
***Signal International Texas, L.P.***

**CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2014, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to non-CM/ECF participants.

*/s/ Erin Casey Hangartner*
ERIN CASEY HANGARTNER