**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| REJI SAMUEL, ATHA MOHAMMAD ABDUL, KESAVARAO BUNDANKAYALA, RAJU DIVAKARAN, BIJU PERUMPILLY GEORGE, KRISHNA GONTHINA, NAYAPPULLI JAYACHANDRAN, GALLA VENKATA RAMA KRISHNA, SAMUEL JOSE KUMRUMTHODATHIL, LOHITHAKSHAN MADAMPET, JOHNY MANDY MATHAI, BELTHAZAR PETER, MOHANAN BALAKRISHNA PILLAI, SANTHOSH KUMAR RAJENDRAN PILLAI, ABY KARICKATHARA RAJU, SUMESH PORAMBATHUPARAMBIL SUBRAMANIAN, and CHANDRAN SHAJU THANISSERY, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO.: 1:13-cv-00323-MAC-ZJH |
| v. | ) ) ) | |
| SIGNAL INTERNATIONAL L.L.C., SIGNAL INTERNATIONAL, INC., SIGNAL INTERNATIONAL TEXAS, G.P., SIGNAL INTERNATIONAL TEXAS, L.P., MALVERN C. BURNETT, GULF COAST IMMIGRATION LAW CENTER, L.L.C., LAW OFFICES OF MALVERN C. BURNETT, A.P.C., GLOBAL RESOURCES, INC., MICHAEL POL, SACHIN DEWAN, and DEWAN CONSULTANTS PVT. LTD. (a/k/a MEDTECH CONSULTANTS), | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**SAMUEL PLAINTIFFS' REPLY TO SIGNAL'S RESPONSE**
**TO MOTION TO EXCLUDE TESTIMONY AND STRIKE**
**THE EXPERT REPORT OF VIRGINIA MILES**

KILPATRICK TOWNSEND & STOCKTON, LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528
Telephone:  (404) 815-6500
Facsimile:  (404)-815-6555
bboice@kilpatricktownsend.com
bcorgan@kilpatricktownsend.com
spangborn@kilpatricktownsend.com
sramsey@kilpatricktownsend.com
hheindel@kilpatricktownsend.com

William H. Boice
Georgia Bar No. 065725
Brian G. Corgan (*Pro Hac Vice*)
Georgia Bar No. 187700
Susan W. Pangborn (*Pro Hac Vice*)
Georgia Bar No. 735027; CA Bar No. 282533
Shane G. Ramsey (*Pro Hac Vice*)
Georgia Bar No. 940547
Heather L. Heindel (*Pro Hac Vice*)
Georgia Bar No. 285204
*Remaining Counsel Listed on Signature Page*

Attorneys for Plaintiffs

Virginia Miles served a one-page report offering a conclusion that, prior to 2009, "there is no documentation wherein OSHA definitively claimed to have jurisdiction over non-agricultural temporary labor camps for H-2B workers, similar to the 'man camps' identified in the lawsuit."  (Report, Ex. A to ECF 151, at p. 2.)  Plaintiffs sought to exclude Ms. Miles' Report, *inter alia*, for offering only a legal opinion.

The Miles Report was offered by Signal as a response, in part, to the Report of Clyde Payne, offered by the Plaintiffs.  Mr. Payne, with decades of OSHA experience, testified that in his view the relevant OSHA regulation, 29 C.F.R. § 1910.142, did apply to non-agricultural temporary labor camps in 2006 and 2007.  And Mr. Payne went on to present an extensive analysis showing how far out of OSHA compliance the Texas man camp was, as to overcrowding, toilet facilities, cleanliness and otherwise.

Signal did not seek to exclude Mr. Payne as an expert.  Nevertheless, in responding to Plaintiffs' Motion as to Ms. Miles, Signal asks that if Ms. Miles' is excluded, which Signal at least implicitly concedes is the right result, then Mr. Payne should be excluded as well:

> If the applicability, to Signal, of § 1910.142, is a conclusion of law, and Signal suspects that it is, the case law indicates that Ms. Miles was retained needlessly, as was Mr. Payne. . . . Therefore, if the Court strikes Ms. Miles, the Court should also strike Mr. Payne.

Signal Response, ECF No. 175 at p. 5.

First, because Signal did not file a motion to exclude or limit the testimony of Mr. Payne, his possible appearance as an expert is not at issue in this motion.  Second, on the question of the applicability of § 1910.142 to nonagricultural temporary labor camps prior to 2009, Mr. Payne, unlike Ms. Miles, actually has expertise based on his decades of OSHA experience in determining how the relevant regulations would have been read by OSHA inspectors at the time.

