**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| REJI SAMUEL, et al | \* | CIVIL ACTION NO: |
| Plaintiffs | \* | 1:13-cv-00323 |
| | \* | |
| v. | \* | DISTRICT JUDGE |
| | \* | MARCIA A. CRONE |
| SIGNAL INTERNATIONAL, LLC, et al, | \* | |
| | \* | MAGISTRATE JUDGE |
| Defendants | \* | ZACK HAWTHORN |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**REPLY MEMORANDUM OF SIGNAL DEFENDANTS**
**FURTHER SUPPORTING SIGNAL'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. #165)**

Erin Casey Hangartner, La. Bar No. 24768
Alan Dean Weinberger, La. Bar No. 13331
Hal D. Ungar, La. Bar No. 31344
Elham R. Rabbani, La. Bar No. 33322
Brian C. Roux, La. Bar No. 35298
Lance R. Rydberg, La. Bar No. 02089
Mitchell P. Hasenkampf, La. Bar No. 32870
Robert L. Keller III, La. Bar No. 35188
Kevin P. Maney, La. Bar No. 33956
Lauren Masur Davis, La. Bar No. 34669
HANGARTNER RYDBERG & TERRELL, LLC
701 Poydras Street, Suite 310
New Orleans, LA 70139
Telephone: (504) 522-5690
Facsimile: (504) 522-5689
ehangartner@hanrylaw.com
aweinberger@hanrylaw.com
hungar@hanrylaw.com
erabbani@hanrylaw.com
broux@hanrylaw.com

1

lrydberg@hanrylaw.com
mhasenkampf@hanrylaw.com
rkeller@hanrylaw.com
kmaney@hanrylaw.com
lmasur@hanrylaw.com

And

Patricia A. Bollman, La. Bar 17563
James L. Cornblatt, (Pro Hac Vice)
Patricia A. Bollman,
A Professional Law Corporation
Post Office Box 13707
New Orleans, LA 70185
Telephone: (504) 218-5887
Facsimile: (504) 304-0890
patricia@bollmanfirm.com
cornblatt25@gmail.com

*Counsel for Signal International, L.L.C.*
*Signal International, Inc.,*
*Signal International Texas, G.P., and*
*Signal International Texas, L.P.*

## **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES……………………………………………………………………..ii

I.    REPLY MEMORANDUM/INTRODUCTION ....................................................................1

II.    ARGUMENT .......................................................................................................................1

        i.    Introduction........................................................................................................... 1

        ii.    RICO Person/RICO Enterprise Issue ................................................................... 2

        iii.    The Trafficking Claim .......................................................................................... 7

        iv.    Partial Summary Judgment as to § 1962(d)........................................................ 7

        v.    The Extraterritorial Claims are Subject to Judgment as a Matter of Law ................ 9

        vi.    Forced Labor Irony ............................................................................................. 10

# **TABLE OF AUTHORITIES**

**PAGE**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) ................................................... 7, 8, 9

*Bowen v. Massachusetts*,
  487 U.S. 879, 108 S. Ct. 2722, 101 L. Ed. 2d 749 (1988) ...................................................... 10

*Bradley v. Phillips Petroleum Co.*,
  527 F. Supp.2d 625 (S.D.Tex. 2007) (Atlas, J.) ................................................................. 3, 4, 6

*Cedric Kushner Promotions, LTD. v. King*,
  533 U.S. 158, 121 S. Ct. 2087, 150 L. Ed. 2d 198 (2001) ......................................... 2, 3, 4, 5, 6

*Celotex Corp. v. Catrett,*
  ***477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)*** ................................................ 1,2

*Crowe v. Henry*,
  43 F.3d 198 (5th Cir. 1995)................................................................................................... 3, 5

*David v. Signal Int'l, L.L.C.*,
  2012 U.S. Dist. LEXIS 114247, (E.D.La. Jan. 12, 2012) ..................................................... 1, 10

*Delta Truck & Tractor, Inc. v. J.I. Case Co.*,
  855 F.2d 241 (5th Cir. 1988)..................................................................................................... 2

