**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| REJI SAMUEL, ATHA MOHAMMAD ABDUL, KESAVARAO BUNDANKAYALA, RAJU DIVAKARAN, BIJU PERUMPILLY GEORGE, KRISHNA GONTHINA, NAYAPPULLI JAYACHANDRAN, GALLA VENKATA RAMA KRISHNA, SAMUEL JOSE KUMRUMTHODATHIL, LOHITHAKSHAN MADAMPET, JOHNY MANDY MATHAI, BELTHAZAR PETER, MOHANAN BALAKRISHNA PILLAI, SANTHOSH KUMAR RAJENDRAN PILLAI, ABY KARICKATHARA RAJU, SUMESH PORAMBATHUPARAMBIL SUBRAMANIAN, and CHANDRAN SHAJU THANISSERY, <br><br>                                    Plaintiffs, <br>v. <br><br>SIGNAL INTERNATIONAL L.L.C., SIGNAL INTERNATIONAL, INC., SIGNAL INTERNATIONAL TEXAS, G.P., SIGNAL INTERNATIONAL TEXAS, L.P., MALVERN C. BURNETT, GULF COAST IMMIGRATION LAW CENTER, L.L.C., LAW OFFICES OF MALVERN C. BURNETT, A.P.C., GLOBAL RESOURCES, INC., MICHAEL POL, SACHIN DEWAN, and DEWAN CONSULTANTS PVT. LTD. (a/k/a MEDTECH CONSULTANTS), <br><br>                                    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br>CIVIL ACTION NO.: 1:13-cv-00323-MAC-ZJH |

**SAMUEL PLAINTIFFS' REPLY TO SIGNAL'S RESPONSE
TO MOTION TO EXCLUDE TESTIMONY AND STRIKE
THE EXPERT REPORT OF DR. LOUISE SHELLEY**

| | |
|---|---|
| KILPATRICK TOWNSEND & STOCKTON, LLP <br> 1100 Peachtree Street, Suite 2800 <br> Atlanta, GA 30309-4528 <br> Telephone: (404) 815-6500 <br> Facsimile: (404)-815-6555 <br> bboice@kilpatricktownsend.com <br> bcorgan@kilpatricktownsend.com <br> spangborn@kilpatricktownsend.com <br> sramsey@kilpatricktownsend.com <br> hheindel@kilpatricktownsend.com | William H. Boice <br> Georgia Bar No. 065725 <br> Brian G. Corgan (*Pro Hac Vice*) <br> Georgia Bar No. 187700 <br> Susan W. Pangborn (*Pro Hac Vice*) <br> Georgia Bar No. 735027; CA Bar No. 282533 <br> Shane G. Ramsey (*Pro Hac Vice*) <br> Georgia Bar No. 940547 <br> Heather L. Heindel (*Pro Hac Vice*) <br> Georgia Bar No. 285204 <br> *Remaining Counsel Listed on Signature Page* <br><br> Attorneys for Plaintiffs |

On October 17, 2014, Plaintiffs filed their Motion to Exclude Testimony and Strike the Expert Report of Dr. Louise Shelley [ECF No. 157] (the "Motion").  As discussed in the Motion, Dr. Shelley has been offered by Signal as an expert on human trafficking to state that Plaintiffs' trafficking claims are not valid.  Distilled to its essence, the Response to the Motion [ECF 182] is little more than an argument that Dr. Shelley's testimony should not be stricken because she is well-credentialed in the area of human trafficking.  Despite Signal's attempt to completely reframe the issue of Plaintiffs' Motion to Exclude Dr. Shelley's testimony, the report and testimony of Dr. Louise Shelley should be excluded as her report and testimony are indisputably biased and will not assist the jury in making its ultimate determinations.  Dr. Shelley not only bases her analysis on an incorrect standard of law, but it is clear from her deposition testimony that Dr. Shelley's analysis is not the result of a rigorous scholarly analysis, but instead the result of her own pre-formed opinions and biases.  Dr. Shelley's testimony and Report should be stricken as unreliable and irrelevant.

## I.   Dr. Shelley's Experience and Expertise Are Not At Issue

Signal devotes much of its Response to reciting Dr. Shelley's qualifications as an expert in the field of human trafficking. (Shelley Opp. at 4-5.)  Plaintiffs do not contest that Dr. Shelley has significant experience and expertise in the field of human trafficking.[1]  However, simply because Dr. Shelley is an expert in the field does not allow her to proffer whatever opinion is convenient for Signal.  *See Vitterbow v. Dow Chemical Co.*, 826 F.2d 420, 421 (5th Cir. 1987) (Upholding the district court's exclusion of an expert's opinion because "the plaintiff's expert brought to court little more than his credentials and a subjective opinion"); *see also Fulford v.*

---

[1] Plaintiffs do take issue, however, with Signal's characterization of Dr. Shelley as "the" human trafficking expert who has written "the" book on human trafficking. (Shelley Opp. at 5.)   A simple search on Amazon.com reveals that more than 4,500 books have been written regarding human trafficking.

