**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| REJI SAMUEL, ATHA MOHAMMAD ABDUL, KESAVARAO BUNDANKAYALA, RAJU DIVAKARAN, BIJU PERUMPILLY GEORGE, KRISHNA GONTHINA, NAYAPPULLI JAYACHANDRAN, GALLA VENKATA RAMA KRISHNA, SAMUEL JOSE KUMRUMTHODATHIL, LOHITHAKSHAN MADAMPET, JOHNY MANDY MATHAI, BELTHAZAR PETER, MOHANAN BALAKRISHNA PILLAI, SANTHOSH KUMAR RAJENDRAN PILLAI, ABY KARICKATHARA RAJU, SUMESH PORAMBATHUPARAMBIL SUBRAMANIAN, and CHANDRAN SHAJU THANISSERY, <br><br> Plaintiffs, <br><br> v. <br><br> SIGNAL INTERNATIONAL L.L.C., SIGNAL INTERNATIONAL, INC., SIGNAL INTERNATIONAL TEXAS, G.P., SIGNAL INTERNATIONAL TEXAS, L.P., MALVERN C. BURNETT, GULF COAST IMMIGRATION LAW CENTER, L.L.C., LAW OFFICES OF MALVERN C. BURNETT, A.P.C., GLOBAL RESOURCES, INC., MICHAEL POL, SACHIN DEWAN, and DEWAN CONSULTANTS PVT. LTD. (a/k/a MEDTECH CONSULTANTS), <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>CIVIL ACTION NO.:<br>1:13-cv-00323-MAC-ZJH |

**SAMUEL PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO EXCLUDE
TESTIMONY AND STRIKE THE EXPERT REPORT OF DONALD H. STROBEL**

KILPATRICK TOWNSEND &
    STOCKTON, LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528
Telephone:  (404) 815-6500
Facsimile:  (404)-815-6555
bboice@kilpatricktownsend.com
bcorgan@kilpatricktownsend.com
spangborn@kilpatricktownsend.com
sramsey@kilpatricktownsend.com
hheindel@kilpatricktownsend.com

William H. Boice
Georgia Bar No. 065725
Brian G. Corgan (*Pro Hac Vice*)
Georgia Bar No. 187700
Susan W. Pangborn (*Pro Hac Vice*)
Georgia Bar No. 735027; CA Bar No. 282533
Shane G. Ramsey (*Pro Hac Vice*)
Georgia Bar No. 940547
Heather L. Heindel (*Pro Hac Vice*)
Georgia Bar No. 285204
*Remaining Counsel Listed on Signature Page*

Attorneys for Plaintiffs

Signal has failed to rebut the reasons cited by Plaintiffs for excluding Signal's FLSA[1] expert, Don H. Strobel.   First, until FLSA claims are permitted to be alleged in this case, Strobel's testimony is irrelevant.[2]  Plaintiffs believe the most efficient resolution of this matter would be for the Court to grant Plaintiffs' Motion on this basis, with Signal reserving the right to re-serve Strobel's report if FLSA claims enter this case and Plaintiffs in such event reserving the right to seek to exclude Strobel on other grounds.   Second, by giving an opinion solely concerned with whether Signal violated FLSA, Strobel asserts legal conclusions.   Specifically, Strobel states that his charge is to determine Signal's compliance status and goes on to examine whether bonuses, deductions and even housing would violate FLSA.   Strobel's testimony has previously been excluded as legally conclusory and it should be again here.   Rather than concede this, Signal goes to great lengths to complicate matters.  But this is a simple case of an expert trying to tell a jury how to rule.   The jury is perfectly capable of determining what is "discretionary", "reasonable" or in violation of FLSA, and should be permitted to do so here.   And third, Strobel is not qualified to opine on anything other than FLSA (housing or otherwise) and his methods for doing so – including watching a video of housing in a different state – are in any event unreliable.   In short, Strobel's testimony should be excluded.

