**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| REJI SAMUEL, ATHA MOHAMMAD ABDUL, KESAVARAO BUNDANKAYALA, RAJU DIVAKARAN, BIJU PERUMPILLY GEORGE, KRISHNA GONTHINA, NAYAPPULLI JAYACHANDRAN, GALLA VENKATA RAMA KRISHNA, SAMUEL JOSE KUMRUMTHODATHIL, LOHITHAKSHAN MADAMPET, JOHNY MANDY MATHAI, BELTHAZAR PETER, MOHANAN BALAKRISHNA PILLAI, SANTHOSH KUMAR RAJENDRAN PILLAI, ABY KARICKATHARA RAJU, SUMESH PORAMBATHUPARAMBIL SUBRAMANIAN, and CHANDRAN SHAJU THANISSERY, )))))))))))) | |
| Plaintiffs, )) | CIVIL ACTION NO.: 1:13-cv-00323-MAC-ZJH |
| v. ) | |
| SIGNAL INTERNATIONAL L.L.C., SIGNAL INTERNATIONAL, INC., SIGNAL INTERNATIONAL TEXAS, G.P., SIGNAL INTERNATIONAL TEXAS, L.P., MALVERN C. BURNETT, GULF COAST IMMIGRATION LAW CENTER, L.L.C., LAW OFFICES OF MALVERN C. BURNETT, A.P.C., GLOBAL RESOURCES, INC., MICHAEL POL, SACHIN DEWAN, and DEWAN CONSULTANTS PVT. LTD. (a/k/a MEDTECH CONSULTANTS), ))))))))))) | |
| Defendants. ) | |

**SAMUEL PLAINTIFFS' SUR-REPLY IN OPPOSITION TO MOTION OF**
**SIGNAL DEFENDANTS FOR PARTIAL SUMMARY JUDGMENT**

| | |
|---|---|
| KILPATRICK TOWNSEND & STOCKTON, LLP | William H. Boice |
| 1100 Peachtree Street, Suite 2800 | Georgia Bar No. 065725 |
| Atlanta, GA 30309-4528 | Brian G. Corgan (*Pro Hac Vice*) |
| Telephone:  (404) 815-6500 | Georgia Bar No. 187700 |
| Facsimile:  (404)-815-6555 | Susan W. Pangborn (*Pro Hac Vice*) |
| bboice@kilpatricktownsend.com | Georgia Bar No. 735027; CA Bar No. 282533 |
| bcorgan@kilpatricktownsend.com | Shane G. Ramsey (*Pro Hac Vice*) |
| spangborn@kilpatricktownsend.com | Georgia Bar No. 940547 |
| sramsey@kilpatricktownsend.com | Heather L. Heindel (*Pro Hac Vice*) |
| hheindel@kilpatricktownsend.com | Georgia Bar No. 285204 |
| | *Remaining Counsel Listed on Signature Page* |

Attorneys for Plaintiffs

Plaintiffs file this sur-reply for the limited purpose of responding to Signal's mischaracterization of Plaintiffs' argument concerning the Defendants' liability under RICO. For the reasons discussed below, and in Plaintiffs' response [ECF No. 187] (the "Response") to Signal's partial summary judgment motion [ECF No. 165] (the "Motion"), the Motion should be denied and this case should proceed to trial.

As set forth in the Response, Signal's "structural argument" regarding RICO, if accepted, would effectively give corporations engaged in racketeering activities with others immunity from claims under the statute.  Nonetheless, in its reply, Signal attempts to convince the Court that there is a bright-line rule established by the Fifth Circuit that prohibits a corporation from being both a RICO "person" and a member of an association-in-fact RICO "enterprise."  Although appearing to acknowledge that the Fifth Circuit has found a RICO person and a RICO enterprise "distinct" where the RICO person is only *one* of a number of members of the RICO enterprise, Signal contends that these cases are limited to situations involving "natural persons."

Signal is wrong on both counts. As set forth in Plaintiffs' Response and this sur-reply, the Fifth Circuit and numerous other courts analyzing this question have found that a defendant may be both a "person and a part of an enterprise" and that the RICO person and the RICO enterprise are "distinct" where the RICO person is only *one* of a number of members of the RICO enterprise.  These courts have not limited these rules of law to situations involving "natural persons," and Signal cites no authority for that premise.  An association-in-fact RICO enterprise necessarily contemplates a circumstance in which a corporation associates and conspires with others and can be held accountable under RICO for damage suffered by victims of the predicate acts.  The blanket rule and limitations Signal proposes simply do not exist and would be entirely inconsistent with the policies underlying RICO itself.

