# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| REJI SAMUEL, et al., ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | 1:13-CV-00323-MAC-ZJH |
| SIGNAL INTERNATIONAL L.L.C., et al, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' LETTER BRIEF UPDATING THE COURT ON STATUS OF THE SIGNAL BANKRUPTCY PROCEEDING AS OF JULY 2, 2020**

KILPATRICK TOWNSEND & STOCKTON, LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528
Telephone: (404) 815-6500
Facsimile: (404)-815-6555
bdorris@kilpatricktownsend.com
bcorgan@kilpatricktownsend.com
spangborn@kilpatricktownsend.com
tlundlam@kilpatricktownsend.com

William E. Dorris
Georgia Bar No. 225987
Brian G. Corgan (*Pro Hac Vice*)
Georgia Bar No. 187700
Susan W. Pangborn (*Pro Hac Vice*)
Georgia Bar No. 735027; CA Bar No. 282533
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528
Telephone: (404) 815-6500
Facsimile: (404)-815-6555

Taylor H. Ludlam (*Pro Hac Vice*)
North Carolina Bar No. 42377
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609

*Attorneys for Plaintiffs*

Plaintiffs, Regi Samuel, et al.[1], in accordance with the Court's Order Staying Case Pursuant to Bankruptcy [Dkt. No. 235] requiring the parties to file a notice every 120 days informing the Court of the status of the Signal Entities' bankruptcy proceedings, hereby file this Status Report as of July 2, 2020.

As noted in Plaintiffs' prior notices, the Signal entities filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code on July 12, 2015. *In re Signal Int'l, Inc., et al.*, No. 15-11498 (Bankr. D. Del. July 12, 2015) in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").[2] On November 24, 2015, the Bankruptcy Court entered its Findings of Fact, Conclusions of Law and Order Confirming Debtors' First Amended Joint Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code [Bankr. Dkt. No. 555] (the "Confirmation Order"), confirming the Signal Entities' plan of liquidation, which implemented the plan support agreement among the Plaintiffs, the Signal Entities and certain other parties, for the settlement of, *inter alia*, the Plaintiffs' claims against the relevant Signal Entities. Pursuant to the Plan, a litigation trust (the "Signal Litigation Trust") has been created for the distribution of the settlement proceeds. That process remains ongoing, as the Signal Litigation Trust distributed Trust Claim Forms in February 2016, and the Plaintiffs submitted their claim forms. Initial partial payments on accepted claims were distributed in July, 2017.

---

[1] Regi Samuel, Atha Mohammad Abdul, Kesavarao Bundankayala, Raju Divakaran, Biju Perumpilly George, Krishna Gonthina, Nayappulli Jayachandran, Galla Venkata Rama Krishna, Samuel Jose Kumrumthodathil, Lohithakshan Madampet, Johny Mandy Mathai, Belthazar Peter, Mohanan Balakrishna Pillai, Santhosh Kumar Rajendra Pillai, Aby Karickathara Raju, Sumesh Porambathuparambil Subramanian, and Chandran Shaju Thanissery (collectively "Reji Samuel, et al.").

[2] The other entities are: *Signal Ship Repair, LLC* (Case No. 15-11499), *Signal Int'l, LLC* (Case No. 15-11500), *Signal Int'l Texas GP, LLC* (Case No. 15-11501), and *Signal Int'l Texas, L.P.* (Case No. 15-11502). By the Bankruptcy Court's order, all five cases were jointly administered with the *Signal Int'l, Inc.* case. *In re Signal Int'l, Inc.*, No. 15-11498 (Bankr. D. Del. July 14, 2015), Dkt. No. 55.

Counsel for Plaintiffs has recently been informed by the Trustee that the party whose payments on a certain note were to fund the Trust, is in default, and that the Trustee asked the bankruptcy court for permission to liquidate the note in a sale to one of three bidders. The Trustee filed such a motion, which the bankruptcy court granted. The Trustee is presently working with the party obligated on the note to seek to sell the underlying property, which the Trustee believes will result in the best return for the beneficiaries of the Trust. The amount and timing of subsequent payments are thus uncertain, but efforts are continuing to finalize the settlement. These efforts have apparently been complicated by the current pandemic.