And Mr. Payne actually has documents and persuasive points of statutory logic to support his conclusion that the regulation did apply.  *See, e.g.*, Payne Dep. 31:7-32:10, excerpts attached as Exhibit A, and Ex. 1 to Payne deposition, attached hereto as Exhibit B.  Mr. Payne cites, for example, a publically available 1981 OSHA Memorandum on this very issue, which concludes as follows:

> [T]here is no language in 1910.142 to restrict the application of this standard to migrant [agricultural] housing.  Similar housing for the use of other kinds of workers would be subject to the same standard and should meet the same specifications.  For example, housing supplied for workers in remote or unsettled areas where labor is needed on a  temporary basis, as in oil drilling, would also be subject to 1910.142.

Exhibit B, p.1.

Third, and most important, the bulk of Mr. Payne's Report is an unchallenged analysis, well within his expertise and based on reliable methods and data, leading to the conclusion that the Texas man camp did not come close to OSHA standards in several significant ways.  These opinions would be relevant to the deplorable conditions in the man camp, whether or not the Court considers the applicability of the OSHA regulation, and indeed, whether or not the OSHA regulation applied.  The fact that Signal management believed that OSHA regulations applied to its mancamps during the relevant period makes Signal's noncompliance with those regulations relevant.

In short, there is no basis to exclude the Payne Report and, Signal having filed no motion in that regard, no reason for the Court to consider that.  On the other hand, Signal essentially concedes – or at least "suspects" – that Miles is due to be excluded, and Signal is absolutely right about that.

2

For the foregoing reasons, and those set out in Plaintiffs' Motion to Exclude (ECF. No. 151), Plaintiffs respectfully request that Ms. Miles and her Report be excluded.

DATED:  November 10, 2014.

KILPATRICK TOWNSEND &
STOCKTON, LLP
bboice@kilpatricktownsend.com
bcorgan@kilpatricktownsend.com
spangborn@kilpatricktownsend.com
sramsey@kilpatricktownsend.com
hheindel@kilpatricktownsend.com
tludlam@kilpatricktownsend.com
kreed@kilpatricktownsend.com
abelagodu@kilpatricktownsend.com
rwilliamson@kilpatricktownsend.com
liza.akins@kilpatricktownsend.com

Respectfully Submitted,

By:   *s/ Shane G. Ramsey*
William H. Boice
Georgia Bar No. 065725
Brian G. Corgan (*Pro Hac Vice*)
Georgia Bar No. 187700
Susan W. Pangborn (*Pro Hac Vice*)
Georgia Bar No. 735027; CA Bar No. 282533
Shane G. Ramsey (*Pro Hac Vice*)
Georgia Bar No. 940547
Heather L. Heindel (*Pro Hac Vice*)
Georgia Bar No. 285204
Akarsh P. Belagodu (*Pro Hac Vice*)
Georgia Bar No. 496714
Reginald A. Williamson (*Pro Hac Vice*)
Georgia Bar No. 462110
Elizabeth Crabtree Akins (*Pro Hac Vice*)
Georgia Bar No. 796422
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528
Telephone:  (404) 815-6500
Facsimile:  (404)-815-6555

Taylor H. Ludlam (*Pro Hac Vice*)
North Carolina Bar No. 42377
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609

Kristopher L. Reed (*Pro Hac Vice*)
Colorado Bar No. 36991
1400 Wewatta Street, Suite 600
Denver, CO  80202

*Attorneys for Plaintiffs*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 10, 2014, a true and correct copy of the

**SAMUEL PLAINTIFFS' REPLY TO SIGNAL'S RESPONSE TO MOTION TO**

**EXCLUDE TESTIMONY AND STRIKE THE EXPERT REPORT OF VIRGINIA MILES**

was filed electronically with the Clerk of Court using the CM/ECF system, which will

automatically send e-mail notification of such filings to all attorneys of record.

I FURTHER CERTIFY that U.S. Mail sent to the address of record for Global Resources,

Inc. has been returned undeliverable, therefore I am unable to serve a copy of these pleadings on

Global Resources, Inc.  The last known address of Global Resources, Inc. is:

> Global Resources, Inc.
> c/o Michael Pol
> 13 Herring Road
> Beaumont, MS 39423-2055

KILPATRICK TOWNSEND &
STOCKTON, LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528
Telephone:  (404) 815-6500
Facsimile:  (404)-815-6555
sramsey@kilpatricktownsend.com

By:   _s/ Shane G. Ramsey_
Shane G. Ramsey (*Pro Hac Vice*)
Georgia Bar No. 940547

Attorney for Plaintiffs