*Elliott v. Foufas*,
  867 F.2d 877 (5th Cir. 1989)..................................................................................................... 2

*Gonzalez v. Holder*,
  2014 U.S. App. LEXIS 20182 (5th Cir. Oct. 21, 2014)........................................................... 10

*Hidden Oaks v. City of Austin*,
  138 F.3d 1036 (5th Cir. 1998)................................................................................................... 4

*Margetis v. Ferguson*,
  2013 U.S. Dist. LEXIS 183076, (E.D. Tex. Sept. 13, 2013) (Bush, M.J.) ............................... 2

*Salinas v. U.S.*,
  522 U.S. 52, 118 S. Ct. 469, 139 L. Ed. 2d 352 (1997) ............................................................ 8

*St. Paul Mercury Ins. Co. v. Williamson*,
   224 F.3d 425 (5th Cir.2000) .......................................................................................... passim

*TransFirst Holdings, Inc. v. Phillips*,
   No. 06-2303, 2007 U.S. Dist. LEXIS 36590, 2007 WL 1468553, (N.D.Tex. May 18, 2007) ... 2

*Young v. Scruggs*,
   2010 U.S. Dist. LEXIS 60434, 2010 WL 2301641, (S.D. Miss. 2010) ...................................... 2


**Statutes**

18 U.S.C. § 1590 ................................................................................................................. 7, 9

18 U.S.C. § 1595 .................................................................................................................... 7

18 U.S.C. §1596 ................................................................................................................ 9, 10

18 U.S.C.§ 1962 ..................................................................................................................... 2

18 U.S.C.§ 1962(c) ..................................................................................................... 2, 3, 5, 6

18 U.S.C.§ 1962(d) ......................................................................................................... 7, 8, 9

42 U.S.C. § 1985 .................................................................................................................... 1


**Rules**

Fed.R.App.P. 28(a)(5) ............................................................................................................ 5

## I. REPLY MEMORANDUM/INTRODUCTION

Defendants, Signal International, LLC ("LLC"), Signal International, Inc. ("Inc."), Signal International Texas, G.P. ("GP"), and Signal International Texas, L.P. ("LP") (hereinafter collectively "Signal"), submit this Reply Memorandum, pursuant to CV-7(a)(1), in response to Plaintiffs' Opposition (Doc. #187), to Signal's Motion for Partial Summary Judgment (Doc. #165).

## II. ARGUMENT

### i. *Introduction*

Signal is pleased that the Plaintiffs have decided to abandon their obviously baseless claims of slavery, involuntary servitude and so on, which insult the individuals who make the claims as much as they do Signal, but the more salient point in this document is that Signal will not burden this process any further with needless discussion of abandoned liability theories.

Likewise, though the Plaintiffs wish to pretend that their § 1985 claim is immune to the same insights, *see* Doc. #187, p. 35, Signal will also not belabor this aspect of its argument. This dispute between the parties is squarely presented and ripe for decision. Judge Zainey answered the question in the negative relative to the Plaintiffs. ***See David v. Signal Int'l, L.L.C.***, 2012 U.S. Dist. LEXIS 114247, *126 n. 50. (E.D.La. Jan. 12, 2012).

On the other hand, in the aftermath of the ***Catrett*** trilogy, and with all due respect, Signal is surprised, to say the least that a group, usually, of civil defense lawyers, and very expensive ones at that ordinarily, would write something as dreadfully silly as a reference to the old canard that that there is, in the federal courts, a bias against summary judgment. That there once was

1

such a bias is indisputable, but that went the way of the dodo in 1986.[1] Signal will not dignify these statements with further analysis. This Court's precedents prove, in the aftermath of the *Catrett* trilogy, that this Court is not laboring under any misconception about the nature of summary judgment in complicated or simple cases.

### ii. RICO Person/RICO Enterprise Issue

With regard, in contrast, to Signal's request for partial summary judgment relative to the claims in Doc. #64 predicated on § 1962(c), Doc. #187 merits rebuttal.