2

*Manson Construction Co.*, Civil Action No. 09-3946, 2010 WL 1903865, at *2 (E.D. La. May 7, 2010) (granting a motion to exclude expert testimony because the "proposed testimony is a quintessential example of a witness with very impressive credentials being used to tell the jury what result to reach in this case – in other words, placing the imprimatur of 'expert' on a legal conclusion."). Signal may not simply rest on Dr. Shelley's credentials to espouse unsupported legal conclusions that assist its case. Signal must also show by a preponderance of the evidence that Dr. Shelley's opinion is "relevant and reliable." *Whitney Nat. Bank v. Air Ambulance by B & C Flight Mgmt., Inc.*, 516 F. Supp. 2d 802, 816 (S.D. Tex. 2007) (citing, *inter alia, Bourjaily v. United States,* 483 U.S. 171, 175–76, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987)). Signal fails both on relevance and reliability.

II.    **Dr. Shelley's Testimony Is Unreliable and Will Not Assist the Jury**

    A.    **Dr. Shelley's Reliance on Trafficking Criteria Different from the Bases for Plaintiffs' Claims is Misleading and an Improper Legal Conclusion.**

Signal dismisses offhand Plaintiffs' detailed argument in their initial motion papers as to Dr. Shelley's application of an incorrect definition of human trafficking. (Shelley Opp. at 14-15.) However, Dr. Shelley intends to explain to the jury that the Plaintiffs are not victims of forced labor and trafficking in persons. In coming to her conclusion that Plaintiffs were not trafficked, Dr. Shelley applies the definition of severe forms of trafficking in persons under 22 U.S.C. § 7102. Under Section 7102, severe forms of trafficking in persons is defined as "the recruitment, harboring, transportation, provision, or obtaining of a person for labor or services, through the use of force, fraud, or coercion for the purpose of subjection to involuntary servitude, peonage, debt bondage, or slavery." Under Dr. Shelley's pre-TVPA *Kozminski* standard, *see U.S. v. Kozminski*, 487 U.S. 931, 952 (1988), which required actual threats of physical harm, she well may be right. However, this is not Plaintiffs' claim.

3

Plaintiffs allege forced labor, as defined under 18 U.S.C. § 1589, which requires that one "provide[] or obtain[] the labor or services of a person (1) by means of threats of serious harm to, or physical restraint against, that person or another person; (2) by means of any scheme, plan, or pattern intended to cause the person to believe that, if the person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint; or (3) by means of the abuse or threatened abuse of law or the legal process." 18 U.S.C. § 1589 (2000). Based on Dr. Shelley's deposition testimony, she is unfamiliar with the standards applicable to Plaintiff's claims. (*See, e.g.* Shelley Dep. 136:4-13; 137:2-22; 138:15-20; 153:2-154:10, excerpts attached hereto as Exhibit A). Dr. Shelley's conclusions ignore the additional element in the applicable law- namely, "abuse of threatened abuse of law or the legal process." Instead, Dr. Shelley applies the definition of severe forms of trafficking in persons to the facts of this case. (*Id.* at 170:3-14.) Dr. Shelley is comparing apples to oranges.

Aside from drawing an improper legal conclusion, *see Lackey v. SDT Waste & Debris Servs., LLC*, CIV.A. 11-1087, 2014 WL 3866465 (E.D. La. Aug. 6, 2014), for Dr. Shelley to explain to a jury that Plaintiffs were not victims under her definition is meaningless to Plaintiffs' claims and misleading to a jury. It does not assist the trier of fact. *See Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003). Instead of assisting the jury, Dr. Shelley's opinions will only serve to confuse the jury as they are founded on an inapplicable standard.

### B. Dr. Shelley's Bias Makes Her Testimony Unreliable

Even if Dr. Shelley's testimony were relevant – which it is not – her obvious bias makes her testimony unreliable. The Court must "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."

*Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 372 (5th Cir. 2000). For an expert's opinion to be reliable, it must be based on "more than subjective belief or unsupported opinion." *Daubert v. Merrill Dow*, 509 U.S. 579, 590 (1993).

Despite her extensive credentials, it is clear from her deposition that Dr. Shelley's opinion is based on little more than her own subjective beliefs. Dr. Shelley testified that she significantly reduced her standard rate for Signal "[b]ecause [she felt] very strongly about this case, that there has been an injustice done to Signal." (Shelley Dep. 9:17-10:15.) Interestingly, Dr. Shelley agreed to such a reduced rate prior to reviewing relevant documents as Signal's expert. (*Id.* at 213:1-293:14.) When confronted with evidence that John Sanders of Signal was aware that the Signal recruits were offered permanent residency prior to their arrival at Signal, she simply refused to acknowledge such evidence. (*See Id.* at 77:16-78:10[2]; 82:8-16[3].) In addition, Dr. Shelley's conclusion that Plaintiffs engaged in fraud appears to stem from her own personal biases and beliefs:

> Q: And what is your basis [for the statement that some individuals engaged in fraud]?
> A: Because I am a researcher on corruption and I can give you examples from outside this case that I know of.
> ***
> I can go into other experiences, but it is a major problem not only in the hard sciences, but in applications to universities in applications to research

---

[2] Q: Are you specifically ignoring the words that say: More importantly there is some things that should not be known to the consulate personnel such as the fact we are going to process them for a Green Card. If one of these guys says he is going to the U.S. for immigration and Signal is sponsoring him for permanent residency, Green Card, he is a goner. What do these words mean to you in this communication between Mr. Pol and Mr. Sanders of Signal?
A: It means Mr. Pol is saying that when the workers go in they are to say that they are applying exclusively for a H-2B visa. It does not say that Signal is going to sponsor them for a permanent residence or that the workers understand that they will be sponsored for permanent residence.