## I.  Strobel's FLSA Opinions Are Impermissible Legal Conclusions.

Signal seeks in its response to complicate the legal nature of Strobel's opinion by contending that from a linguistic perspective, Strobel's opinions must necessarily include some

---

[1]     Capitalized terms used but not defined herein have the meanings ascribed to them in the motion to exclude Strobel's testimony and strike his report [ECF No. 152] (the "Motion").

[2]     Signal has thus far refused to confirm that it agrees not to allege claim splitting or res judicata should the Plaintiffs proceed with their FLSA claims in the *David* case.  Accordingly, Plaintiffs' motion for leave to amend their complaint [ECF No. 82] remains pending before the Court and the question of where FLSA claims will ultimately be asserted remains unresolved.

overlap with the language of FLSA.[3]  Whether or not this is the case is beside the point though. The fact is that Strobel states in his Report [ECF No. 152-1] that he is attempting "to determine the compliance status of Signal International's operations . . . under the Fair Labor Standards Act, " (Report, 4.) and, in particular, 29 CFR Part 778.211.  And, indeed, he applies the statute to predict and conclude what the DOL Wage and Hour Division would draw from Signal's practices. (Report, 3-5); (*see also* Resp., 15) (describing as "the thrust of" the Report Strobel's guess as to how the DOL Wage and Hour division would view the man camps.)  This alone renders the opinions inappropriate as directed to legal conclusion.  *Owen v. Kerr-McKee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) ("[A]llowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant.");  *Lackey v. SDT Waste & Debris Servs., LLC*, No. 11-1087, 2014 WL 3866465, at *7 (E.D. La. Aug. 6, 2014) ("It is the job of the Court—not the expert—to instruct the jury on the applicable law.").  Signal's attempt to rely on *Neal v. City of Hempstead*, No. 4:12-1733, 2014 WL 3907785, at *15-16 (S.D. Tex. Aug. 11, 2014), fails to change this analysis or provide a basis for Strobel to testify to his FLSA opinions.  (Resp., 7.)  In *Neal*, the court actually *prohibited* the expert from testifying as to whether the officer's conduct was reasonable under the Fourth Amendment because it amounted to a legal conclusion.  *Neal*, 2014 WL 3907785, at *6.

Signal's further attempts to characterize Strobel's FLSA opinions as factual, rather than legal, also miss the point.  There is no need for a jury to be told by an alleged expert what is "discretionary" or "reasonable."  Juries routinely assess these matters without an expert telling

---

[3]      *See* Resp. 8 ("Linguistically, Mr. Strobel's report inevitably reflects this truism. A certain degree of overlap between the language of the field, and the language of an expert in the field, is to be expected and is unavoidable."); *id.* at 10 ("That terminology does not appear in this case.").

2

them what to conclude.  Furthermore, Strobel's anticipated testimony that "bonuses were not 'promised' to employees but rather 'decided by the employer'" is another simple fact determination that a jury can make as well as or better than an alleged expert.  Strobel would thus not be "assisting" the Court or the jury, but rather substituting his own opinion for the jury's and using his claimed expert status to tell the jury what it should think.  Accordingly, even if Strobel's opinions were directed to factual conclusions – and they are not – they would be impermissible.  *C.P. Interests, Inc. v. Cal. Pools, Inc.*, 238 F.3d 690, 698 (5th Cir. 2001); *see also Owen*, 698 F.2d at 240 ("Rule 704 … does not open the door to all opinions. [Q]uestions which would merely allow the expert witness to tell the jury what result to reach are not permitted.").  For its part, Signal actually buttresses this conclusion and inadvertently undercuts its own argument by stating that Strobel would in fact be telling the jury what result to reach. (*See* Resp., 6) (after referencing Strobel's opinion that deductions for housing were "reasonable," stating that "the question of fact that the jury must resolve is this one").