1

Contrary to the implication in Signal's reply, Plaintiffs do not rely solely on *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425 (5th Cir. 2000) to support their "Enterprise" argument.  Plaintiffs cite *St. Paul Mercury* because (1) it is the most recent statement of Fifth Circuit law on the "Enterprise" question in this case and (2) it squarely supports the principle adopted by many other courts that a defendant may be both a person and part of an association-in-fact enterprise.  Plaintiffs further noted in their Response that the *St. Paul Mercury* court engaged in a thoughtful, detailed analysis of prior Fifth Circuit precedent and other appellate law in part to demonstrate why its decision is both consistent with that authority and correct.  *See St. Paul Mercury*, 224 F.3d at 445-47 (discussing *United States v. Elliott*, 571 F.2d 880 (5th Cir. 1978), *Bishop v. Corbitt Marine Ways, Inc.*, 802 F.2d 122 (5th Cir. 1986), and *Haraco, Inc. v. American Nat'l Bank & Trust Co.*, 747 F.2d 384 (7th Cir. 1984)).  Applying the law and analysis set forth in *St. Paul Mercury*, Plaintiffs contend that, in both Enterprise I and II, Signal is only *one* of a number of members of the respective Enterprises.  As such, under applicable law, the RICO persons and the RICO enterprises in this case are "distinct."

Further, *St. Paul Mercury* contemplates both situations: (1) a natural person being a RICO person and *a part* of an enterprise and (2) a corporation being a RICO person and *a part* of an enterprise.  Signal's suggestion to the contrary ignores the cases upon which *St. Paul Mercury* relies and other courts' treatment of this issue.  For example, *St. Paul Mercury* quotes *Atlas Pile Driving Co. v. DiCon Fin. Co.*, 886 F.2d 986 (8th Cir. 1989), which found that two corporations each identified as RICO persons (Lake Minnetonka Homes, Inc. (LMH) and DiCon Financial Company (DiCon)) and an association-in-fact enterprise composed of five corporate entities (which included LMH and DiCon) were distinct for purposes of the RICO statute.  *See id.* at 995; *see also, e.g.*, *Burford v. Cargill, Inc.*, No. 05-0283, 2011 WL 4382124, at *6 (W.D. La. Sept.

2

20, 2011) (acknowledging *St. Paul Mercury* and finding a corporation can be part of an enterprise).

Indeed, numerous other courts have found similarly that the "distinct" requirement was satisfied in cases involving corporations as RICO persons and members of RICO enterprises. *See, e.g.*, *Cullen v. Margiotta*, 811 F.2d 698, 728 (2d Cir. 1996), *cert denied*, 483 U.S. 1021 (1987) (holding that any of three individual entities could be convicted as a RICO person under section 1962(c) for participation in the tripartite enterprise); *Cunningham v. Offshore Specialty Fabrications, Inc.*, 543 F. Supp. 2d 614, 630 (E.D. Tex. 2008) (allowing a claim against corporate entities that are members of an association-in-fact enterprise composed of multiple corporate entities); *Williams v. Ford Motor Co.,* 11 F. Supp. 2d 983, 988 (N.D. Ill. 1998) (finding that a car dealership is distinct from the RICO enterprise comprised of car manufacturer and its dealers).[1]

As a final matter, Plaintiffs submit that adopting Signal's argument would gut the purpose and policy underlying the RICO statute and impermissibly contract its scope.  The *Atlas Pile Driving* court illustrated this point with the following example:

> If five persons form an association in fact and engage in a pattern of racketeering activity such as drug smuggling and murder, an individual member could never be prosecuted for violating RICO under appellants' reasoning because he or she would not be considered distinct from the enterprise.  We do not believe that Congress envisioned that this type of conduct would be insulated from RICO prosecutions.