The Plan became effective on December 14, 2015 [Bankr. Dkt. No. 589]. As of that date, pursuant to the Confirmation Order, "any suit, legal action, or other proceeding … in any forum in the United States that is released, stayed, or enjoined pursuant to Article XI of the Plan against or affecting any Released Party [the Signal Entities], shall be stayed, enjoined or otherwise prohibited from continuation as to any Released Party" (Confirmation Order at 25 ¶ 10).

On February 5, 2019, the Signal bankruptcy proceeding was closed in accordance with the confirmed plan [Bankr. Dkt. final entry, and Bankr. Dkt. 883]. Part of that confirmed plan is for the Signal Litigation Trust to distribute proceeds to the Plaintiffs in this action, and others similarly situated. A significant part of those proceeds has not yet been distributed. Because of the termination of the bankruptcy, the automatic stay is no longer in effect.

With respect to the claims against Malvern C. Burnett, Gulf Coast Immigration Law Center, L.L.C., and Law Offices Of Malvern C. Burnett, A.P.C., (the "Burnett Defendants"), Plaintiffs have reached a settlement with the Burnett Defendants. The Burnett Defendants have satisfied their obligations under the agreement and, after coordinating with plaintiffs in related

actions, Plaintiffs expect to dismiss their claims against the Burnett Defendants in the near future.

With respect to the claims against Sachin Dewan and Dewan Consultants Pvt. Ltd. (a/k/a Medtech Consultants) (the "Dewan Defendants"), Plaintiffs have reached a settlement with the Dewan Defendants. Plaintiffs have been informed that the Dewan Defendants have satisfied their obligations under the agreement, and after coordinating with plaintiffs in related actions, Plaintiffs expect to dismiss the claims against the Dewan Defendants in the near future.

Thus, final distributions have been made from the Defendants other than Signal who settled with Plaintiffs. Counsel for Plaintiffs is informed that the final distribution from the Signal Trust should take place in the next few months, at which time dismissal of this action would be appropriate.

The parties will file a further status update in 120 days.

DATED: July 2, 2020.

KILPATRICK TOWNSEND &
STOCKTON, LLP
bdorris@kilpatricktownsend.com
bcorgan@kilpatricktownsend.com
spangborn@kilpatricktownsend.com
tludlam@kilpatricktownsend.com

Respectfully Submitted,

By:    s/ William E. Dorris
William E. Dorris
Georgia Bar No. 225987
Brian G. Corgan (*Pro Hac Vice*)
Georgia Bar No. 187700
Susan W. Pangborn (*Pro Hac Vice*)
Georgia Bar No. 735027; CA Bar No. 282533
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528
Telephone: (404) 815-6500
Facsimile: (404)-815-6555

Taylor H. Ludlam (*Pro Hac Vice*)
North Carolina Bar No. 42377
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609
*Attorneys for Plaintiffs*

3

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 2, 2020 a true and correct copy of the above document was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filings to all attorneys of record.

I FURTHER CERTIFY that U.S. Mail sent to the address of record for Global Resources, Inc. has been returned undeliverable, therefore I am unable to serve a copy of these pleadings on Global Resources, Inc. The last known address of Global Resources, Inc. is:

>Global Resources, Inc.
>c/o Michael Pol
>13 Herring Road
>Beaumont, MS 39423-2055

Dated: July 2, 2020.

KILPATRICK TOWNSEND &
STOCKTON, LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528
Telephone: (404) 815-6500
Facsimile: (404)-815-6555
bdorris@kilpatricktownsend.com

By: s/ William E. Dorris
William E. Dorris
Georgia Bar No. 225987

*Attorney for Plaintiffs*

US2008 17068561 1