Relying principally on *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425 (5th Cir. 2000), Plaintiffs contest Signal's argument concerning § 1962(c). *See* Doc. #187, at pp. 27-31. Signal contends that the Plaintiffs have this backwards. This Court is now called on to resolve a dispute between the parties as to RICO's requirement that a RICO person and a RICO enterprise be distinct. *See Cedric Kushner Promotions, LTD. v. King*, 533 U.S. 158, 121 S. Ct. 2087, 150 L. Ed. 2d 198 (2001) (discussing requirement); *Margetis v. Ferguson*, 2013 U.S. Dist. LEXIS 183076, *18-*19 (E.D. Tex. Sept. 13, 2013) (Bush, M.J.).[2]

---

[1] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (summary judgment not "disfavored procedural shortcut, but rather . . . an integral part of the Federal Rules as a whole."). *See* also Doc. #187, p. 1.

[2] "Plaintiffs' RICO claim, Count IV, also fails. Section 1962 speaks of RICO persons and a RICO enterprise. *See TransFirst Holdings, Inc. v. Phillips*, No. 06-2303, 2007 U.S. Dist. LEXIS 36590, 2007 WL 1468553, *3 (N.D.Tex. May 18, 2007). The RICO person is the defendant while the RICO enterprise can be either a legal entity or an association-in-fact. *See St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 (5th Cir.2000). 'The [RICO] defendant who commits the predicate offenses must also be distinct from the enterprise.' *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989) (emphasis added). 'An association-in-fact enterprise (1) must have an existence separate and apart from the pattern of racketeering, (2) must be an ongoing organization, and (3) its members must function as a continuing unit as shown by a hierarchical or consensual decision making structure.' *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 243 (5th Cir. 1988). As to the first prong, '[w]hen the relationship between members of an alleged enterprise does not exist for purposes other than simply to commit the predicate acts and reap the resultant rewards, this requirement is not met.' *Young v. Scruggs*, 2010 U.S. Dist. LEXIS 60434, 2010 WL 2301641, *7 (S.D. Miss. 2010)." *Id*.

"[T]he basic principle [is] that to establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) and 'enterprise' that is not simply the same 'person' referred to by a different name." **See Kushner**, *supra*, at 161. Not entirely coincidentally, **Kushner** cited **Williamson** in a string of appellate decisions "embodying some such distinctness requirement . . ." ***Id***.

In relevant part, ***Crowe v. Henry***, 43 F.3d 198, 206 (5th Cir. 1995) states: "In this case, Crowe has alleged that Henry is both the RICO person and ***a member*** of the Crowe/Henry association-in-fact. This Court has found, though, that a RICO person cannot employ or associate with himself under this subsection.") (emphasis added).

As Signal reads Doc. #187, it does not deny that the Complaint (Doc. #1), identifies Signal as both a RICO person and "a member" of three Enterprises, all of which are particularized to be of the "association-in-fact" type, a factor underscoring the seemingly controlling and dispositive character of ***Crowe***. *See* Doc. #187, at pp. 27-28. In other words, Fifth Circuit authority seems quite clearly to dictate that Signal prevail with regard to § 1962(c).

However, according to the Plaintiffs, ***Williamson*** proves that Signal is mishandling ***Crowe***. This rebuttal shows, though, that the Plaintiffs have misjudged ***Williamson***, which ***solely*** involved natural persons. *See **Williamson***, *supra*, at 445. Supported by ***Bradley v. Phillips Petroleum Co.***, 527 F. Supp.2d 625, 652 n. 52 (S.D.Tex. 2007) (Atlas, J.), Signal shows that ***Williamson*** is thus deeply distinguishable.

As Judge Atlas observed in ***Bradley***, ***Williamson*** is distinguishable on the basis that ***Williamson*** announced only "a slim exception" to the distinctness requirement "'when ***individuals*** have been named as defendants and as members of an association-in-fact RICO enterprise.'" ***Id***. (emphasis added). Since Signal is not an individual, ***Williamson*** is not apposite.