[3] Q: So is it your testimony that this August 24, 2006 E-mail to Mr. Sanders of Signal which was written months before any worker came to Signal would have given Signal no clue that its recruiters like Mr. Pol were telling the workers that Signal is going to sponsor them for permanent residence and a Green Card?
A: Correct.

|   |   |
|---|---|
|   | fellowships, in applications it is for any kind of work that people overstayed or misrepresent their job credentials. |
| Q: | Specific to India you are talking about? |
| A: | Yes. |
| Q: | Specific to skilled workers in India? |
| A: | *Yes. It is across the board in India.* |
| Q: | *Have you done before this case any specific work with skilled workers in India?* |
| A: | *No.* |

(*Id.* at 165:3-166:16) (emphasis added).

Dr. Shelley's conclusory testimony in her Report is based not on her experience in the field and a review of the evidence at hand, but her own subjective beliefs and biases. Such testimony is unlikely to assist the jury in making the ultimate determination of whether Plaintiffs were trafficked and likely will confuse the jury.

### III. Conclusion

For the foregoing reasons, Plaintiffs respectfully request this Court exercise its discretion to exclude the Report and testimony by granting the Motion.

DATED: November 12, 2014.                                    Respectfully Submitted,

KILPATRICK TOWNSEND &                         By:    *s/ Shane G. Ramsey*
STOCKTON, LLP                                                  William H. Boice
bboice@kilpatricktownsend.com              Georgia Bar No. 065725
bcorgan@kilpatricktownsend.com          Brian G. Corgan (*Pro Hac Vice*)
spangborn@kilpatricktownsend.com      Georgia Bar No. 187700
sramsey@kilpatricktownsend.com          Susan W. Pangborn (*Pro Hac Vice*)
hheindel@kilpatricktownsend.com         Georgia Bar No. 735027; CA Bar No. 282533
tludlam@kilpatricktownsend.com           Shane G. Ramsey (*Pro Hac Vice*)
kreed@kilpatricktownsend.com               Georgia Bar No. 940547
abelagodu@kilpatricktownsend.com      Heather L. Heindel (*Pro Hac Vice*)
rwilliamson@kilpatricktownsend.com   Georgia Bar No. 285204
liza.akins@kilpatricktownsend.com          Akarsh P. Belagodu (*Pro Hac Vice*)
                                                                          Georgia Bar No. 496714
                                                                          Reginald A. Williamson (*Pro Hac Vice*)
                                                                          Georgia Bar No. 462110
                                                                          Elizabeth Crabtree Akins (*Pro Hac Vice*)
                                                                          Georgia Bar No. 796422

       1100 Peachtree Street, Suite 2800
       Atlanta, GA 30309-4528
       Telephone:  (404) 815-6500
       Facsimile:  (404)-815-6555

       Taylor H. Ludlam (*Pro Hac Vice*)
       North Carolina Bar No. 42377
       4208 Six Forks Road, Suite 1400
       Raleigh, NC 27609

       Kristopher L. Reed (*Pro Hac Vice*)
       Colorado Bar No. 36991
       1400 Wewatta Street, Suite 600
       Denver, CO  80202

       *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 12, 2014, a true and correct copy of the **SAMUEL PLAINTIFFS' REPLY TO SIGNAL'S RESPONSE TO MOTION TO EXCLUDE TESTIMONY AND STRIKE THE EXPERT REPORT OF DR. LOUISE SHELLEY** was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filings to all attorneys of record.

I FURTHER CERTIFY that U.S. Mail sent to the address of record for Global Resources, Inc. has been returned undeliverable, therefore I am unable to serve a copy of these pleadings on Global Resources, Inc.  The last known address of Global Resources, Inc. is:

>Global Resources, Inc.
>c/o Michael Pol
>13 Herring Road
>Beaumont, MS 39423-2055

| | |
|---|---|
| KILPATRICK TOWNSEND & STOCKTON, LLP<br>1100 Peachtree Street, Suite 2800<br>Atlanta, GA 30309-4528<br>Telephone:  (404) 815-6500<br>Facsimile:  (404)-815-6555<br>sramsey@kilpatricktownsend.com | By:   *s/ Shane G. Ramsey*<br>Shane G. Ramsey (*Pro Hac Vice*)<br>Georgia Bar No. 940547<br><br>Attorney for Plaintiffs |