Signal's further attempt to align Strobel's "reasonableness" opinions with *United States v. Moore*, 997 F.2d 55, 58-59 (5th Cir. 1993), is also unavailing. (Resp., 6-7.)  In *Moore*, the expert (Agent Copeland) served three distinct roles: (1) fact witness who participated in the actual criminal investigation, (2) an expert witness on tax law and the preparation of tax returns, and (3) an "expert summary witness," summarizing the government's evidence and the trial testimony of all witnesses. *Id.*  The Fifth Circuit's determination that admission of Agent Copeland's testimony was not manifestly erroneous turned largely on the "multifaceted nature" of his testimony, including his role to present summary testimony, and his own work as a case agent that "rendered him uniquely knowledgeable about the events in question." *Id.* at 59.  Since

3

Strobel does not serve in such a role, *Moore* is not relevant. Signal's citations to cases in which expert admissibility issues were raised in bench trials, (Resp., 7-8), are equally inapposite. *See, e.g.*, *Johnson v. Big Lots Stores, Inc.*, No. 04-3201, 2008 WL 1930681, at *8 (E.D. La. Apr. 29, 2008) ("In the wake of *Daubert*, several courts have recognized that in the context of a bench trial, as is the case here, 'the *Daubert* gatekeeping obligation is less pressing….'").

## II.    Strobel Is Not Qualified To Opine on Anything Other Than FLSA and His Methods Are in Any Event Unreliable.

Signal attempts to avoid the issue of Strobel's lack of qualifications to testify on housing stock and conditions by claiming that they did not hire Strobel to establish housing shortages in Pascagoula, MS and Orange, TX "as a factual matter," and that Strobel can "rely on what other witnesses, including experts, have said about a fact." (Resp., 12.)  But, even putting aside the failure of this statement to address Strobel's qualifications, this is not what Strobel does.  Indeed, the Report include *no citations* for his claim that "[t]here was a serious shortage of housing" in these regions. (Report, 4.)  To the extent Signal intends to proffer testimony that Strobel relied on the Expert Report of Kevin Fox Gotham for opinions concerning housing stock, that argument also fails. Such reliance is factually impossible, as Strobel signed his Report on July 25, 2014, (Report, 5), 4 days before Dr. Gotham signed his report.  (ECF No. 153, Ex. A.)

Signal also overstates Strobel's qualifications when it argues that "as a DOL [Department of Labor] enforcement officer, he addressed this very issue from time to time."  (Resp., 14.) There is nothing in the Report that indicates that Strobel ever assessed whether or not conditions were substandard. Apparently realizing the deficits in the Report concerning his qualifications, Signal now indicates its plan at trial to "elicit testimony from Strobel concerning his experience with this issue at Wage and Hour" and to "elicit evidence on how his office examined serious,

4

alleged housing deficiencies." (*Id.* at 16.)  But that tactic is improper, as the Report failed to include any information to put Plaintiffs on notice of any such qualifications. *See* Fed. R. Civ. P. 26(a)(2)(B). Strobel simply lacks the qualifications to offer expert testimony on housing stock and conditions, and his opinions on these issues should be excluded and his Report stricken.

Finally, Signal alleges that Strobel's review of a video of different housing in another state somehow enhances the reliability of his opinions.[4]  Watching a video does nothing to ensure the reliability of Strobel's opinion because he has still failed to reference any standard by which he could determine whether the housing was "seriously substandard."  Without such a standard, Plaintiffs are left only with Strobel's word, which fails to satisfy Rule 702. Furthermore, viewing a video taken of housing in a different state, after the fact (as opposed to a video of the Texas camp from the time period it was occupied), cannot possibly be a reliable method for forming an expert opinion about the adequacy of housing while Plaintiffs lived there.