*Atlas Pile Driving*, 886 F.2d at 995 (finding that a corporate entity as part of an association-in-fact was distinct).  RICO was not intended to permit corporations to avoid liability when, like Signal, they conspire with other outside entities in long-running, illegal schemes that give rise to

---

[1] Contrary to Signal's assertion, *Bradley v. Phillips Petroleum Co.*, 527 F. Supp. 2d 625 (S.D. Tex. 2007) is not dispositive.  The *Bradley* court's characterization of *St. Paul Mercury* as a "slim exception" relative to individuals as RICO persons and part of a RICO enterprise was mere *dicta* relegated to a footnote of a non-binding opinion.

3

numerous RICO predicate acts.  *See Boyle v. United States*, 556 U.S. 938, 944 (2009) ("[T]he RICO statute provides that its terms are to be 'liberally construed to effectuate its remedial purposes.'") (citing § 904(a), 84 Stat. 947, note following 18 U.S.C. § 1961); *European Cmty. v. RJR Nabisco, Inc.*, 764 F.3d 149, 151 (2d Cir. 2014) (citing same note and referring to "Congress' self-consciously expansive language and overall approach" to RICO).

The Enterprises alleged in this case satisfy the "distinct" requirement and are consistent with the underlying policy of the RICO statute.  They are not "simply the same person referred to by a different name."  *See Cedric Kushner Promotions, LTD. v. King*, 533 U.S. 158, 161 (2001). They are separate persons and entities who are members of the same conspiracy and association. As such, Signal's Motion on this ground should be denied.

For the foregoing reasons, and those set forth in the Response, Plaintiffs respectfully request that the Court deny the Motion and that this case proceed to trial.

DATED:  November 20, 2014.          Respectfully Submitted,

KILPATRICK TOWNSEND &          By:   *s/ Shane G. Ramsey*
STOCKTON, LLP                  William H. Boice
bboice@kilpatricktownsend.com  Georgia Bar No. 065725
bcorgan@kilpatricktownsend.com Brian G. Corgan (*Pro Hac Vice*)
spangborn@kilpatricktownsend.com Georgia Bar No. 187700
sramsey@kilpatricktownsend.com Susan W. Pangborn (*Pro Hac Vice*)
hheindel@kilpatricktownsend.com Georgia Bar No. 735027; CA Bar No. 282533
tludlam@kilpatricktownsend.com Shane G. Ramsey (*Pro Hac Vice*)
kreed@kilpatricktownsend.com   Georgia Bar No. 940547
abelagodu@kilpatricktownsend.com Heather L. Heindel (*Pro Hac Vice*)
rwilliamson@kilpatricktownsend.com Georgia Bar No. 285204
liza.akins@kilpatricktownsend.com Akarsh P. Belagodu (*Pro Hac Vice*)
                               Georgia Bar No. 496714
                               Reginald A. Williamson (*Pro Hac Vice*)
                               Georgia Bar No. 462110
                               Elizabeth Crabtree Akins (*Pro Hac Vice*)
                               Georgia Bar No. 796422
                               1100 Peachtree Street, Suite 2800
                               Atlanta, GA 30309-4528

4

Telephone:  (404) 815-6500
Facsimile:  (404)-815-6555

Taylor H. Ludlam (*Pro Hac Vice*)
North Carolina Bar No. 42377
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609

Kristopher L. Reed (*Pro Hac Vice*)
Colorado Bar No. 36991
1400 Wewatta Street, Suite 600
Denver, CO  80202

*Attorneys for Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on November 20, 2014, a true and correct copy of the

**SAMUEL PLAINTIFFS' SUR-REPLY IN OPPOSITION TO MOTION OF SIGNAL**

**DEFENDANTS FOR PARTIAL SUMMARY JUDGMENT** was filed electronically with the

Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of

such filings to all attorneys of record.

I FURTHER CERTIFY that U.S. Mail sent to the address of record for Global Resources,

Inc. has been returned undeliverable, therefore I am unable to serve a copy of these pleadings on

Global Resources, Inc.  The last known address of Global Resources, Inc. is:

> Global Resources, Inc.
> c/o Michael Pol
> 13 Herring Road
> Beaumont, MS 39423-2055

KILPATRICK TOWNSEND     By:  __s/ Shane G. Ramsey__
STOCKTON, LLP         Shane G. Ramsey (*Pro Hac Vice*)
1100 Peachtree Street, Suite 2800    Georgia Bar No. 940547
Atlanta, GA 30309-4528
Telephone:  (404) 815-6500     Attorney for Plaintiffs
Facsimile:  (404)-815-6555
sramsey@kilpatricktownsend.com

US2008 6154380 4