***Bradley*** stressed, with reference to corporations, relative to ***Williamson***, that the corporation/individual difference is dispositive in Signal's favor with respect to "distinctness." ***See Kushner***, *supra*, at 162; ***Bradley***, *supra*, at 651-52 & n. 52.

Critically, ***Williamson*** proves that Signal is right to distinguish between the procedural posture of the present case and the procedural posture of ***Williamson***. In ***Williamson***, the District Court dismissed the RICO action of St. Paul Insurance Company against three natural persons St. Paul considered criminals involved in serial insurance fraud. ***See Williamson***, *supra*, at 445.

The suit was nonetheless dismissed on the ground that St. Paul impermissibly identified the individuals in question as both RICO persons and a RICO association-in-fact. ***Id***.

On appeal, as the appellant, St. Paul "argue[d] that there is ***a difference*** between the naming ***of a corporation*** as an alleged member of an association-in-fact enterprise and the naming of individuals as alleged members of an association-in-fact enterprise when determining the person/enterprise distinction." ***See Williamson***, *supra*, at 446 (emphasis added). Thus, remarkably in light of Doc. #183, St. Paul actually advanced a position in ***Williamson*** that is consistent with and supportive of Signal's present motion.

Therefore, ***Williamson's*** procedural posture proves conclusively that ***Williamson*** is inapposite. St. Paul's appeal did not even allegedly raise the question that now confronts this Court. ***Id***. To the contrary, under Fifth Circuit law, since the issue these Plaintiffs advance was not raised by St. Paul, the Fifth Circuit must have deemed the question "waived and . . . not [to] be noticed or entertained by th[e] Court on appeal."[3]

---

[3] ***Hidden Oaks v. City of Austin***, 138 F.3d 1036, 1045 n. 7 (5th Cir. 1998) ("'This court has repeatedly stated that the brief of the appellant is required to contain a statement of the issues presented for review and an argument portion which analyzes and supports those contentions. Consequently, issues not raised or argued in the brief are

4

The use the Plaintiffs are making of *Williamson* is thus contrary to sound, legal reasoning and Fifth Circuit precedent. Again, *Williamson* did not purport to overrule or abrogate *Crowe* or *Landry*, and it would be therefore be inappropriate for this Court to treat *Williamson* as doing so. And though *Kushner* is not entirely on point because *Kushner* held explicitly that the Second Circuit erred as a matter of law when it held that Don King and the company he owned were not sufficiently distinct for the purposes of RICO, *Kushner* is nonetheless instructive. *See Kushner*, *supra*, at 166. *Kushner* states, in relevant part:

> In ordinary English one speaks of employing, being employed by, or associating with others, *not oneself*. In addition, the Act's purposes are consistent with that principle. Whether the Act seeks to prevent a person from victimizing, say, a small business, or to prevent a person from using a corporation for criminal purposes, the person and the victim, or the person and the tool, are different entities, not the same.

*See Kushner*, *supra*, at 161-62 (internal citations omitted and emphasis added).

Doc. #187 establishes that it is undisputed that Doc. #1 alleges that Signal enterprised with itself. As the Supreme Court noted, however, in the language just quoted, in civil RICO litigation, such an allegation is illegitimate. *See id*. ("In ordinary English one speaks of employing, being employed by, or associating with others, *not oneself*.") (emphasis added). *Kushner* declares that the ordinary meaning of the implicated statutes is inconsistent with the view that the statutes are satisfied by Doc. #1. Doc. #1 is constructed, with regard to § 1962(c), *Kushner* reveals, on the basis of an anomalous way of thinking about the language of the RICO statutes. *See id*. The fact that other enterprisers allegedly existed too does not attenuate the

---

considered waived and thus will not be noticed or entertained by this Court on appeal.'") (citation omitted). *See also* Fed.R.App.P. 28(a)(5) (appellant required to specify issues presented for review).

anomaly -- or attenuate it enough, as ***Kushner***, ***Bradley*** and cases discussed by ***Williamson*** indicate. ***Id***.