Signal also erroneously contends that because the DOL allegedly did not cite Signal for housing violations, this somehow renders Strobel's opinion "the more generally accepted one" and therefore reliable.  (Resp., 15.)  This defies logic and the meaning of "reliability."  While Signal contends that the video and correspondence[5] enhances the reliability of the methodology underlying Strobel's opinion, this argument fails to even address the fact that Strobel identified no standard by which conditions can be deemed "seriously substandard" or not.  Accordingly,

---

[4]     Plaintiffs inadvertently referenced in their Motion a statement on page 4 of Strobel's expert report filed in the *David* case regarding Strobel's review of a video of Signal's Mississippi man camp.  A copy of the report filed in *David* is attached hereto as Ex. A.  This statement did not appear in Strobel's Report in this case and Strobel should therefore not be permitted to testify as to it.  Nevertheless, out of an abundance of caution, Plaintiffs will briefly address it herein.

[5]     As Strobel did not rely in his Report on Exs. B and C to the Response, he may not testify to those documents at trial. *See* Fed. R. Civ. P. 26(a)(2)(B).

and in addition to the reasons set forth above, Strobel's opinion fails in view of the reliability

prong required for admissibility of expert testimony and should be excluded.

For the foregoing reasons and those set forth in the Motion, Plaintiffs respectfully request

that the Court strike the Report and to exclude Strobel's proposed testimony.

DATED:  November 12, 2014

Respectfully Submitted,

KILPATRICK TOWNSEND &
STOCKTON, LLP
bboice@kilpatricktownsend.com
bcorgan@kilpatricktownsend.com
spangborn@kilpatricktownsend.com
sramsey@kilpatricktownsend.com
hheindel@kilpatricktownsend.com
tludlam@kilpatricktownsend.com
kreed@kilpatricktownsend.com
abelagodu@kilpatricktownsend.com
rwilliamson@kilpatricktownsend.com
liza.akins@kilpatricktownsend.com

By:   _s/ Shane G. Ramsey_____
William H. Boice
Georgia Bar No. 065725
Brian G. Corgan (*Pro Hac Vice*)
Georgia Bar No. 187700
Susan W. Pangborn (*Pro Hac Vice*)
Georgia Bar No. 735027; CA Bar No. 282533
Shane G. Ramsey (*Pro Hac Vice*)
Georgia Bar No. 940547
Heather L. Heindel (*Pro Hac Vice*)
Georgia Bar No. 285204
Akarsh P. Belagodu (*Pro Hac Vice*)
Georgia Bar No. 496714
Reginald A. Williamson (*Pro Hac Vice*)
Georgia Bar No. 462110
Elizabeth Crabtree Akins (*Pro Hac Vice*)
Georgia Bar No. 796422
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528
Telephone:  (404) 815-6500
Facsimile:  (404)-815-6555

Taylor H. Ludlam (*Pro Hac Vice*)
North Carolina Bar No. 42377
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609

Kristopher L. Reed (*Pro Hac Vice*)
Colorado Bar No. 36991
1400 Wewatta Street, Suite 600
Denver, CO  80202

*Attorneys for Plaintiffs*

6

US2008 6127841 3

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 12, 2014, a true and correct copy of **SAMUEL**

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY AND**

**STRIKE THE EXPERT REPORT OF DONALD H. STROBEL** was filed electronically with

the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification

of such filings to all attorneys of record.

I FURTHER CERTIFY that U.S. Mail sent to the address of record for Global Resources,

Inc. has been returned undeliverable, therefore I am unable to serve a copy of these pleadings on

Global Resources, Inc.  The last known address of Global Resources, Inc. is:

> Global Resources, Inc.
> c/o Michael Pol
> 13 Herring Road
> Beaumont, MS 39423-2055

KILPATRICK TOWNSEND &
STOCKTON, LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528
Telephone:  (404) 815-6500
Facsimile:  (404)-815-6555
sramsey@kilpatricktownsend.com

By:   *s/ Shane G. Ramsey*
Shane G. Ramsey (*Pro Hac Vice*)
Georgia Bar No. 940547

Attorney for Plaintiffs