Signal will conclude this rebuttal with a return to ***Bradley***. In ***Bradley***, which was a "controversy center[ing] around Defendants' response to an industrial accident" at a petrochemical plant not far from here, ***see Bradley***, *supra*, at 634, "[t]he Curry Plaintiffs . . . alleged an enterprise consisting of the corporate Phillips Defendant, Pacific [an insurance company], and Williams & Bailey. . . . Having failed to allege an external enterprise, the Curry Plaintiffs have necessarily asserted that Defendants are 'employed by or associated with' themselves. ***Such identity of elements is impermissible for a RICO claim under § 1962(c)***. (Footnote 52)." ***See Bradley***, *supra*, at 651-52 (emphasis added).

In footnote 52, the Court wrote, as indicated before, that ***Williamson*** only created, with regard to the distinctness rule, "a slim exception" relative to "'***individuals*** named as defendants and as members of an association-in-fact RICO enterprise.'" ***See id***., at 652 n. 52 (emphasis added). Added the Court: "[***Williamson***] does not apply here, as the . . . Plaintiffs' claim only implicates the corporate defendants." ***See Bradley***, *supra*, at 652 n. 52.

Here as well, relative to Signal, "Plaintiffs' claim only implicates the corporate defendants," inasmuch as Signal is not an individual. Under the undisputed facts, Signal is therefore entitled to partial summary judgment relative to § 1962(c). ***Williamson*** plainly did not hold otherwise, as ***Bradley*** confirms. ***On this record***, siding with the Plaintiffs as to the significance of ***Williamson*** is inappropriate. ***Cf***. ***Williamson***, *supra*, at 446 (reviewing Fifth Circuit rules as to what panels may do with earlier precedent). Signal should therefore prevail.

### iii. *The Trafficking Claim*

Signal is surprised that Plaintiffs dispute that § 1590's *scienter* requires premeditation but Doc. #187 therefore also simplifies things if Signal's interpretation of § 1590 during the pertinent period with regard to *scienter* is correct. *See* Doc. #187, at p. 22. And Signal is correct. There is no other way of construing the statute relative to the word, "for" in the phrase, "*for* labor or services in violation of this chapter." *See* Doc. #161, p. 20 (quoting relevant iteration of statute).

Signal's approach to the statute comports with the "plain language" rule, whereas the approach of the Plaintiffs does not. *See* Doc. #161, p. 30 n. 57. The brief of the Plaintiffs, in summary, transparently rests on faulty, legal reasoning relative to § 1590 and Signal is therefore entitled to partial summary judgment with regard to § 1595 and RICO, insofar as their trafficking pillars are concerned.

### iv. *Partial Summary Judgment as to § 1962(d)*

Similarly, Plaintiffs, who bear the burden of proof at trial on the issue, have not in their response to Signal's motion, sufficiently established their ability to discharge their burden of proof at trial regarding whether Signal possessed the *mens rea* demanded by § 1962(d). *See* Doc. #161, p. 39 n. 66. *See also Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (summary judgment "inquiry . . . necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits."). Partial summary judgment in favor of Signal is therefore warranted concerning the conspiracy claim.

Plaintiffs appreciate the significance of the conjunction of their burden of proof and *Anderson*. Plaintiffs nonetheless fail to grasp the discrepancy between their burden of production

7

and the evidence they produce. They refer this Court to the testimony of Sachin Dewan. It is undisputed that Mr. Dewan recruited workers for Signal in India. *See* Doc. #187, at p. 35.

The thrust of the deposition testimony the Plaintiffs ask this Court to review is that Dewan believes that Signal was aware that Dewan was telling potential recruits that Signal was saying that "in case the H-2B will not be approved, Signal will go ahead with the green card process. This is what was conveyed [to me] by Mr. Pol." *See* Depo. of Dewan, attached to Doc. #187, at 613:10-15.

This record fails to establish that § 1962(d) is triable. Relative to *scienter*, the evidence offered is unresponsive to the burden associated with § 1962(d). ***See Salinas v. U.S***., 522 U.S. 52, 63, 118 S. Ct. 469, 477, 139 L. Ed. 2d 352 (1997) (partners in criminal plan must agree to pursue same criminal objective; *scienter* required is agreement that at least one of the conspirators will engage in conduct that constitutes a crime or crime charged). ***See also Anderson***, ***supra***, at 252 ("there must be evidence on which the jury could reasonably find for the plaintiff."). Missing is proof that cognitively, Signal subjectively entertained the required *mens rea* to defraud, i.e., knew at the time that statements concerning green cards, in that context, were fraudulent statements -- if they were that. ***See Salinas***, ***supra***.

Signal does not want this rebuttal to be duplicative. These questions and connections are addressed by Signal extensively in Doc. #161. *See* Doc. #161, p. 39 & n. 66. The case law undoubtedly favors Signal relative to the required *means rea* and hence the discrepancy between what the law requires, proof-wise, and the evidence the plaintiffs adduce to meet that standard, allegedly. For the Plaintiffs, with regard to summary judgment, the discrepancy is fatal. ***See Anderson***, ***supra***, at 252.

Doc. #161 illustrates the deficiencies in the evidence Doc. #187 delivers. ***Anderson*** is directly on point and terribly relevant, given its discussion of the principle what when the burden of proof is somewhat heightened, as it surely is here with regard to criminal claims, ***cf***. ***Williamson***, ***supra***, at 446 n. 15 (in civil RICO case, "the substantive requirements of § 1962[] are the same.") (citations omitted), the corollary is that when the nonmovant bears, at trial, the burden of proof, his burden of production on summary judgment is symmetrically heightened. Concerning § 1962(d), ***Anderson*** thus proves that the present motion rings with merit.

v.   *The Extraterritorial Claims are Subject to Judgment as a Matter of Law*

As predicted, Doc. #187 urges the Court to conclude that the statutes that Signal contends are being used in an unlawfully extraterritorial manner are wholly territorial. It bears repeating, because Signal's view is that this point is missed in Doc. #187, or confused: in Doc. #161, Signal did not present an extraterritoriality argument relative to forced labor because its facts are indigenous facts. Signal's extraterritoriality argument concerns § 1590.[4] Signal predicted that the Plaintiffs would argue that the relevant trafficking statutes were already sufficiently extraterritorial and they did not disappoint. ***See*** Doc. #187, pp. 13-14. As Signal's original brief emphasized, Judge Ellison dealt with this argument in ***Adhikari*** and rejected it, stressing that prior to § 1596, § 1590 was "purely" domestic. Still, Signal's brief materially added the jurisprudence touching the maxim that this Court is forbidden to attribute to Congress a motive

---

[4] ***See*** Signal's Original Motion for Partial Summary Judgment (Doc. #161), at p. 13 ("From this amendment, this Court should conclude, as did the Court in ***Adhikari***, ***infra***, that § 1590 was not previously extraterritorial; . . ."). ***See also id***., at p. 15 ("This reasoning defeats the trafficking portion of the First Claim for Relief. The trafficking claim is unlawfully extraterritorial . . .").

to legislate meaninglessly or needlessly with regard to § 1596.[5] In summary, Doc. #161 has merit, Doc. #183 does not, and Signal has earned the partial summary judgments for which it petitioned.

### vi. *Forced Labor Irony*

According, lastly, to Doc. #187, at p. 6, Plaintiffs dispute that Mr. Raju was free to leave the housing facilities. He was, the Plaintiffs say, imprisoned by debt and subject, of course, to *la migra* if he fled. However, *la migra* has nothing to do with Signal, and each Plaintiff understood his situation when he arrived; Signal proved that in Doc. #165. The irony is that the Plaintiffs fail to grasp the depth of this argument's resonance, relative to financial harm, with Signal's motion. *See* Doc. #165, pp. 27-31. Long ago, the first court noted that the forced labor theory in this litigation was a claim of coercion by debt.[6] Signal's original papers explain why this truth about the forced labor claim invalidates the claim. *See* Doc. #165, pp. 27-31. Doc. #165 should accordingly be granted.

Dated: November 10, 2014.

---

[5] *See Gonzalez v. Holder*, 2014 U.S. App. LEXIS 20182, *18 n. 5 (5th Cir. Oct. 21, 2014) ("These cases inform our interpretation of Section 1432 in light of the 'well-settled presumption that Congress understands the state of existing law when it legislates.' *Bowen v. Massachusetts*, 487 U.S. 879, 896, 108 S. Ct. 2722, 101 L. Ed. 2d 749 (1988)."). Judge Ellison essentially observed that when Congress crafted § 1596, it discerned a gap in the law relative to territorial scope. Since Judge Ellison's reversal on this issue was relatively uncommon, his opinion is correspondingly persuasive. As Signal noted on pages 14-15 of Doc. #161, "Judge Ellison admitted that he had initially made an error in thinking about the retroactivity of § 1596, he said: 'The Court [previously] held that *Kiobel* mandated the dismissal of Plaintiffs' ATS and RICO claims, but did not affect Plaintiffs' TVPRA claim. (Doc. No. 614 at 11-16.) Unlike the ATS or RICO, the TVPR includes express extraterritorial language in Section 1596. Since the Court had previously determined that Section 1596 could be applied retroactively to KBR's actions, the claim was unaffected by *Kiobel's* holding. (Doc. No. 614 at 16.) The Court therefore denied KBR's Motion for Summary Judgment on Plaintiffs' TVPRA claim. Upon further reflection, the Court now determines that this holding was in error.'" Unaffected by Doc. #183, this passage speaks to the correctness of Signal's contention that Judge Ellison specifically addressed Doc. #183's argument with regard to territoriality when *Adhikari* stressed that prior to § 1596, the statutes in question were *purely* domestic.

[6] *See David v. Signal Int'l, L.L.C.*, 2012 U.S. Dist. LEXIS 114247, *10 (E.D.La. Jan. 12, 2012) (Plaintiffs allege that they put up with the appalling conditions at Signal and provided labor against their will "given their debts - . . .").

Respectfully submitted,

*/s/ Erin Casey Hangartner*_____
Erin Casey Hangartner, La. Bar No. 24768
Alan Dean Weinberger, La. Bar No. 13331
Hal D. Ungar, La. Bar No. 31344
Elham R. Rabbani, La. Bar No. 33322
Brian C. Roux, La. Bar No. 35298
Lance R. Rydberg, La. Bar No. 02089
Mitchell P. Hasenkampf, La. Bar No. 32870
Robert L. Keller III, La. Bar No. 35188
Kevin P. Maney, La. Bar No. 33956
Lauren Masur Davis, La. Bar No. 34669
HANGARTNER RYDBERG & TERRELL, LLC
701 Poydras Street, Suite 310
New Orleans, LA 70139
Telephone: (504) 522-5690
Facsimile: (504) 522-5689
ehangartner@hanrylaw.com
aweinberger@hanrylaw.com
hungar@hanrylaw.com
erabbani@hanrylaw.com
broux@hanrylaw.com
lrydberg@hanrylaw.com
mhasenkampf@hanrylaw.com
rkeller@hanrylaw.com
kmaney@hanrylaw.com
lmasur@hanrylaw.com
   And
Patricia A. Bollman, La. Bar 17563
James L. Cornblatt, (Pro Hac Vice)
Patricia A. Bollman,
A Professional Law Corporation
Post Office Box 13707
New Orleans, LA 70185
Telephone: (504) 218-5887
Facsimile: (504) 304-0890
patricia@bollmanfirm.com
cornblatt25@gmail.com

*Counsel for Signal International, L.L.C.*
*Signal International, Inc.,*
*Signal International Texas, G.P., and*
*Signal International Texas, L.P.*

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2014, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to non-CM/ECF participants.

*/s/ Erin Casey Hangartner*
ERIN CASEY HANGARTNER